IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-cv-1150-T |
| | ) |
| RICKY OWENS, et. al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT COOSA COUNTY COMMISSION'S MOTION TO DISMISS**

COMES NOW Defendant Coosa County Commission and moves this Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as Plaintiff's Complaint fails to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

1. The Plaintiff's federal claims are due to be dismissed because, as a matter of law, Defendant Coosa County Commission, having no authority over the Coosa County Sheriff, the sheriff's employees or the operation of the jail, cannot be held liable for policies or conduct of the sheriff, his employees or jail operations. Additionally, the Commission has no duty under Alabama law to provide inmate medical care or prospectively fund such care or staff training.

2. The Plaintiff's state law claims are due to be dismissed because:

    a. The Plaintiff failed to comply with the relevant statutes of non-claim;

    b. Under Alabama law, Coosa County has no authority over, or responsibility for, the provision of medical care to inmates in the Coosa County Jail;

    c. The Plaintiff lacks standing to make a claim based upon Alabama Code § 14-6-19, because the statute does not provide for a private right of action;

1

    d. Even if a private right of action exists under § 14-6-19, the statute requires only that a county commission pay for treatment provided to by the sheriff – there is no prospective duty to fund;

    e. The Complaint fails to state a negligent hiring/retention claim with respect to Dr. Weaver;

    f. The Coosa County Commission cannot be held liable under a medical malpractice theory; and

  3. The Plaintiff's compensatory damages for his state law claims cannot exceed $100,000.00 under Alabama law.

  4. The Coosa County Commission is immune from punitive damages.

  WHEREFORE, PREMISES CONSIDERED, Defendant Coosa County Commission moves this Court for an order dismissing all claims against it with prejudice and for costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

  Respectfully submitted this 12th day of January, 2006.

                   **s/Gary L. Willford, Jr.**
                   KENDRICK E. WEBB – Bar No. WEB022
                   GARY L. WILLFORD, JR. – Bar No. WIL198
                   Attorney for Defendants
                   WEBB & ELEY, P.C.
                   7474 Halcyon Pointe Road (36117)
                   Post Office Box 240909
                   Montgomery, Alabama 36124
                   Telephone: (334) 262-1850
                   Fax: (334) 262-1889
                   E-mail: gwillford@webbeley.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 12th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard J. Stockham, III, Esquire
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL  35209

Kristi Allen Dowdy, Esquire
McDonald & Dowdy
1005 Montgomery Highway
Birmingham, AL  35216

Alex L. Holtsford, Jr., Esquire
Rick A. Howard, Esquire
Nix, Holtsford, Gilliland, Higgins & Hitson, PC
P. O. Box 4128
Montgomery, AL  36103-4128

                               **s/Gary L. Willford, Jr.**
                               OF COUNSEL