IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05CV1150-M |
| | ) |
| RICKY OWENS, ET AL | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON'S MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW**, Al Bradley, Terry Wilson, and Wendy Roberson, Defendants in the above-styled cause and submit the following Memorandum of Law in support of their Motion to Dismiss filed contemporaneously herewith.

## INTRODUCTION

The Plaintiff filed his Complaint on December 6, 2005, alleging violation of his Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983. The Plaintiff specifically alleges his Eighth and Fourteenth Amendment Rights were violated as follows:

1. Deliberate indifference to a serious medical need by failing to provide medical care;

2. Deliberate indifference to a serious medical need by delaying medical treatment;

3. Failure to train jail staff to provide medication;

4. Failure to train jail staff to recognize serious medical conditions;

5. Provision of inadequate jail conditions;

6. Failure to train the jail staff not to mistreat prisoners; and

7. Deliberate indifference to a serious risk of harm and not stopping the jail staff from

abusing the Plaintiff.

The Plaintiff states in the style of this case as well as in the body of his Complaint that he has sued the above-named Defendants in their "official" as well as individual capacities.

A Motion to Dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Plaintiff's claims against these Defendants in their official capacity are due to be dismissed on the legal grounds below.

## ARGUMENT

In suing the above-named defendants in their official capacity, the Plaintiff has failed to state a claim against them. First, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims against the above-named Defendants. Second, under long-established law, the above-named defendants, as jailers, are not "persons" for purposes of 42 U.S.C. § 1983.

### I. PLAINTIFF'S CLAIMS AGAINST AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Plaintiff's claims under § 1983 against Defendants Bradley, Wilson and Roberson in their official capacities are due to be dismissed for lack of subject matter jurisdiction. These defendants are state officials and a suit against them in their official capacities, is a suit against the State of Alabama. Lancaster v. Monroe County, 116 F.3d 1419, 1429 (1997) (finding both Alabama sheriffs and jailers are state officials). The Eleventh Amendment to the United States Constitution, therefore, prevents the Plaintiff from bringing his claims under § 1983. Thus, this Court lacks subject matter jurisdiction over these claims, and these defendants, in their official capacities are entitled to be dismissed from this action.

II.   **DEFENDANTS AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSON" UNDER 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The claims against the above-named defendants in their official capacities are due to be dismissed because these individuals are not "a persons" under § 1983. Id.; Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing Will v. Michigan Dep't of State Police and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in his official capacity are a 'person' under § 1983"). Accordingly, the Plaintiff's claims against these Defendants are due to be dismissed.

## CONCLUSION

The difference between official and individual capacity claims is far more than mere semantics. The Plaintiff's claims against these defendants in their official capacities are due to be dismissed.

Respectfully submitted this the 25th day of January 2006.

> /s/ Kristi A. Dowdy
> KRISTI A. DOWDY
> ALA. BAR NO.: ASB-4760-W86K
> ATTORNEY FOR AL BRADLEY,
> TERRY WILSON & WENDY
> ROBERSON

**OF COUNSEL:**
McDONALD & DOWDY
1005 Montgomery Highway
Birmingham, Alabama 35216
(205) 824-0507 - telephone
(205) 824-0509 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of January, 2006, I did electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following CM/ECF participants:

| | |
|---|---|
| Gary L. Willford, Jr., Esq. | Richard J. Stockham, III, Esq. |
| Webb & Eley, P.C. | Stockham, Carroll & Smith, P.C. |
| 7475 Haleyon Pointe Road | 2400 Lakeshore Drive, Suite 114 |
| Post Office Box 240909 | Birmingham, Alabama 35209 |
| Montgomery, Alabama 36124 | *Attorney for Plaintiff* |
| *Attorney for Defendants Coosa County,* | |
| *    Owens, Coosa County Commission* | |

Alex L. Holtsford, Jr., Esq.
Rick A. Howard, Esq.
Nix, Holtsford, Gilliland,
   Higgins & Hitson, P.C. Z
Post Office Box 4128
Montgomery, Alabama 36103-4128
*Attorneys for Health Services, Inc.*
*   & Dr. Weaver*

                         /s/ Kristi A. Dowdy
                         KRISTI A. DOWDY