IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT COOSA COUNTY COMMISSION'S MOTION TO DISMISS

Plaintiff submits that Defendant Coosa County Commission (hereinafter referred to as "the County") is not due to be dismissed from Plaintiff's federal law claims or state law claims. The County argues this Court should dismiss the federal claims against it that relate to any of Plaintiff's allegations about jail conditions because it is not responsible for jail conditions. The County further argues that federal claims against it relating to Plaintiff's medical claims should be dismissed because it was not responsible for medical care at the jail. Finally, the County argues that Plaintiff's state law claims should be dismissed because: (1) Plaintiff failed to file an adequate notice of claims; (2) Plaintiff lacks standing; (3) the jail is the sheriff's responsibility and not the county's responsibility; (4) the Complaint did not adequately allege a negligent hiring/retention claim; (5) the County cannot be liable

for medical malpractice and (6) Plaintiff's state law claims are limited to $100,000 by the damage cap found in Alabama Code §11-93-1 et. seq.

The County is wrong on all points. The Supreme Court has said that a court may not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Under the statutes and case law, Plaintiff has alleged sufficient facts to support both his federal law claims and his state law claims and the County has failed to show that, based on the pleadings, there is no set of facts that would entitle the Plaintiff to relief.

## PLAINTIFF'S FEDERAL LAW CLAIMS

### Plaintiff's Jail Condition Claims

Nowhere does the County argue that the jail conditions allegedly endured by the Plaintiff as stated in his Complaint fails to state a justiciable claim under the Eighth Amendment to the U.S. Constitution for cruel and unusual punishment or under the Fourteenth Amendment to the U.S. Constitution for denial of due process.[1] Instead, the County cites *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288-91

---

[1] Defendant argues, without citing any authority, that because the Complaint did not allege Plaintiff was either a pretrial detainee, a convicted prisoner, or an inmate he has not pled sufficient facts to hold it liable under § 1983. The Eleventh Circuit has said: "[h]owever, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996)(citations omitted). Plaintiff will nevertheless amend his Complaint to address this issue.

(11th Cir. 1998) and argues that, as a matter of federal law, Alabama counties have no liability for jail conditions. *Turquitt*, however, only states that under Alabama law, the sheriff and not the county has control over *daily operations* of the jail. *Turquitt*, 137 F.3d at 1289-1291 (emphasis added).

Apparently aware of the problems with this argument, the County tries to re-frame Plaintiff's Complaint. The County states:

> Plaintiff's claims regarding the conditions of his incarceration, although couched in terms of conditions, are actually operational in nature. (The County's brief, p.5)

This purported re-framing does not satisfy the County's burden as laid out in *Conley v. Gibson*, *supra*, of showing that there is no set of facts that will entitle the Plaintiff to relief. It also flies in the face of the rule that the Plaintiff is the master of his Complaint. *See U.S. v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997).

The *Turquitt* Court states "We recognize that Alabama counties possess some duties with respect to county jails." *Turquitt*, 137 F.3d at 1289. The Court goes on to identify a county's duties as being (1) to fund the operation of the jail and (2) to adequately build and maintain the physical plant of the jail. *Id.* at 1289-1290 (citations omitted). These duties are clearly at issue in this suit. Plaintiff states that he was denied a clean cell, clean water, sanitary plumbing and sewerage, heat, adequate bedding, and that he was confined in a place "which as constructed and

maintained was inadequate for human habitat." See Plaintiff's Complaint, Count III, ¶53).

The *Turquitt* Court also held that a county has a separate duty from the sheriff in regards to a jail and if the county does not do its part the under Alabama law, the sheriff is excused from his duties. More exactly the Court stated that:

> Far from joining the sheriff in a partnership with the County, the "as far as the appropriation allows" language excuses the sheriff from performance of this duty if the County has not first performed its coordinate duty.

*Turquitt*, 137 F.3d at 1290.

The claimant in *Turquitt*, unlike this case, did not state that the county violated its duty. The *Turquitt* Court clearly illustrated this point when it stated:

> Moreover, even if the sheriff and the County might be said to be in a partnership with respect to providing bedding, electricity and clean water the present lawsuit does not charge the lack of any such commodity. *Turquitt* at 1290.

