IN THE UNITED STATES FEDERAL COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Daniel Bryan Kelly, | * |
| | * |
| Plaintiff, | * |
| | *   2:05-CV-1150-MHT |
| vs. | * |
| | * |
| Randy Owen, | * |
| | * |
| Defendant. | * |

### RANDALL WEAVER'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW one of the Defendants, Dr. Randall Weaver, by and through counsel, and states the following as his answer to Plaintiff's complaint:[1]

1. This Defendant admits that Plaintiff is over the age of 19 years. This Defendant denies the remainder of paragraph 1 of Plaintiff's complaint.

2. This Defendant denies paragraph two of Plaintiff's complaint and demands strict proof thereof.

3. This Defendant admits that the United States District Court for the Middle District of Alabama has jurisdiction to adjudicate this matter. This Defendant denies the remainder of paragraph three of Plaintiff's complaint and demands strict proof thereof.

4. This Defendant has insufficient information to admit or deny paragraph four of

---

[1] The decision as to whether the United States Department of Health and Human Services will defend Dr. Weaver has not been made, however, this Defendant believes the decision is imminent.

Plaintiff's complaint when Plaintiff was placed in jail. This Defendant denies the remainder of paragraph four of Plaintiff's complaint and demands strict proof thereof.

5. This Defendant denies paragraph five of Plaintiff's complaint and demands strict proof thereof.

6. This Defendant admits that he treated Plaintiff for injury to his leg. This Defendant denies the remainder of paragraph six of Plaintiff's complaint and demands strict proof thereof.

7. This Defendant denies paragraph seven of Plaintiff's complaint and demands strict proof thereof.

8. This Defendant denies paragraph eight of Plaintiff's complaint and demands strict proof thereof.

9. This Defendant has insufficient information to admit or deny paragraph nine of Plaintiff's complaint.

10. This Defendant has insufficient information to admit or deny paragraph ten of Plaintiff's complaint.

11. This Defendant has insufficient information to admit or deny paragraph eleven of Plaintiff's complaint.

12. This Defendant has insufficient information to admit or deny paragraph twelve of Plaintiff's complaint.

13. This Defendant has insufficient information to admit or deny paragraph thirteen of Plaintiff's complaint.

14. This Defendant has insufficient information to admit or deny paragraph fourteen of Plaintiff's complaint.

15. This Defendant has insufficient information to admit or deny paragraph fifteen of Plaintiff's complaint.

16. This Defendant denies paragraph sixteen of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant denies paragraph seventeen of Plaintiff's complaint and demands strict proof thereof.

18. This Defendant has insufficient information to admit or deny paragraph eighteen of Plaintiff's complaint.

19. This Defendant denies paragraph nineteen of Plaintiff's complaint and demands strict proof thereof.

20. This Defendant denies paragraph twenty of Plaintiff's complaint and demands strict proof thereof.

21. This Defendant has insufficient information to admit or deny paragraph twenty-one of Plaintiff's complaint.

22. This Defendant denies paragraph twenty-two of Plaintiff's complaint and demands strict proof thereof.

23. This Defendant has insufficient information to admit or deny paragraph twenty-three of Plaintiff's complaint.

24.     This Defendant has insufficient information to admit or deny paragraph twenty-four of Plaintiff's complaint.

25.     This Defendant has insufficient information to admit or deny paragraph twenty-five of Plaintiff's complaint.

26.     This Defendant has insufficient information to admit or deny paragraph twenty-six of Plaintiff's complaint.

27.     This Defendant has insufficient information to admit or deny paragraph twenty-seven of Plaintiff's complaint.

28.     This Defendant has insufficient information to admit or deny paragraph twenty-eight of Plaintiff's complaint.

29.     This Defendant has insufficient information to admit or deny paragraph twenty-nine of Plaintiff's complaint.

30.     This Defendant denies paragraph thirty of Plaintiff's complaint and demands strict proof thereof.

31.     This Defendant has insufficient information to admit or deny paragraph thirty-one of Plaintiff's complaint.

32.     This Defendant has insufficient information to admit or deny paragraph thirty-two of Plaintiff's complaint.

33.     This Defendant has insufficient information to admit or deny paragraph thirty-three of Plaintiff's complaint.

34. This Defendant denies paragraph thirty-four of Plaintiff's complaint and demands strict proof thereof.

35. This Defendant denies paragraph thirty-five of Plaintiff's complaint and demands strict proof thereof.

36. This Defendant denies paragraph thirty-six of Plaintiff's complaint and demands strict proof thereof.

37. This Defendant denies paragraph thirty-seven of Plaintiff's complaint and demands strict proof thereof.

38. This Defendant denies paragraph thirty-eight of Plaintiff's complaint and demands strict proof thereof.

39. This Defendant has insufficient information to admit or deny paragraph thirty-nine of Plaintiff's complaint.

40. This Defendant denies paragraph forty of Plaintiff's complaint and demands strict proof thereof.

41. This Defendant has insufficient information to admit or deny paragraph forty-one of Plaintiff's complaint.

42. This Defendant denies Count One of Plaintiff's complaint and demands strict proof thereof.

43. This Defendant denies Count Two of Plaintiff's complaint and demands strict proof thereof.

44. No answer is required of this Defendant as to Count Three of Plaintiff's complaint.

45. No answer is required of this Defendant as to Count Four of Plaintiff's complaint.

46. No answer is required of this Defendant as to Count Five of Plaintiff's complaint.

47. No answer is required of this Defendant as to Count Six of Plaintiff's complaint.

48. No answer is required of this Defendant as to Count Seven of Plaintiff's complaint, as it appears this claim alleges negligent hiring against Coosa County. To the extent Plaintiff alleges that Dr. Weaver was negligent or incompetent, this Defendant denies count seven of Plaintiff's complaint and demands strict proof thereof.

