**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DANIEL BRYAN KELLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO. 2:05-cv-1150-MHT-DRB |
| | ) |
| **RICKY OWENS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS COOSA COUNTY SHERIFF RICKY OWENS**
**AND COOSA COUNTY COMMISSION'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

COME NOW Defendants Coosa County, Alabama Sheriff Ricky Owens and the Coosa County Commission, and file this Opposition to the Plaintiff's Motion to Amend his Complaint.

**INTRODUCTION**

On May 5, 2006, the Plaintiff filed a Motion to Amend his Complaint. His motion comes nearly five months after the filing of his original Complaint. It comes after these Defendants filed and fully briefed motions to dismiss. It comes after the Plaintiff conceded in his oppositions to the motions to dismiss (filed two months ago on March 6, 2006) that he needed to amend his Complaint. The motion comes after a telephone call between counsel for the Plaintiff and these Defendants asking the Plaintiff to amend before a reply brief was necessary. It comes after these Defendants filed reply briefs. Finally, the Motion to Amend comes after the Court heard oral argument on Sheriff Owens's Motion to Dismiss. For the reasons set forth below, Sheriff Owens and the Coosa County Commission urge the Court to deny the Plaintiff's Motion to Amend and enter appropriate orders with respect to the pending motions to dismiss.

1

**ARGUMENT**

The Plaintiff asserts essentially five arguments for granting his motion to amend. First, citing Federal Rule of Civil Procedure 15, the Plaintiff claims that the Court should "freely" grant leave to amend. (Doc. 38 at ¶¶ 1-2.)[1] Second, he argues that no party will be prejudiced. Id. at the second ¶ 2. Third, the Plaintiff asserts that no authority exists requiring him to plead the jurisdictional language of a 42 U.S.C. § 1983 claim – especially in light of Federal Rule of Civil Procedure 8(a). Id. at ¶ 5. Fourth, the Plaintiff posits that because jail conditions claims under the Eighth and Fourteenth Amendments are analyzed in a similar fashion, that the Court can simply pick the correct constitutional ground without "redrafting" the Plaintiff's Complaint. Id. at ¶ 6. Finally, the Plaintiff proffers his "surprise" at having to comply with the heightened pleading standard and set forth specific facts which would support the conclusory allegations in the original Complaint. Id. at ¶ 7.

None of these arguments should persuade the Court. For the reasons set forth below, the Plaintiff's Motion to Amend is due to be denied. Furthermore, his Complaint against these Defendants should be dismissed.

**I.    RULE 15 DOES NOT REQUIRE THE COURT TO ALLOW AN AMENDMENT WHERE THERE IS PREJUDICE, UNDUE DELAY, OR FUTILITY.**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend pleadings once "as a matter of course at any time before a responsive pleading is served . . . ." However, the Court can deny a motion to amend when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; or (3) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Jameson v. Arrow Co., 75 F.3d 1528, 1534 (11th Cir. 1996). The decision to grant leave to amend a complaint is within the sole

---

[1] The Plaintiff's motion contains two paragraphs labeled as "2". (Doc. 37 at p. 1.)

discretion of the court. Fed.R.Civ.P. Rule 15(a). The Court should decline to grant leave to amend in the instant case for all three reasons set forth in <u>Foman</u>.

### A. Sheriff Owens and the Coosa County Commission Will Suffer Prejudice if the Court Grants the Plaintiff's Motion.

The Plaintiff's unsupported assertion notwithstanding, Sheriff Owens and the Coosa County Commission have been prejudiced by the Plaintiff's failure to amend his Complaint. Specifically, both Defendants have been forced to file what could amount to unnecessary reply briefs as well as the instant brief (along with the associated legal fees). Sheriff Owens has also been forced to undergo the expense of having counsel represent him in the hearing recently conducted by the Court.

