IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:05-CV-1150-MHT-DRB |
| ) | WO |
| RICK OWENS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS**

Submitted is *Plaintiff's Motion for Leave to Amend the Complaint* (Doc.38) by substituting therefor the First Amended Complaint filed therewith on May 8, 2006, and the *Response in Opposition* filed by Coosa County Sheriff Ricky Owens and Coosa County Commission, two of the six defendants. (Doc.40). As herein explained, the court determines that the Motion should be granted.

**I.**

About five months ago, on December 6, 2005, Daniel Bryan Kelly ("Kelly") filed this 42 U.S.C. § 1983 action for monetary and injunctive remedies arising from injuries allegedly caused by inadequate and/or incompetent medical care as well as physical abuse suffered during his confinement in the Coosa County Jail from November 13, 2003 until January 16, 2004. Within a month after service, o[1]n January 12, 2006, Coosa County's Sheriff and its County Commission promptly moved for dismissal and filed with their motions comprehensive briefs in support

---

[1] The Sheriff rested his dismissal motion on both Rules while the Commission sought dismissal solely pursuant to Rule 12(b)(6).

of grounds premised on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded on March 6, 2006, in opposition to each dismissal motion (Docs. 25 and 26), these Defendants filed a Reply on March 16 (Docs. 30 and 31). Granting Defendants' request for oral argument, the court heard arguments of counsel on May 3, and Plaintiff's motion for leave to amend followed five days later.

## II.

Citing Fed.R.Civ P. 15(a), Plaintiff argues that the court is bound to grant leave to amend a complaint "freely...when justice requires" and no responsive pleading has been filed. Because the parties have not undertaken discovery, Plaintiff submits that "no prejudice" will flow to the parties. As further grounds, Plaintiff acknowledges that counsel did not deem as "serious" grounds for dismissal Sheriff Owens' contentions that he "did not include the language 'acting under color of law' in the complaint, that the complaint did not specify whether he was a pretrial detainee or a convicted inmate, and that the plaintiff's allegations were conclusory." (Mot.,Doc. 38 at ¶¶ 1-7).

Defendants vigorously dispute the adequacy of each ground and also maintain that the Complaint against them should be dismissed. In principal reliance on *Foman v. Davis*, 371 U.S. 178, 182 (1962), Defendants maintain that Rule 15 does not dictate leave for this Plaintiff to amend his complaint because the record establishes prejudice to the defendants, undue delay by Plaintiff, or futility in amending the complaint. As prejudice, they point to expenses associated with the filing of reply briefs, oral arguments, and this motion, and

highlight those burdens in light of Sheriff Owens' assertion of qualified immunity. The court notes, however, that these defendants requested oral argument on their dismissal motion, and the court scheduled such arguments solely in response to the request. Neither did the court mandate the filing of any reply briefs. Moreover, because a dismissal for lack of subject matter jurisdiction operates as a dismissal without prejudice, Plaintiff would not have been barred from filing an amended complaint had the court proceeded to act favorably on these defendants' dismissal motion prior to scheduling oral argument; indeed, if the court granted dismissal now for the Rule 12(b)(1) grounds asserted, it would be bound to extend an opportunity for the filing of an amended complaint.

Accordingly, notwithstanding Plaintiff's indisputable dilatoriness in amending the complaint, the interests of judicial economy would not be advanced by denying leave to amend. If Defendants are correct in their contention of "futility" for the amended complaint, then any costs incurred in preparing the supporting briefs for their dismissal motions cannot be deemed unnecessary costs because this work product can be reasserted in response to the amended complaint.

### III.

It is, therefore, **ORDERED** that:

*1. Plaintiff's Motion for Leave to Amend the Complaint* (Doc.38) is GRANTED, and the Clerk shall file the First Amended Complaint submitted on May 8, 2006.

2. Defendants shall file their answers, or other responsive pleadings, to the First Amended Complaint not later than June 2, 2006.

3. The following-described *Motions* filed in response to the original Complaint are each **DENIED AS MOOTED** by the filing of the amended complaint, without prejudice for any defendant to reassert any motion and supporting brief which may yet be applicable to the amended complaint:

(a) *Defendant Coosa County Commission's Motion to Dismiss* (Doc. 12, Jan. 12, 2006);

(b) *Coosa County Sheriff Ricky Owens' Motion to Dismiss* (Doc. 14, Jan. 13, 2006);

(c) *Defendant Al Bradley, Terry Wilson, and Wendy Roberson's Motion to Dismiss Claims Against Them in their Official Capacities* (Docs. 16 and 17, filed January 25, 2006)

Following due review of all responsive pleadings the court will ascertain whether a discovery planning conference can proceed with any of the defendants and issue appropriate scheduling orders.

DONE THIS 22ND DAY OF MAY, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE