IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| | ) |
| RICKY OWENS, individually and in | ) |
| his official capacity as Sheriff of | ) |
| Coosa County,  AL BRADLEY, | ) |
| individually and in his official | ) |
| capacity as Deputy Sheriff of | ) |
| Coosa County, TERRY WILSON, | ) |
| individually and in his official | ) |
| capacity as Deputy Sheriff of Coosa | ) |
| County, WENDY ROBERSON, | ) |
| individually and in her official | ) |
| capacity as Deputy Sheriff | ) |
| of Coosa County. DOCTOR | ) |
| RANDALL WEAVER, individually | ) |
| and in his official capacity as medical | ) |
| doctor for Coosa County Jail, and the | ) |
| Coosa County Commissioner | ) |
| | ) |
| Defendants. | ) |

FIRST AMENDED COMPLAINT

JURISDICTION

1.    At all relevant times Plaintiff was over the age of nineteen and a resident

of Coosa County, Alabama.

2.    Defendants, at all relevant times, were over the age of nineteen, worked

for, or had responsibilities with regard to the Coosa County Jail in Rockford, Coosa County, Alabama,   were acting under color of law, and are sued both their official and individual capacities.

3.     Plaintiff invokes this Court's jurisdiction under its Federal question jurisdiction of 28 U.S.C. § 1331, and Plaintiff brings this complaint pursuant to the Eighth Amendment of the U. S. Constitution, the Fourteenth Amendment of the U. S. Constitution, 42 U.S.C. § 1983,and the court's ancillary or pendant jurisdiction of Plaintiff's state court claims.

<u>ALLEGATIONS OF FACTS</u>

4.     Plaintiff Daniel Bryan Kelly was placed as a pretrial detainee in the Coosa County jail on November 13, 2003.  At that time Defendants Owens, Wilson, Roberson and Bradley were  individuals responsible for and working at the Coosa County jail .

5.     When plaintiff was admitted to the jail he and his parents told the defendants that plaintiff had an extensive medical history:  that he suffered from a Bipolar disorder and had recently been in treatment for that; that he was under medication and under a doctor's care for his bipolar condition; that plaintiff had a history of lower back pain and a degenerative disc problem in his lower back for which he had surgery; that plaintiff had a history of migraine headaches; that plaintiff was on medication, without which he would suffer seizures.   Although defendants

were notified of plaintiff's need for medication and medical treatment none was provided.

6.    On or about November 25, 2003, due to seizures defendants had observed, plaintiff was evaluated by a mental health professional who notified defendants Owens, Wilson, Roberson, and Bradley of plaintiff's serious medical condition of seizures with memory loss, and of his bipolar disorder. The evaluation indicated that plaintiffs needed an evaluation by a doctor for the seizures. Defendants Owens, Wilson, Roberson and Bradley informed defendant Weaver of plaintiff's serious medical condition.  And this time plaintiff fell and was taken to defendant Doctor Randall Weaver for treatment of injury to his back and leg.

7.    Plaintiff's family informed defendants that plaintiff's regular doctor at Brookwood Hospital had requested that he be brought to a lock down unit in Birmingham for his medical supervision.  Plaintiff grew increasingly disoriented. Plaintiff suffered seizures which defendants Owens, Wilson, Roberson and Bradley were aware of, but on December 5, 2003, plaintiff again had a fall.  On this occasion plaintiff was taken to Russell Hospital for treatment.

8.    As of December 6, 2003, upon plaintiff's return to the jail from Russell Hospital, all defendants were aware that plaintiff suffered from serious medical conditions.

9.    Plaintiff was put in solitary cell known as the "hole". On December 6,

2003, when Plaintiff's parents asked Defendant Owens why he was put in the solitary cell, Defendant Owens told the plaintiff's family that it was for his (Owens') protection. Defendant Owens acknowledged he required plaintiff to sleep on the cell concrete floor on a thin plastic mat even after they told him that plaintiff had back surgery and suffered from degenerative back problems. At that time plaintiff has just returned from the hospital where he had been treated for an injury to his back from a fall at the jail.

