**IN THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| **DANIEL BRYAN KELLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 2:05CV1150-M** |
| | ) |
| **RICKY OWENS, ET AL** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT, AL BRADLEY'S ANSWER TO AMENDED COMPLAINT

**COMES NOW**, Al Bradley, in his individual capacity, and Answers the Plaintiff's Amended Complaint filed on May 22, 2006, as follows.

## JURISDICTION

1.      Admitted that the Plaintiff is over the age of nineteen. Defendant Bradley is without sufficient knowledge as to the remaining averment of this paragraph, therefore it is denied.

2.      Defendant Bradley admits that he is over the age of nineteen and is employed as a Jailer at the Coosa County Jail.

3.      Defendant Bradley neither admits nor denies the allegations contained in paragraph 3, for the reason paragraph 3 of the Plaintiff's Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

## ALLEGATIONS OF FACTS

4.      Upon information or belief, it is admitted that the Plaintiff was placed in Coosa County Jail on November 13, 2003. Defendant Bradley further admits that he was employed as a Jailer at the Coosa County Jail on said date. All other allegations contained in paragraph 4 are denied.

1

5.      Denied.

6.      Defendant Bradley admits that the Plaintiff was evaluated and treated by a physician on numerous occasions during the course of his incarceration at the Coosa County Jail.  Defendant Bradley is without sufficient knowledge or information to form a belief as to the truth of the remaining averment contained in paragraph 6 of the Complaint, therefore they are denied.

7.      Defendant Bradley admits that the Plaintiff was taken to Russell Hospital for treatment on at least one occasion during the course of his incarceration at the Coosa County Jail. Defendant Bradley is without sufficient knowledge or information to form a belief as to the truth of the remaining averment contained in paragraph 7 of the Complaint, therefore they are denied.

8.      Denied.

9.      Defendant Bradley admits that during the Plaintiff's incarceration at the Coosa County Jail he was placed in a holding cell for his own protection.  All other averments contained in paragraph 9 of the Plaintiff's Complaint are denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Defendant Bradley is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 18 of the Plaintiff's Complaint, therefore they

2

are denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant Bradley is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 25 of the Plaintiff's Complaint, therefore they

are denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     No response is required of this Defendant.

34.     No response is required of this Defendant.

35.     No response is required of this Defendant.

36.     No response is required of this Defendant.

37.     No response is required of this Defendant.

38.     Denied.

39.    No response is required of this Defendant.

40.    Denied.

41.    Defendant Bradley neither admits nor denies the allegations contained in paragraph 41, for the reason that paragraph 41 of the Plaintiff's Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

## COUNT I

42.    Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-41 of the Plaintiff's Amended Complaint.

43.    Denied.

44.    Denied.

45.    Denied.

## COUNT II

46.    Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-45 of the Plaintiff's Amended Complaint.

47.    Denied.

48.    Denied.

49.    Denied.

50.    No response is required of this Defendant.

## COUNT III

51.    Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-50 of the Plaintiff's Amended Complaint.

52.    Defendant Bradley neither admits nor denies the allegations contained in paragraph

52, for the reason that paragraph 52 of the Plaintiff's Amended Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

53.    Denied.

54.    Defendant Bradley neither admits nor denies the allegations contained in paragraph 54, for the reason that paragraph 54 of the Plaintiff's Amended Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

55.    Denied.

## COUNT IV

56.    Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-55 of the Plaintiff's Amended Complaint.

57.    No response is required of this Defendant.

58.    Defendant Bradley neither admits nor denies the allegations contained in paragraph 58, for the reason that paragraph 58 of the Plaintiff's Amended Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

59.    Denied.

## COUNT V

60.    Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-59 of the Plaintiff's Amended Complaint.

61.    Denied.

62.    Defendant Bradley neither admits nor denies the allegations contained in paragraph 62, for the reason that paragraph 62 of the Plaintiff's Amended Complaint states conclusions of law which should be determined by this Honorable Court and requires no answer of this Defendant.

.

63.     Denied.

## COUNT VI

64.     Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-63 of the Plaintiff's Amended Complaint.

65.     No response is required of this Defendant.

66.     No response is required of this Defendant.

67.     No response is required of this Defendant.

## COUNT VII

68.     Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-67 of the Plaintiff's Amended Complaint.

69.     No response is required of this Defendant.

70.     No response is required of this Defendant.

## COUNT VIII

71.     Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-70 of the Plaintiff's Amended Complaint.

72.     No response is required of this Defendant.

73.     No response is required of this Defendant.

## COUNT IX

74.     Defendant Bradley incorporates, as if fully set out herein, his answers to paragraphs 1-73 of the Plaintiff's Amended Complaint.

75.     No response is required of this Defendant.

76.     No response is required of this Defendant.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.      Defendant Bradley is entitled to and pleads qualified immunity.

3.      Defendant Bradley was not deliberately indifferent in any respect.

4.      The Plaintiff's Complaint fails to meet the 11th Circuit pleading requirement.

5.      The Plaintiff can not prove violations of his rights under the Fourteenth Amendment of the United States Constitution.

6.      Defendant Bradley denies that any act or admission attributable to him caused the Plaintiff to be deprived of his Federally protected rights.

7.      The Eleventh Amendment to the United States Constitution bars this court from exercising its jurisdiction over any state law claims made against this Defendant.

8.      Defendant Bradley reserves the right to add additional defenses upon a complete investigation of the Plaintiff's claims, completion of any discovery allowed, and if any other further Pleading is required or allowed by the court.

Respectfully submitted this the 2nd day of June, 2006.


 /s/ Kristi A. Dowdy
KRISTI A. DOWDY
ALA. BAR NO.: ASB-4760-W86K
ATTORNEY FOR AL BRADLEY, TERRY
WILSON & WENDY ROBERSON


OF COUNSEL:
McDONALD & DOWDY
1005 Montgomery Highway
Birmingham, Alabama 35216
(205) 824-0507 - telephone
(205) 824-0509 - facsimile

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 2nd day of June, 2006, I did electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following CM/ECF participants:

Gary L. Willford, Jr., Esq.
Webb & Eley, P.C.
7475 Haleyon Pointe Road
Post Office Box 240909
Montgomery, Alabama 36124
*Attorney for Defendants Coosa County,*
*    Owens, Coosa County Commission*

Richard J. Stockham, III, Esq.
Stockham, Carroll & Smith, P.C.
2400 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
*Attorney for Plaintiff*

Alex L. Holtsford, Jr., Esq.
Rick A. Howard, Esq.
Nix, Holtsford, Gilliland,
    Higgins & Hitson, P.C. Z
Post Office Box 4128
Montgomery, Alabama 36103-4128
*Attorneys for Health Services, Inc.*
*    & Dr. Weaver*

 /s/ Kristi A. Dowdy
KRISTI A. DOWDY

8