IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05CV1150-M |
| | ) |
| RICKY OWENS, ET AL | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON'S
MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW, Al Bradley, Terry Wilson, and Wendy Roberson, Defendants in the above-styled cause and submit the following Memorandum of Law in support of their Motion to Dismiss filed contemporaneously herewith.

**INTRODUCTION**

The Plaintiff filed his Complaint on December 6, 2005, alleging violation of his Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983. The Plaintiff filed an Amended Complaint on May 22, 2006.

In the Plaintiff's Amended Complaint, the Plaintiff specifically states that he was a pretrial detainee during the time of his Eighth and Fourteenth Amendment Constitutional Rights were violated. The Plaintiff continues to state in the style of this case, as well as in the body of his Amended Complaint that he has sued the above-named Defendants in their "official", as well as individual capacities.

A Motion to Dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See

Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Plaintiff's claims against these Defendants for violations of his Eighth Amendment Rights and the Plaintiff's claims against these Defendant in their official capacities are due to be dismissed on the legal grounds below.

## ARGUMENT

The Plaintiff's claims against these Defendants for violations of his Eighth Amendment Rights are due to be dismissed as the Plaintiff was admittedly a pretrial detainee while at the Coosa County jail. (Plaintiff's Amended Complaint, paragraph 4). In addition, the Plaintiff's claims against the above-named Defendants in their official capacities are due to be dismissed for the Plaintiff's failure to state a claim against them. The Eleventh Amendment to the United States Constitution bars the Plaintiff's claims against the above-named Defendants and under long established law and the above-named Defendants, as jailers, are not "persons" for purposes of 42 U.S.C. § 1983.

**I.   THE PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON ARE DUE TO BE DISMISSED.**

Defendants Bradley, Wilson, and Roberson adopt as if fully set out herein the argument made by Coosa County Sheriff Ricky Owens in his Memorandum Brief in Support of his Motion to Dismiss regarding this issue found at § II on page 7.

**II.   PLAINTIFF'S CLAIMS AGAINST AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

Plaintiff's claims under § 1983 against Defendants Bradley, Wilson and Roberson in their official capacities are due to be dismissed for lack of subject matter jurisdiction. These defendants are state officials and a suit against them in their official capacities, is a suit against the State of Alabama. Lancaster v. Monroe County, 116 F.3d 1419, 1429 (1997) (finding both Alabama sheriffs and jailers are state officials). The Eleventh Amendment to the United States Constitution, therefore, prevents the Plaintiff from bringing his claims under § 1983. Thus, this Court lacks subject matter jurisdiction over these claims, and these defendants, in their official capacities are entitled to be dismissed from this action.

### III. DEFENDANTS AL BRADLEY, TERRY WILSON, AND WENDY ROBERSON IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSON" UNDER 42 U.S.C. § 1983.

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The claims against the above-named defendants in their official capacities are due to be dismissed because these individuals are not "a persons" under § 1983. Id.; Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing Will v. Michigan Dep't of State Police and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in his official capacity are a 'person' under § 1983"). Accordingly, the Plaintiff's claims against these Defendants are due to be dismissed.

### CONCLUSION

The Plaintiff was admittedly a pretrial detainee and thus can not assert violations of his

Eighth Amendment Rights as the Fourteenth Amendment Due Process Clause governs the rights of pretrial detainees.

The difference between official and individual capacity claims is far more than mere semantics. The Plaintiff's claims against these defendants in their official capacities are due to be dismissed.

Respectfully submitted this the 2nd day of June 2006.

      /s/ Kristi A. Dowdy
KRISTI A. DOWDY
ALA. BAR NO.: ASB-4760-W86K
ATTORNEY FOR AL BRADLEY, TERRY WILSON & WENDY ROBERSON

**OF COUNSEL:**
McDONALD & DOWDY
1005 Montgomery Highway
Birmingham, Alabama 35216
(205) 824-0507 - telephone
(205) 824-0509 - facsimile

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 2nd day of June, 2006, I did electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following CM/ECF participants:

Gary L. Willford, Jr., Esq.  
Webb & Eley, P.C.  
7475 Haleyon Pointe Road  
Post Office Box 240909  
Montgomery, Alabama 36124  
*Attorney for Defendants Coosa County,*  
   *Owens, Coosa County Commission*

Alex L. Holtsford, Jr., Esq.  
Rick A. Howard, Esq.  
Nix, Holtsford, Gilliland,  
   Higgins & Hitson, P.C. Z  
Post Office Box 4128  
Montgomery, Alabama 36103-4128  
*Attorneys for Health Services, Inc.*  
   *& Dr. Weaver*

Richard J. Stockham, III, Esq.  
Stockham, Carroll & Smith, P.C.  
2400 Lakeshore Drive, Suite 114  
Birmingham, Alabama 35209  
*Attorney for Plaintiff*

      /s/ Kristi A. Dowdy  
      KRISTI A. DOWDY