This point was further reiterated in *Marsh v. Butler County*, *Ala.*, 268 F.3d 1014, 1027 (11th Cir. 2001)(citations omitted) where the Eleventh Circuit wrote:

> Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run, but the County is charged with erecting and maintaining jails. Therefore, the County will have violated Plaintiffs' Eighth Amendment rights if its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners.

The *Marsh* Court further held that:

> The County has the duty to construct and to maintain a jail of sufficient size and strength to house the inmates. *See*Ala.Code §§ 11-14-10, 11-14-13 (1989). Looking to Alabama case law to define the County's responsibilities under the statute, we see that "the [Alabama] legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair to preserve it from failure or decline." *Keeton v. Fayette Cty.,* 558 So.2d 884, 886 (Ala.1989) (summary judgment for County improper when Plaintiff alleged negligence in County's maintenance of jail); *cf. Turquitt*, 137 F.3d at 1290 (*en banc*) (concluding no county liability for improper operations of the jail). Under Alabama law, a county might be liable when the physical conditions of the jail have deteriorated and pose a serious threat to the safety of inmates and when those conditions have caused the injury to the inmates.

*Marsh*, 268 F.3d at 1027 n. 7.

Furthermore, pursuant to Alabama Code § 14-6-103, the County has a duty to provide and maintain adequate ventilation, light, heating, plumbing and sewerage in the jail. Additionally, pursuant to Alabama Code § 14-6-92, the County has a duty to fumigate, cleanse and paint the jail. The County also has a duty to provide adequate janitor service, enforce cleanliness in the jail, provide bathing facilities, soap and towels, hot and cold water, and clean and sufficient bedding. Ala. Code § 14-6-93. Considering a similar argument, the United States District Court for the Southern District of Alabama denied the Defendant county's motion to dismiss. *See Gaines v. Choctaw County Commission*, 242 F.Supp.2d 1153, 1162-1163 (S.D.Ala. 2003). Since Plaintiff has alleged that the County failed certain duties required under

Alabama law that resulted in his constitutional injury, the Defendant's Motion to Dismiss is due to be denied.

Plaintiff's Medical Claims

The County does not dispute that a Defendant responsible for a county jail violates an inmate's federally protected rights if it ignores his serious medical needs. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir.1997). Instead, the County argues that under *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir.2001), Alabama counties have no duty to provide medical care. Such an argument is contradictory to the plain language of the *Marsh* decision. The *Marsh* Court plainly stated that "[n]othing indicates, however, that the county was involved in the alleged deprivation of medical care..." *Marsh*, 268 F.3d at 1026 n.6. Here the Plaintiff has claimed that the County was involved in the deprivation of medical care to him thereby making the County's argument under the *Marsh* decision inapplicable.

In determining if the County is a proper §1983 Defendant, one must look to state law to determine whether the final decisionmaker was a county policymaker. *Turquitt*, 137 F.3d at 1287-88 (citations omitted). Alabama Code § 14-6-19 clearly requires the County to adequately fund medical care for prisoners. *See also Gaines*

242 F.Supp.2d at 1161.[2] Alabama Code § 14-6-20 authorizes the County commission to hire a physician. *See also Gaines* 242 F.Supp.2d at 1162-1163. Whiles the *Gaines* Court notes that §14-6-20 is permissive, and not mandatory, in this case Plaintiff has specifically alleged that the County did hire Dr. Weaver to provide medical treatment to jail inmates and that he was the County's final decisionmaker regarding the medical treatment of inmates. *See* Plaintiff's Complaint, ¶¶ 34-37.

Eleventh Circuit case law holds that a medical professional that a county contracts with to provide prisoner medical services can be a final decisionmaker of the county for purposes of imposing § 1983 liability on the county. In *Mandel v. Doe*, 888 F.2d 783 (11th Cir.1989) the Eleventh Circuit held that where the county had contracted with the health department to provide a physician's assistant to the county road prison to provide medical care to inmates, and where that physician's assistant medical decisions were subject to no supervision or review, that the physician's assistant was the county's final policymaker with respect to medical affairs at the