49. No answer is required of this Defendant as to Count Eight of Plaintiff's complaint.

50. This Defendant denies Count Nine of Plaintiff's complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads that he is not the medical doctor for Coosa County jail or the Coosa County Commission.

2. This Defendant affirmatively pleads that he is not the decision-maker or policy maker for the Coosa County jail or Coosa County Commission.

3. This Defendant affirmatively pleads that the statute of limitations bars all of Plaintiff's claims.

4. This Defendant affirmatively pleads that Plaintiff did not comply with the statutory requirements to maintain a lawsuit pursuant to the Federal Tort Claims Act.

5. This Defendant affirmatively pleads that Plaintiff's complaint fails to state a claim upon which relief can be granted.

6. This Defendant affirmatively pleads that Plaintiff's federal claims fail because he was not a state actor.

7. This Defendant affirmatively pleads that he was not acting under the color of state law at the time of the actions giving rise to Plaintiff's complaint.

8. In the alternative, this Defendant affirmatively pleads that he is entitled to immunity allowed under Alabama law and federal law.

9. In the alternative, this Defendant affirmatively pleads that he is entitled to discretionary function immunity and qualified immunity.

10. This Defendant affirmatively pleads the general issue.

11. This Defendant affirmatively pleads contributory negligence.

12. This Defendant affirmatively pleads assumption of the risk.

13. This Defendant affirmatively pleads his actions were not the proximate cause of Plaintiff's alleged injuries.

14. This Defendant affirmatively pleads that his exclusive interaction with Plaintiff occurred on November 26, 2003, more than two years before the filing of this lawsuit.

15. This Defendant affirmatively pleads a set off of any monies received by Plaintiff from other Defendants and any individuals or entities related to this matter.

## PUNITIVE DAMAGES

1. The complaint fails to properly state a claim for punitive damages.

2. Alabama law permitting joint liability for punitive damages violates the equal protection clause of the 14th Amendment to the United States Constitution, as it does not

assign a proportionate responsibility for a defendant's contribution to the wrongful conduct alleged.

3.      Any award of punitive damages to a plaintiff who does not satisfy a burden of proof equal to or greater than the "beyond a reasonable doubt" burden of proof required in criminal cases violates the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution.

4.      The procedures thorough which punitive damages are imposed allow awards that exceed the maximum criminal fine for the same or similar conduct, which violates the due process clauses of the 5th and 14th Amendments to the United States Constitution, the equal protection clause of the 14th Amendment of the United States Constitution, and the due process clause of the Alabama Constitution.

5.      The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment to the United States Constitution and the due process clause of the Alabama Constitution because they allow joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

6.      The procedures through which punitive damages are awarded violate the equal protection clause of the 14th Amendment to the United States Constitution, as they result in widely varying penalties for the same or similar acts.

7.      The procedures through which punitive damages are awarded violate the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide a reasonable limit on the amount of

the award.

8. The procedures through which punitive damages are awarded violate the due process and equal protection Clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide specific standards for determining the amount of punitive damages.

9. The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to require that an award of punitive damages be proportionate, or bear a reasonable relationship to the actual harm incurred.

10. The procedures through which punitive damages are awarded violate the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and the Due Process Clause of the Alabama Constitution by failing to provide mitigating factors for the jury's consideration in awarding punitive damages.

11. Any award of punitive damages in this lawsuit would constitute a deprivation of property without due process of law as required under the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution.

12. The procedures pursuant to which punitive damages are awarded violate the due process clauses of the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution by permitting punitive damages that exceed the statutory limit established by the Alabama Legislature.

13. To the extent that the demand for punitive damages imposes multiple punitive damage awards for the same act or omission of a defendant:

   a. Such an award violates the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution; and

   b. Such an award violates the protection against double jeopardy guaranteed by the 5th Amendment of the United States Constitution and by the Alabama Constitution; and

   c. Such an award violates the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by encroaching on the defendant's right to due process and open access to the court system.

14. The imposition of punitive damages on the basis of vicarious liability violates the 5th, 8th, and 14th Amendments to the United States Constitution.

15. The procedures through which punitive damages are awarded are unconstitutionally vague.

16. Pursuant to Alabama Code, 1975 §§ 6-11-20, et. seq, a punitive damage award cannot exceed $250,000, and the Alabama Supreme Court's 1993 declaration that this statutory limitation is unconstitutional violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.

17. Any award of punitive damages in this lawsuit is subject to all standards and limitations provided by <u>Green Oil Co. v. Hornsby</u>, 539 So.2d 218 (Ala. 1989), <u>Gore v. BMW</u>

of North America, Inc., 116 S.Ct. 1589 (1996), <u>Foremost Insurance Co. v. Parham</u>, 693 So.2d 409 (Ala. 1997), and <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

18.   Punitive damages cannot be awarded to a party who does not meet the evidentiary standards provided by Alabama Code, 1975 §§ 6-11-20 and 12-21-12.

19.   This Defendant denies any conduct that would entitle the plaintiff to recover punitive damages.

DATED this 8th day of March, 2006.

_____
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys For Health Services, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

Case 2:05-cv-01150-MHT-TFM   Document 28   Filed 03/08/2006   Page 12 of 12

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Richard Stockham, III
Stockham Carroll & Smith, PC
2204 Lakeshore Drive
Suite 114
Birmingham, Alabama

Kristi Allen Dowdy
McDonald & Dowdy
1005 Montgomery Highway
Birmingham, Alabama 35216

Kendrick E. Webb
Gary L. Williford, Jr.
Webb & Eley
Post Office Box 240909
Montgomery, Alabama 36124

This the 8th day of March, 2006.

_____
OF COUNSEL

Page 12 of 12