Counsel for these Defendants attempted to avoid these costs to his clients by calling the Plaintiff's attorney on or about March 8, 2006. (Exhibit A, Affidavit of Gary L. Willford, Jr., "Willford aff." at ¶¶ 6-8.) However, despite his concession that an amendment was necessary, Plaintiff's counsel refused to acknowledge the necessity for an amendment before the reply briefs were due. <u>Id.</u> at ¶¶ 6-7. Accordingly, counsel for these Defendants was left with no choice but to begin work on the reply briefs. <u>Id.</u> at ¶ 9. When an amended complaint or motion to amend was not filed prior to the due date of the reply briefs, these Defendants were forced to file their reply briefs with the Court. <u>Id.</u>

The total cost of the reply briefs was $6,656.25. <u>Id.</u> at ¶ 13. In addition, the undersigned spent 10.50 hours researching and drafting the instant brief and its supporting affidavit. (Willford aff. at ¶ 14.) This will result in an additional cost of $1,207.50.

Clearly, the Plaintiff's actions have prejudiced these Defendants. Not only have they incurred the expense of the reply briefs, but they are now incurring expenses related to the instant brief in opposition to the Plaintiff's untimely motion to amend. As the Plaintiff's failure to amend has been prejudicial to both Sheriff Owens and the Coosa County Commission, his motion to amend is due to be denied. <u>Foman</u>, 371 U.S. at 182.

3

Sheriff Owens in particular has been prejudiced in that he has asserted his entitlement to qualified immunity. The United States Supreme Court has made it abundantly clear that immunity is "an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in the original). The purpose of immunity is to "avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id. (citing Harlow, 457 U.S. at 818). "[W]e have emphasized that qualified immunity questions should be resolved *at the earliest possible stage of a litigation*." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (emphasis added). The benefits of immunity are lost if a case is erroneously allowed to go to trial. Id.; see also Siegert v. Gilley, 500 U.S. 226, 232-33 (1991).

The Plaintiff's delay in filing an amended complaint – particularly when he *conceded the necessity of an amendment* – has resulted in Sheriff Owens losing the benefits of qualified immunity. He has been forced to undergo the burden and expense of filing two briefs and having his counsel attend oral argument. He has suffered the further burden and expense of having to respond to the Plaintiff's Motion to Amend. Consequently, as a matter of law, Sheriff Owens has been prejudiced by the Plaintiff's actions.

**B.     The Plaintiff's Motion is Untimely**.

As noted by the Court at oral argument, the Plaintiff has had notice of the serious jurisdictional and substantive deficiencies with his Complaint since January 13, 2006, when Sheriff Owens filed his Motion to Dismiss and supporting brief. The Plaintiff conceded the necessity of an amendment as early as March 6, 2006, when he filed his opposition briefs. The Plaintiff's failure to amend is even

more puzzling in light of the aforementioned telephone conference that took place between the Plaintiff's attorney and counsel for these Defendants. (Willford aff. at ¶¶ 6-8.)

Plaintiff's counsel was made aware of the undersigned's concerns with respect to having to file reply briefs when the Plaintiff conceded an amended complaint was necessary. (Willford aff. at ¶ 6.) The Plaintiff's attorney did not agree to file an amended complaint prior to the due date of the Defendants' reply briefs and stated that he believed the Court would allow the briefs on the original complaint to carry forward to the amended complaint when it was filed. Id. at ¶ 7. While Plaintiff's counsel did not agree to file an amended complaint, he did agree to file – and within two days did file – a corrected copy of the original complaint. Id. at ¶ 8; see also Doc. 29.

Other than an assertion of surprise, the Plaintiff has not proffered any reason whatsoever in his Motion to Amend to account for his undue delay. In light of the Plaintiff's quick correction of the missing pages error, it is difficult to imagine how he can justify the delay to the Court when all that was required to correct the most serious deficiency – the lack of proper 42 U.S.C. § 1983 jurisdictional language – could have been corrected by adding a mere *six words* to the Complaint. (Compare Doc. 1 at ¶ 2 with Doc. 38 at p. 6, ¶ 2.) The Plaintiff's failure to properly plead his status as an inmate was correctable with a mere *four words* in paragraph 4. (Doc. 38 at p. 6, ¶ 4.)

Therefore, adding just *ten words* would have corrected two of the three errors in the Complaint. The Plaintiff's failure to do so over the course of *four months* is simply inexcusable – particularly in light of the aforementioned prejudice to these Defendants. Accordingly, the motion to amend should be denied due to the Plaintiff's undue delay. Foman, 371 U.S. at 182.