10.     "The hole" did not have running water or a toilet. The only facility for urinating or defecating was a hole in the center of the floor beside his plastic pallet where defendants Owens, Wilson, Roberson and Bradley required him to sleep. Though plaintiff was required to urinate and defecate in the open drain hole, his feces and urine could not be flushed from inside the cell. The drain hole had to be flushed by jail staff from outside "the hole" and defendants Owens, Wilson, Roberson, and Bradley did not flush it or cause it to be flushed so he endured extended periods of time before his feces and urine were flushed or removed. On or about December 10, 2003, plaintiff reported to his parents that though he continuously asked for someone to flush the hole that it was for to six hours before it was flushed. This pattern continued the whole time he was kept in the "hole", and on several occasions it was days before his feces and urine were flushed or removed. So that he was required to lay on the floor beside his own feces and urine for during those extended periods of

time.

11.    Plaintiff was not provided toilet paper and was required to use candy wrappers or other such paper or things that he could find to clean himself.

12.    Plaintiff repeatedly called for water to drink but was not given water for hours at a time so that plaintiff was constantly thirsty.  Defendants Owens, Wilson, Roberson and Bradley  knew that the plaintiff was without water for hours at a time but did not provide it to him.  Defendant Bradley repeatedly told plaintiff that he was tired of his asking for water.  Plaintiff  begged for water continuously over the course of the day on a daily basis the whole time he was in the "hole", but defendants did not give it to him. He would repeatedly call out so anyone who could hear might bring it to him, but defendants would go for hours before bringing him any.

13.    Plaintiff was denied access to a shower or means to carry out personal hygiene for extended periods, and on several occasions, for days at a time.  Plaintiff repeatedly requested that he be allowed to use a toilet and that he be allowed to take a bath.  Defendants Owens, Wilson, Roberson and Bradley knew that plaintiff was without basic hygiene for extended periods of time but denied him access to basic hygiene. Plaintiff repeatedly asked defendants to clean his toilet facility and they would laugh at him.

14.    Plaintiff was kept in "the hole" from December 6, 2003 through January 16, 2004.  During that time he was not allowed out for exercise, or use of showers

except on rare occasions. Defendants Owens, Wilson, Roberson and Bradley were aware that plaintiff was not allowed out for exercise or use of basic hygiene but nevertheless denied his requests for access to that hygiene or exercise.

15.    Plaintiff repeatedly begged for help and to go to a doctor because he felt sick and weak, was in pain and suffering from seizures. He repeatedly begged to get medication for his pain. This was virtually a daily occurrence while plaintiff was in the "hole". Defendants Owens, Wilson, Roberson and Bradley were aware that plaintiff was requesting medication and was requesting to see a doctor on repeated basis but did not respond to his request nor did they provide medication or medical treatment at the time that he was requesting it. Plaintiff asked Wilson Roberson and Bradley about this repeatedly. They would reply that defendant Owens had to make those decisions, and that they had told him. Defendants let him lie in pain, crying, hallucinating and begging for help for extended periods of time. When they did give plaintiff medication, they gave it to him in excessive amounts.

16.    Defendants Owens, Wilson, Roberson,  Bradley, Weaver and Coosa County Commission knew that plaintiff was suffering seizures and was confused and distressed.  They  knew that plaintiff was continually crying and begging for the attention of a doctor, but they did not provide him the medical assistance he needed. Defendant Owens took a piece of paper and tapped it over the window in the "hole" in response to plaintiff's repeated cries for help. This was before Christmas. Plaintiff

could see jail staff through the window because of the location of the cell in relation to where the jail office and where the staff generally stayed. When he saw defendants he would beg then to take him to the doctor, and he would beg for water. Owens told plaintiff he covered the window to keep plaintiff calling out all the time.

17. Plaintiff's family went to the jail on several occasions. They went every week during family visitation time, and they spoke to him on the phone on several occasions. On virtually every occasion his parents observed plaintiff confused and crying. He was complaining that bugs were crawling on the walls and in his food. Plaintiff's urine was very dark and plaintiff continued to be without any toilet paper. Plaintiff's mental condition was deteriorating. Defendants knew of plaintiff's deteriorating physical and mental condition but did not call a doctor or provide access to personal hygiene or water. Defendant Roberson on several occasions informed plaintiff's family that plaintiff suffered from seizures, but she acknowledged that no doctor was called.