---

[2] Defendant argues § 14-6-19 does not require counties to fund the medical care of inmates citing *Malone v. Escambia Cty*, 22 So. 503 (Ala.1897). *Malone* does not say as much. *Malone* does not contradict the *Gaines*' holding that §14-6-19 imposes such a duty. Malone, a doctor, sued the county for treating a man the sheriff had under arrest. The *Malone* Court affirmed dismissal because the Plaintiff failed to plead that he treated the man in jail and that the man was indigent. *Id*. at 505. The *Malone* holding relates only to a Plaintiff who failed to properly plead under common law pleading. Such rules were abrogated in 1973 by the adoption of the Rules Of Civil Procedure. Committee comments to Rule 8 say "Rule 8 is expressly intended to repudiate the long standing doctrine in Alabama of construing the pleadings strictly against the pleader when ruling on a demurrer." Defendant's argument that *Malone* stands for the proposition that it does not have to fund medical care until the sheriff asks in the right way confuses *pleading a cause of action* with a duty.

county road prison. Similarly, here Plaintiff alleges that the County hired Dr. Weaver and made him the final decisionmaker. Plaintiff has sufficiently alleged a cause of action against the County for violating his federally protected rights to adequate treatment for his serious medical needs such that the Defendant's Motion to Dismiss should be denied.

## PLAINTIFF'S STATE LAW CLAIMS

### Plaintiff Satisfied the Notice of Claim Requirement

The County admits that the Plaintiff filed a notice of claim, but it argues that the notice was defective because the Plaintiff did not adequately itemize his claims and did not adequately spell out his theories of recovery. The County is wrong both as to the facts and the law.

Defendant argues that the Court in *Elmore County Commission v. Ragona*, 540 So.2d 720 requires the itemization of a notice of claim to be "quite exacting." Defendant's Motion to Dismiss, p.14. The *Ragona* Court actually held just the opposite. There "the claim included a description of the accident and the accident scene, the basis for the claim that the county was liable, and a description of the injuries and the medical care that was required." *Ragona* 540 So.2d at 723. The Court held that this was sufficient. Here the notice does the same. It says the county

1) undertook to provide medical services in the jail but acted below the standard of care in treating him and 2) was responsible for maintaining the jail, but conditions were unfit for human habitation with respect to clean water, toilets, washing facilities, bedding, heat and pest control. The notice specified mental and physical injuries from inadequate medical treatment and unfit conditions, for which negligence he claimed adequate compensation.

>Defendant argues:
>
>Specifically, he did not assert any negligent hiring, negligent retention, or funding claims. While the Notice does reference "inadequate" medical care, it fails to assert a claim of medical malpractice.

Defendant's Motion to Dismiss, p.14

Defendant is incorrect, Plaintiff's notice does set out the basis for each such claim which is all the *Ragona* Court says is required. Moreover, such level of pleading is not even required in state court. Committee Comments to Rule 8 ARCP says:

>These rules abolish the doctrine of "theory of pleading." *See* Rules 8(a), 8(e), 15(b) and 54(c)). "A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; and even the demand for judgment loses its restrictive nature when the parties are at issue, for particular legal theories of counsel yield to the court's duty to grant relief to which the prevailing party is entitled, whether dmanded or not." *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 972 (2nd Cir,1945) per Clark.

For these reasons Plaintiff has satisfied the Notice of Claim requirement.

### Plaintiff Can Sue The County For Inadequate Medical Treatment

The County claims that Plaintiff cannot sue it for medical claims because Alabama Code § 14-6-19 does not provide for a private right of action. As noted above, *Gaines* holds that under §14-6-20 the County may hire a doctor to provide medical services for the jail. Here, Plaintiff alleges it did so. Although a county may have not have a duty with respect to some aspects of a jail, once it undertakes to do something, it owes a duty of care not to do it negligently. *Carpenter v. Mobile County*, 841 So.2d 1237, 1239 (Ala.2002)(reversing a motion to dismiss because county may have assumed duty which it was bound not to do negligently).

### Plaintiff Can Sue the County For the Jail's Condition

The County argues that it cannot be sued for conditions of the jail because they are the sheriff's responsibility and the sheriff is not an agent for the County. However, as set out above, several code sections impose independent duties on the county to construct and maintain the county jail: Ala. Code §§ 14-6-9(duty to fund indigent inmate clothing, bedding and healthcare), 14-6-92 (duty to fumigate, cleanse and paint jail), 14-6-93(duty to provide janitor service, enforce cleanliness, provide bathing facilities, soap, towels, water, clean and sufficient bedding, and clean clothes

for indigents in jail) and 14-6-103(duty to build jail sufficiently ventilated, lighted, heated, with adequate plumbing and sewerage). Plaintiff's allegation that the County was negligent in maintaining the jail sufficiently states a claim. *See Carpenter*, *supra*.