C.     **The Plaintiff's Amended Complaint is Futile.**

The Court should also refuse to allow the proposed amended complaint because it is a futile pleading. The proposed amended complaint adds few factual averments that would entitle the Plaintiff's claims to survive the already pending motions to dismiss. For the reasons set forth in the

briefs supporting these Defendants' motions to dismiss, the Court should deny leave to amend on the grounds that the amendment is futile. Foman, 371 U.S. at 182.

Furthermore, despite being informed by both defense counsel and the Court at oral argument that an inmate cannot maintain both Eighth and Fourteenth Amendment claims, the Plaintiff has nonetheless continued to plead both types of claims. (Doc. 38 at pp. 15-18.) As the Plaintiff has now averred that he was a pretrial detainee, he cannot maintain Eighth Amendment claims. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). The Eighth Amendment claims are therefore futile and prejudicial to these Defendants as they will again have to address them in a motion to dismiss should the Court grant the Plaintiff's Motion to Amend.

II.    **AMPLE AUTHORITY EXISTS REQUIRING THE PLAINTIFF TO PLEAD THAT THE DEFENDANTS ACTIONS WERE TAKEN UNDER COLOR OF LAW IN ORDER FOR THIS COURT TO OBTAIN JURISDICTION.**

The Plaintiff again argues that the Defendants did not cite any authority for the proposition that a plaintiff seeking to assert a 42 U.S.C. § 1983 claim must allege that the putative defendant's conduct was taken under color of law. (Doc. 38 at p. 2.) Furthermore, the Plaintiff argues that no such language is required under Rule 8(a). The Plaintiff is wrong on both counts.

In Sheriff Owens's principal brief he cited specifically to 42 U.S.C. § 1983 for the proposition that in order to state a claim under the statute – and for a federal district court to acquire subject matter jurisdiction – he must allege that the defendants acted under color of law.[2] (Doc. 15 at p. 4.) As noted in Sheriff Owens's reply brief, the "authority" the Plaintiff claims is missing is 42 U.S.C. § 1983 itself. Consequently, as the statute itself was cited, there was plainly ample authority cited by the Defendants.

---

[2] Counsel used the more conventional shorthand "under color of law". The specific language from § 1983 states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .
42 U.S.C. § 1983 (emphasis added).

6

The Plaintiff's next argument, that Rule 8(a) does not require "magic language", fails because of the issues in this case. As noted by the Court at oral argument, and argued by Sheriff Owens, when a public official asserts qualified immunity to a § 1983 claim, the plaintiff faces a heightened pleading standard over and above the simple notice pleading requirements of Rule 8. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). In GJR, the Eleventh Circuit stated:

> [W]hile Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, *this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases* in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir.1992) (citing Arnold v. Bd. of Educ., 880 F.2d 305, 309 (11th Cir.1989)). Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement. See id.

Id. (emphasis added). Consequently, it is abundantly clear that when qualified immunity is raised in response to a § 1983 claim, it takes more than Rule 8's simple notice pleading to survive a motion to dismiss.

## III.    THE COURT SHOULD NOT REDRAFT THE PLAINTIFF'S COMPLAINT FOR HIM.

It is unclear why the Plaintiff believes his inclusion of both Eighth and Fourteenth Amendment claims justifies allowing him to amend his Complaint. Nevertheless, these Defendants feel compelled to address the issue in light of the discussion at oral argument and the Plaintiff's injecting the issue into the Motion to Amend. District courts should not act as *de facto* counsel for a party or rewrite defective pleadings. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Pontier v. City of Clearwater, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). In GJR, the Eleventh Circuit noted:

> "Among the cardinal principles of our Anglo-American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by

the adversaries, and may not be expanded sua sponte by the trial judge." <u>Doubleday & Co. v. Curtis</u>, 763 F.2d 495, 502 (2d Cir. 1985). A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity. To do so is to ignore both the heightened pleading standard for § 1983 claims that is the law of this circuit and the Supreme Court's call for a "firm application of the Federal Rules of Civil Procedure" in cases where qualified immunity is asserted. <u>Butz v. Economou</u>, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978).

132 F.3d at 1369.

The problem with the Plaintiff's original Complaint is not whether the Court should pick and choose between the Eighth and Fourteenth Amendments. The problem is the Plaintiff's failure to plead that he was an inmate. Not once in the entirety of the Plaintiff's fourteen-page, 74-paragraph Complaint does he aver he was an inmate. (<u>See generally</u> Doc. 1.) Consequently, the Court reaches the issue of which amendment to pick only *after* it reads into the Complaint that the Plaintiff was an inmate. As noted at oral argument, taking this step would put the Court in the position of redrafting the Plaintiff's Complaint. This is a posture the Eleventh Circuit has explicitly warned the district courts not to assume. <u>GJR</u>, 132 F.3d at 1369.