18. On or about December16, 2003, plaintiff's parents requested a copy of the evaluation and recommendation done by the mental health personnel from defendant Owens. Owens acknowledged that the mental health person had met with plaintiff but he denied that there was any recommendation and refused to provide anything.

19. Plaintiff continued to beg for help from defendants, saying he was real

sick and needed to go to a doctor. Defendant Owens commented to plaintiff's parents that plaintiff's medications were costing about $900.00 a month. Plaintiff's family complained to defendants that he was being given too much medication and not in accordance with what his doctors had previously given him. Defendants told plaintiff's family members that they had their own rules regarding medication and their own doctor.

20.    Plaintiff's condition continued to deteriorate. His skin and his eyeballs turned yellow and his urine remained dark. Plaintiff continued to complain to the jail staff about bugs in his cell, that his food had bugs in it and that he was not being given a bath or allowed to bathe. Defendants knew of plaintiff's deteriorating physical and mental condition and his repeated begging for help and need for a doctor but did not provide him access to adequate medical attention. Plaintiff was in such poor physical condition he spent most of his time lying on the mat on the floor next to the drain.

21.    After plaintiff was placed in the "hole" on December 6, 2003, defendant Bradley assaulted him on several occasions, beginning shortly after he was placed in it and continuously up until shortly before he was taken to Russell Hospital on January 16, 2004. On two occasion defendant Bradley, with another unknown officer, came into the "hole" and while the other officer held plaintiff's legs apart, defendant Bradley tried to kick plaintiff in the groin. On another occasion defendant

Bradley came into the" hole" when plaintiff was sick and lying on his stomach on the floor and defendant Bradley tried to stick a broom stick in plaintiff's rectum. On another occasion when plaintiff requested medication from defendant Bradley, Bradley hit plaintiff in the face. Defendant Bradley was often intoxicated and he would confront plaintiff repeatedly when he was intoxicated and curse at plaintiff.

22.    Plaintiff complained about Bradley's abuse to Lieutenant Wilson, who said he would report it but nothing was done. Plaintiff also complained about Bradley to defendant Wendy Roberson, who also said she would report it, but nothing was done. Plaintiff complained to defendant Owens, asking him when the treatment was going to stop (referring to Bradley) and when he was going to get out of "the hole." Defendant Owens called the plaintiff a "son-of-a-bitch" and told him he would stay in "the hole" until he left the jail.

23.    On another occasion Defendant Bradley kicked plaintiff in the mouth and broke two of his teeth. Defendants took plaintiff to the dentist to get the teeth pulled on or about January 14, 2004.

24.    Defendants Owens, Wilson and Roberson were aware that Bradley would come to work intoxicated and would be abusive toward prisoners but nothing was done to him. Owens acknowledged to plaintiff's family that he knew Bradley would come to work intoxicated.

25.    On Christmas day, 2003, plaintiff's family contacted defendant Owens

and asked if plaintiff could get out of the "hole" and walk around for just a little while.  Owens made the statement that he had the plaintiff in the "hole" for (Owens') protection.  Plaintiff was not let out.   26.    Defendants Wilson, Roberson and Bradley repeatedly laughed at plaintiff when he asked them to clean his toilet facility.

27.    Shortly after Christmas plaintiff began to experience pains in his right side  and complained to defendants that he needed to see a doctor but he was not provided access to any medical treatment.  Plaintiff continued to suffer from hallucinations and told defendants Wilson, Roberson and Bradley that he was seeing dead people but he was not provided access to any medical or psychiatric treatment.  When plaintiff requested of defendant Wendy Roberson that he needed a doctors, she told him that she was the one that ran the jail.

28.    On occasion when plaintiff was finally allowed access to a shower and a razor defendant Bradley grabbed him by the lip and told him that he needed to shave his mustache or that he would not be allowed to see his parents at visitation.

29.    Plaintiff developed a rash all over his body and began to itch very badly.  He complained about this to defendants Wilson, Roberson and Bradley, he cried repeatedly and begged defendants to let him see a doctor but plaintiff was not provided adequate or timely  access to medical treatment.

30.    Defendants gave plaintiff medications but did so without any training or supervision and not in accordance with any medically appropriate treatment scheme.