Complaint Adequately Pleads that the County is Liable For Weaver's Conduct

The County next argues that Plaintiff failed to state a claim of negligent hiring/retention claim against it for Dr. Weaver's misconduct. For this proposition it cites *Lane v. Central Bank of Alabama, N.A.*, 425 So.2d 1098 (Ala.1983) and *Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1073 (Ala.2003). Neither of these cases address motions to dismiss nor do they address what is adequate pleading for claims of negligent hiring/retention. Instead, both address the sufficiency of evidence on directed verdict and class certification, respectively. As noted above, in light of Alabama Rule of Civil Procedure Rule 8 abolishing the "theory of pleading" doctrine such a requirement is unlikely. In reversing a motion to dismiss, the Alabama Supreme Court recently held:

> We cannot agree with the trial court's determination that Mobile County was entitled to a dismissal pursuant to Rule 12(b)(6), because nothing in the *pleadings* explains what the "laws, standards, policies, or procedures or court orders applicable to the operations of the joint jail facility" must be. Because we cannot determine from the pleadings, as a matter of law, that Mobile County, in executing the agreement, did not assume a duty that it did not have to assume, we are constrained to hold that Mobile County has failed to meet its burden of showing that

11

> Carpenter can prove no facts in support of her claim that would entitle her to relief under some legally cognizable theory.

*Carpenter v. Mobile County*, 841 So.2d 1237, 1239 (Ala.2002) (emphasis in the original).

Here the County, has tried to shift its burden to the Plaintiff. Rule 8 clearly abolished such a practice. The federal rule, like the state rule, puts the burden on the Defendant to show that the Plaintiff can prove no set of facts in support of his claim. The County has failed to do and therefore its Motion should be denied. Defendant is likewise incorrect about the Plaintiff's claims against the County relating to Weaver's malpractice and for similar reasons its Motion must be denied.

Moreover, the cases Defendant cites actually support Plaintiff's claims. Defendant argues:

> [A] plaintiff may not assert such a claim against any entity other than a hospital– and even then, vicarious liability is not sufficient– a direct showing of negligence on the part of the hospital is necessary See *Parsons v. Yolande Coal & Coke Co.*, 91 So.493, 496 (Ala.1921); *Golden v. Autauga Medical Center, Inc.* 675 So.2d 418, 419(Ala.1996).

Defendant's Motion to Dismiss, p.18.

But, the *Parsons* Court stated:

> The overwhelming weight of authority holds the employer under arrangements of this character, not accountable for the malpractice of the physician employed, *unless he has failed to exercise due care in his*

*selection.*

*Parsons v. Yolande Coal & Coke Co.*, 91 So. 493, 495 (Ala.1921) (emphasis added).

The *Golden* Court said:

> a "corporate liability" theory is not based upon respondeat superior, but requires the plaintiff to produce substantial evidence tending to show some "independent negligence [on the part of the hospital] in appointing to its medical staff a physician who is incompetent or otherwise unfit, or in failing to properly supervise members of its medical staff

*Golden v. Autauga Medical Center, Inc.* 675 So.2d 418, 419(Ala.1996).

<u>Damage Cap May Not Be Limited to $100,000</u>

The County has argued that the damage cap of Alabama Code § 11-93-2 applies to limit recovery here to $100,000. Again the Defendant has failed to meet its burden of showing that there are no set of facts under which the Plaintiff can recover. Plaintiff has pled that he was repeatedly denied adequate medical treatment from December 6, 2003, to January 16, 2004. The facts may reveal that each day's denial constitutes a separate occurrence under the statue. For example, by analogy, the Alabama Supreme Court has held that with an abatable nuisance, each time the harmful consequence occurs it constitutes a separate occurrence under §11-93-2. *See City of Birmingham v. Leberte*, 773 So.2d 440, 444-445 (Ala.2000).

## CONCLUSION

For the reasons stated above Plaintiff submits that the County's Motion to Dismiss is due to be denied.

                      Respectfully submitted

                      s/Richard J. Stockham III
                      State Bar No.STO034
                      Attorney for the Plaintiff
                      Stockham, Carroll, & Smith P.C.
                      2204 Lakeshore Drive, Suite 114
                      Birmingham, Alabama 35209
                      Telephone (205) 879-9954
                      Fax: (205) 879-9990
                      E-Mail: rjs@stockhampc.com