As with all of the other deficiencies of the Plaintiff's Complaint, the Eighth/Fourteenth Amendment issue was also brought to the Plaintiff's attention four months ago. (Doc. 13 at p. 3; Doc. 15 at p. 8.) With a simple amendment to his Complaint – this time deleting a few words in each count – the Plaintiff could have eliminated the need for the reply briefs that were filed, the recently held oral argument, and the instant brief. His failure to do so has resulted in prejudice to the Defendants and can only be classified as undue delay.

## IV. THE PLAINTIFF'S "SURPRISE" NOTWITHSTANDING, HE HAS AN OBLIGATION UNDER ELEVENTH CIRCUIT PRECEDENT TO PLEAD HIS § 1983 CLAIMS AGAINST SHERIFF OWENS WITH THE REQUISITE FACTUAL SPECIFICITY.

A § 1983 plaintiff has an elevated or enhanced pleading standard when he sues a public official entitled to qualified immunity. In <u>GJR</u>, the Eleventh Circuit held:

8

> [T]his circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim. Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. *This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.*

132 F.3d at 1367 (emphasis added). While the Eleventh Circuit eliminated the standard's application to non-qualified immunity cases after the Supreme Court's ruling in <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, (1993), it has, on numerous occasions, affirmed the standard's viability where, as here, qualified immunity is clearly at issue. <u>See, e.g.</u>, <u>Maldonado v. Snead</u>, slip op., 2006 WL 436030, at *1 (11th Cir., Feb. 23, 2006) (affirming dismissal of plaintiff's claims against particular defendants because she "either failed to state a claim of deliberate indifference or refused, after several opportunities to amend her complaint, to comply with the heightened pleading standards that apply in 'civil rights actions against public officials who may be entitled to qualified immunity'"); <u>Washington v. Bauer</u>, 149 Fed.Appx. 867, 871 (11th Cir. 2005) (affirming dismissal of Governor Bush based on heightened pleading standard and qualified immunity defense); <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 836 (11th Cir. 2004) (discussing the distinction between the standard's application to claims against non-individuals and individuals); <u>Gonzalez v. Reno</u>, 325 F.3d 1228 (11th Cir. 2003) (applying the standard to the qualified immunity defense of three individual defendants); <u>Cottone v. Jenne</u>, 326 F.3d 1352 (11th Cir. 2003) (applying the standard to six individual defendants who asserted to qualified immunity); <u>Dalrymple v. Reno</u>, 334 F.3d 991 (11th Cir. 2003) (applying the standard to determining whether Attorney General Janet Reno was entitled to qualified immunity); <u>Laurie v. Ala. Court of Crim. Appeals</u>, 256 F.3d 1266, 1275-76 (11th Cir. 2001) (stating that "'heightened pleading' is the law of this circuit when § 1983 claims are asserted against government officials in their individual capacities."); <u>Kyle K. v. Chapman</u>, 208 F.3d 940, 944 (11th Cir. 2000) (holding the "heightened pleading requirement applicable to section 1983

actions against individual government officials"). Logically, a lack of specific factual allegations in a complaint makes any comparison to clearly established law an impossibility.

It is odd that the Plaintiff claims "surprise" at this standard when it was specifically referenced in Sheriff Owens's principal brief:

> Furthermore, a plaintiff cannot merely rely on notice pleading in a § 1983 case involving qualified immunity. A plaintiff's pleading standard is "heightened" when § 1983 claims are made against government officials in their individual capacities. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement"). It is the Plaintiff's burden to allege sufficient specific supporting facts or face dismissal of his claims. Marsh, 268 F.3d at 1036 n.16; Montalvo, 84 F.3d at 408 n.10.

(Doc. 15 at p. 5.) Even if he had not researched the issue prior to filing his Complaint, the Plaintiff was placed on notice by Sheriff Owens of the applicability of the heightened pleading standard as early as January 13, 2006 – four months ago. Only now does the Plaintiff attempt to add factual specificity after Sheriff Owens and the other Defendants have suffered the prejudice mentioned previously.