Plaintiff was given high and inappropriate doses of medication that exacerbated, rather than helped his condition.

31.    Plaintiff experienced shocking feelings all over his body and complained about them to defendants.  Plaintiff became extremely cold laying on the floor but defendant Owens, Wilson, Roberson and Bradley not allow him to move to a bed off of the cold concrete floor. He repeatedly complained about this to them. Plaintiff's confinement in the "hole" was during the months of December and January. The whole jail was so cold at this time that when plaintiff's parents went to regular visitation they had to keep their coats on. Plaintiff's parents observed at those times that the jail staff would be wearing coats also.

32.    After an extended time of several weeks plaintiff was finally taken to see a doctor to address his skin rash.  This was on or about January 7, 2004. Even after plaintiff went to the doctor, plaintiff continued to be confused and depressed on a daily basis.  His skin rash and itchiness continued and he continued to have spells of shocking all over his body.  Plaintiff's condition deteriorated further when he was laying on the floor, itching all over and begging for help on a continuous basis until January 16, 2004, when plaintiff was transported from the jail to Russell Hospital. Plaintiff's diagnoses included drug induced hepatitis, and drug poisoning.

33.    Defendant Coosa County Commission was required under Code of Alabama § 14-6-19 to adequately fund medical care for prisoners.  Defendant Coosa

County Commission was also required under Code of Alabama § 14-6-19 to adequately fund staff to provide medical care to administer necessary medication. Coosa County Commission breached the duty it owed to fund the medial care and to fund adequate staffing for the provision of medical care.

34.    Defendant Coosa County Commission also undertook to hire defendant Randall Weaver to provide medical treatment for inmates at the Coosa County jail. Defendant Weaver was aware of plaintiff's serious medical condition.  He had been provided a summary of plaintiff's medical condition.  He also observed and treated plaintiff when plaintiff was brought to his office.

35.    Defendant Weaver was grossly incompetent in providing medical care to the plaintiff and also chose an easier but less effective course for treating the plaintiff by sending him back for confinement in the jail with no medical facilities and under the observation of untrained personnel and having instructed untrained and unsupervised personnel to give depression medication to plaintiff.  Defendant Weaver was responsible for prescribing medication which resulted in poisoning the plaintiff. Defendant Weaver did not supervise or provide any training for the distribution of plaintiff's medications in the jail.  Defendant Weaver did not consult with the physicians who were treating plaintiff at the time he was confined in the jail or do anything to determine what were the plaintiff's current medications were, or what the appropriate dosages for those medications were.

36.     The Coosa County Commission had a duty when it employed defendant Weaver as its person to provide medical services to the Coosa County jail not to do so negligently.  By employing defendant Weaver the Coosa County Commission established defendant Weaver as the final policymaker for medical treatment so that defendant Weaver's conduct became the conduct of the Coosa County Commission.

37.     The Coosa County Commission knew of Defendant Weaver's gross incompetence, and failure to train or supervise medical treatment and disbursing of medication to prisoners.  It was made known to the Coosa County Commission that plaintiff suffered from a medical condition that required regular medication or he would suffer severe and perhaps fatal consequences.  The medical personnel of Coosa County failed to adequately treat or supervise the providing of medication to plaintiff resulting in his becoming sick, confused, crying, disoriented, upset, having seizures and hallucinations.

38.     Even after the mental health professional advised defendants that plaintiff needed to be evaluated for seizures by a doctor nothing was done.

39.     Defendant Coosa County Commission has responsibility to provide or provide funds to maintain the Coosa County jail.  Defendant Coosa County Commission failed to provide funds to maintain an adequate physical accommodation for habitation in "the hole" at the Coosa County jail.

40.     As a result of plaintiffs treatment by defendants he has been diagnosed

as suffering from Post Traumatic Stress Disorder.

41.     Plaintiff timely filed a notice of claim into the Coosa County Commission.

## COUNT I

42.      Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

43..    Defendants Owens, Wilson, Roberson, Bradley, Weaver, and the Coosa County Commission knew that the plaintiff was in serious need of medical care but acted under color of law with deliberate indifference in failing and/or refusing to obtain prompt or adequate medical treatment for the plaintiff and, despite their knowledge of plaintiff's worsening condition and pain, took an easier though less effective treatment.