Finally, the Plaintiff asserts that immediately after footnote 16 in Marsh, the Eleventh Circuit held that a mere allegation of awareness is sufficient to satisfy the heightened pleading standard. (Doc. 38 at pp. 2-3 citing Marsh v. Butler County, 268 F.3d 1014, 1035 n. 16 (11th Cir. 2001).) Curiously, the Plaintiff does not provide a quote to provide authority for his argument. The entirety of the relevant portion of the Marsh opinion demonstrates that it does not say what the Plaintiff says it says.

> Owens alleges that the Sheriff had a "policy of releasing sick or injured inmates," and concluded that the policy was "developed and implemented . . . with deliberate indifference to the medical needs of Owens after his assault."[16] Owens alleges no facts from which a fact-finder could find that the Sheriff actually knew that her release policy posed a sufficiently substantial risk of serious harm to inmates.
>
> ***Owens does not allege that the Sheriff – on or before 3 July 1996 – was aware of earlier violations of Eighth and Fourteenth Amendment rights flowing from this***

*kind of policy or from the release of other sick or injured inmates*. Cf. Chestnut v. City of Quincy, 513 F.2d 91, 92 (5th Cir.1975)(indicating that complaint alleging police supervisor had notice of past culpable conduct of subordinates and failed to prevent recurrence of such misconduct states section 1983 claim for personal liability). Owens never alleges one such bad, earlier release incident at the jail.

An official cannot be held liable just for instituting a facially constitutional policy. See City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (saying no policymaker liability exists when subordinate applies facially valid constitutional policy in unconstitutional manner). See also Schmelz v. Monroe County, 954 F.2d 1540, 1544 (11th Cir. 1992 ) (concluding no personal liability for Sheriff who instituted facially constitutional policy). Cf. Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding municipality liable for facially unconstitutional policy). In this case, Owens alleges that the Sheriff had a policy of releasing sick or injured inmates. We believe such a policy, on its face, violates no constitutional guarantees and is not a facially unconstitutional policy. See United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987) (for policy to be facially unconstitutional it is required "that no set of circumstances exists under which the Act would be valid"). As Plaintiffs' counsel wrote in their Reply Brief, such a release policy could be applied humanely and properly. We specifically reject the idea that the policy, on its face, is "obviously" a danger to inmates to the degree that the allegation of the policy itself is an allegation of personal awareness on the Sheriff's part of an excessive risk of serious harm to inmates just because the policy exists.

FN16. In the light of the usual pleading requirements of Fed. Rule Civil Proc. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. See Stanton v. United States, 434 F.2d 1273, 1276 (5th Cir. 1970). See also Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974). We count the "developed and implemented . . . with deliberate indifference to the medical needs . . . ." language in this unsupported-conclusion category. See generally Mass. School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998) (a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

268 F.3d at 1036 (footnote 17 omitted, emphasis added).

In the only portion that discusses "awareness", the Eleventh Circuit clearly required more than a mere allegation of awareness. Specifically, the Court was looking for averments of ***previous violations of inmates rights*** of which the sheriff was aware. 268 F.3d at 1036. Contrary to the Plaintiff's contention, the Eleventh Circuit's statements following footnote 16 are entirely consistent with footnote 16's admonition that greater specificity is required.

11

As set forth in Sheriff Owens's briefs supporting his Motion to Dismiss, the Plaintiff's original Complaint lacked the requisite degree of specificity. Having been put on notice of this fact, and having failed to file an amended complaint in a timely manner, the Plaintiff's Motion to Amend should be denied.

## CONCLUSION

Based upon the foregoing, Sheriff Owens and the Coosa County Commission request that the Court issue an Order denying the Plaintiff's Motion to Amend.

Respectfully submitted this 9th day of May, 2006.

**s/Gary L. Willford, Jr.**
KENDRICK E. WEBB – Bar No. WEB022
GARY L. WILLFORD, JR. – Bar No. WIL198
Attorney for Defendants
WEBB & ELEY, P.C.
7474 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9h day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Richard J. Stockham, III**, **Kristi Allen Dowdy**, and **Stephen Michael Doyle**.

**s/Gary L. Willford, Jr.**
OF COUNSEL