44.     As a consequence of defendants' actions they violated the plaintiff's constitutional rights to due process under the Fourteenth Amendment of the U.S. Constitution and his rights to be free from cruel and unusual punishment under the Eighth Amendment of the U. S. Constitution.  Plaintiff sues under 42 U.S.C. § 1983 to enforce his rights against these defendants.

45.     As a result of defendants' deliberate indifference to plaintiff's constitutional right plaintiff was caused to suffer physical injury and mental anguish and permanent injury.

Wherefore, plaintiff demands judgment against the defendants for compensatory and punitive damages, declaratory relief, injunctive relief, a reasonable attorneys fee, costs and such other, further, and different relief as this court may determine to be appropriate.

## COUNT II

46.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

47.    The defendants Owens, Wilson, Roberson, Bradley, Weaver and the Coosa County Commission violated plaintiff's constitutional rights to due process under the Fourteenth Amendment of the U. S. Constitution and his right to be free from cruel and unusual punishment under the Eighth Amendment of the U. S. Constitution, when they acted under color of law with deliberate indifference by confronting plaintiff's serious medical condition with treatment that was so cursory as to amount to no treatment at all and when they delayed treatment for an unreasonable amount of time when it was apparent that delay would detrimentally exacerbate plaintiff's medical condition.

48.    Defendants Owens, Wilson, Weaver, and the Coosa County Commission further violated plaintiff's constitutional rights when they acted under color of law with deliberate indifference by failing to train Staff in the jail to properly and adequately provide medication to the plaintiff.    They further violate plaintiffs

constitutional rights when they acted under color of law with deliberate indifference by failing to provide adequate training to jail staff how to identify inmates who suffered from physical as well as mental illness and needed medical treatment, and how to refer inmates for adequate medical treatment for their serious medical needs.

49.    As a result of defendants' violation of plaintiff's constitutional rights. Plaintiff suffered physical pain and mental anguish and permanent injury.

50.    Plaintiff seeks to enforce his constitutional rights through 42 U.S.C. § 1983 against these defendants.

Wherefore, plaintiff demands judgment against these defendants for compensatory punitive damages, injunctive relief, declaratory relief, a reasonable attorneys fee, costs and such other, further, and different relief as this court may determine to be appropriate.

## COUNT III

51.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

52.    Defendants Owens, Wilson, Roberson, Bradley, and the Coosa County Commission had a duty under the due process clause of the Fourteenth Amendment and under the cruel and unusual punishment clause of the Eighth Amendment to the U. S. Constitution to provide plaintiff with an environment that does not impair his physical and mental health and is an adequate living space.

53.    Defendants violated plaintiff's constitutional right when they acted under color of law with deliberate indifference by placing him in "the hole" in excess of forty days as set out above; which, as constructed and maintained, was inadequate for human habitation.

54.    Plaintiff seeks to enforce his constitutional rights under 42 U.S.C. § 1983.

55.    As a consequence of defendants violation of plaintiff's constitutional rights, plaintiff suffered physical pain and mental anguish and permanent injury.

Wherefore, plaintiff demands judgment against these defendants for compensatory and punitive damages, injunctive relief, declaratory relief, a reasonable attorneys fee, costs and such other, further, and different relief as this court may determine to be appropriate.

## COUNT IV

56.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

57.    Defendant Owens, Wilson and Roberson, violated plaintiff's Fourteenth Amendment due process rights and Eighth Amendment protection against cruel and unusual punishment when they acted under color of law with deliberate indifference by failing to provide training to jail staff regarding the mistreatment and proper treatment of prisoners, and who they failed to take remedial action for ongoing abuse

by jail staff.

58.     Plaintiff seeks to enforce his constitutional rights under 42 U.S.C. §
1983.

59.     As a result of defendants' deliberate indifference to plaintiff's
constitutional rights,

plaintiff has suffered mental anguish and physical pain and permanent injury.

Wherefore, plaintiff demands judgment against these defendants for
compensatory and punitive damages, injunctive relief, declaratory relief, a reasonable
attorneys fee, costs and such other, further, and different relief as this court may
determine to be appropriate.

## COUNT V

60.     Plaintiff adopts and realleges each and every material averment as
specifically set out and plead herein.

61.     Plaintiff avers that defendants Owens, Wilson, Roberson, and Bradley
violated plaintiff's constitutional rights under the due process clause of the
Fourteenth Amendment to the U. S. Constitution and the cruel and unusual
punishment clause of the Eighth Amendment to the U. S. Constitution when they
abused and/or when on notice of abuse,  were deliberately indifferent to it such that
they failed to stop it.

62.     Plaintiff seeks to enforce his constitutional rights under 42 U.S.C. §

1983.

63.    As a result of defendants' deliberate indifference to plaintiff's constitutional rights, plaintiff has suffered mental anguish and physical pain and permanent injury.

Wherefore, plaintiff demands judgment against these defendants for compensatory and punitive damages, injunctive relief, declaratory relief, a reasonable attorneys fee, costs and such other, further, and different relief as this court may determine to be appropriate.

<u>COUNT VI</u>

64.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

65.    The defendant Coosa County Commission had a duty under Code of Alabama § 14-6-19  to fund medical care for prisoners of the Coosa County jail. Defendant Coosa County Commission also had a duty to adequately fund staff to provide medical care to prisoners in the Coosa County jail.

66.    Defendant breached these duties they owed to the plaintiff. The funding for medical care for prisoners was inadequate such that plaintiff did not receive adequate medical care.  The funds were also inadequate to sufficiently train jail staff Coosa County Commission  to provide medical care to prisoners.

67.    As a result of the breach of duty by defendant Coosa County

Commission plaintiff has suffered mental anguish and physical pain and permanent injury.

Wherefore, plaintiff demands judgment against these defendants for compensatory damages, injunctive relief declaratory relief, costs, and such other, further, and different relief as this court may determine to be appropriate.

<u>COUNT VII</u>

68.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

69.    Defendant Coosa County Commission employed defemdant Randall Weaver to provide medical treatment to the prisoners in the Coosa County jail. Defendant Coosa County Commission assumed the duty not to do so negligently. Defendant Coosa County Commission acted negligently in employing defendant Weaver to provide adequate medical treatment to inmates in the Coosa County jail, and continuing to employee him when it was on notice that Weaver was not providing adequate medical treatment

70.    As a result of defendant's negligence, plaintiff has suffered mental anguish and physical pain and permanent injury.

Wherefore, plaintiff demands judgment against these defendants for compensatory damages, injunctive and declaratory relief, costs, and such other further and different relief as this court may determine to be appropriate.

<u>COUNT VIII</u>

71.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

72.    Plaintiff avers that defendant Coosa County Commission had a duty to provide a facility and to provide adequate funding to provide a safe and habitable facility for inmates of the Coosa County jail.

73.    Defendant Coosa County Commission breached that duty which resulted in plaintiff suffering physical pain and mental anguish.

Wherefore, plaintiff demands judgment against the defendant for compensatory damages, injunctive relief and declaratory relief, costs, and such other, further, and different relief as this court may determine to be appropriate.

<u>COUNT IX</u>

74.    Plaintiff adopts and realleges each and every material averment as specifically set out and plead herein.

75.    Plaintiff avers that defendant Coosa County Commission and defendant Randall Weaver owed plaintiff a duty to provide medical treatment to the plaintiff.

76.    Defendants breached their duty when Weaver breached the standard of care required of physicians by failing to adequately treat the plaintiff, but instead provided such grossly incompetent treatment that plaintiff suffered seizures, pain, mental anguish, drug poisoning, drug induced hepatitis, onset of his bipolar disorder,

exacerbation of his back injury, and post traumatic stress disorder.

Wherefore, plaintiff demands judgment against these defendants for compensatory damages, injunctive relief, declaratory relief, costs, and such other, further, and different relief as this court may determine to be appropriate.

Respectfully submitted

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

**PLAINTIFF REQUEST A JURY TRIAL ON ALL
ISSUES TRIABLE BY A JURY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL BRYAN KELLY,              )
                                 )
        Plaintiff,               )
                                 )
vs.                              )Civil Action No. 2:05-cv-01150-MHT-DRB
                                 )
RICKY OWENS, et al.              )
                                 )
        Defendants.              )

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission**
**and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson,
Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com