IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-1150-MHT-DRB** |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT RANDALL W. WEAVER, M.D.'s,
ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Randall W. Weaver, M.D., (Weaver; Dr. Weaver) by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, answers Plaintiff's First Amended Complaint as follows:

**FIRST DEFENSE**

By operation of the Federally Supported Health Centers Assistance Act of 1992 (FSHCAA), 42 U.S.C. § 233 (g)-(n), Dr. Weaver is protected by statutory absolute immunity from all of plaintiff's claims. 42 U.S.C. §§ 233 (a), (g). The remedy against the United States provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671-2680, is plaintiff's sole and exclusive remedy for damages arising from Dr. Weaver's performance of medical, or related, functions. *Id.*

**SECOND DEFENSE**

Plaintiff has failed to comply with the FTCA's jurisdictional prerequisite of filing an administrative claim with the Department of Health and Human Services. 28 U.S.C. § 2675.

## THIRD DEFENSE

All of plaintiff's claims against Dr. Weaver are barred by the applicable two-year statute of limitations.

## FOURTH DEFENSE

Dr. Weaver was not an employee or agent of Coosa County, the Coosa County Jail, or any related county agency or entity, at the time he rendered medical services to plaintiff in his office on November 26, 2003. Dr. Weaver has never been an employee or agent of Coosa County.

## FIFTH DEFENSE

Defendant Weaver had no duty of care or responsibility for conditions of confinement or medical services at the Coosa County Jail.

## SIXTH DEFENSE

Defendant Weaver was not acting under color of State law at the time he rendered medical services to plaintiff in his office.

## SEVENTH DEFENSE

Defendant Weaver denies that he breached any duty of care owed to Plaintiff.

## EIGHTH DEFENSE

The First Amended Complaint fails to state a claim against Defendant Weaver upon which relief can be granted.

## NINTH DEFENSE

The conduct of Defendant Weaver complied with all applicable medical standards of care.

## TENTH DEFENSE

Contributory Negligence.

## ELEVENTH DEFENSE

Dr. Weaver did not violate any of plaintiff's constitutional rights

## TWELFTH DEFENSE

To the extent that Dr. Weaver is subject to plaintiff's constitutional claims, he is entitled to the protection of qualified immunity.

Defendant Weaver reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

NOW, having set forth certain of his defenses herein, Defendant Weaver responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant Weaver admits paragraph 1.

2. Defendant Weaver denies paragraph 2.

3. Paragraph 3 is plaintiff's characterization of his claims to which no response is required.

4. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.

5.   Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 5.

6.   Defendant Weaver admits that he examined plaintiff in his office on November 26, 2003, after a reported fall. Defendant Weaver denies all other allegations contained in paragraph 6.

7.   Defendant Weaver denies the allegations contained in paragraph 7.

8.   Defendant Weaver denies the allegations contained in paragraph 8.

9.   Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 9.

10.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10.

11.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11.

12.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12.

13.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13.

14.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15.  Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 15.

16. Defendant Weaver denies the allegations contained in paragraph 16.

17. Defendant Weaver denies the allegations contained in paragraph 17.

18. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

19. Defendant Weaver denies the allegations contained in paragraph 19.

20. Defendant Weaver denies the allegations contained in paragraph 20.

21. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 21.

22. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 23.

24. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

25. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 25.

26. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 26.

27. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 27.

28. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 28.

29. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 29.

30. Defendant Weaver denies the allegations contained in paragraph 30.

31. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 31.

32. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 32.

33. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33.

34. Defendant Weaver denies the allegations contained in paragraph 34.

35. Defendant Weaver denies the allegations contained in paragraph 35.

36. Defendant Weaver denies the allegations contained in paragraph 36.

37. Defendant Weaver denies the allegations contained in paragraph 37.

38. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 38.

39. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 39.

40. Defendant Weaver denies the allegations contained in paragraph 40.

41. Defendant Weaver is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 41.

42. Defendant Weaver adopts his previous responses to plaintiff's allegations.

43. Defendant Weaver denies the allegations contained in paragraph 43.

44. Defendant Weaver denies the allegations contained in paragraph 44.

45. Defendant Weaver denies the allegations contained in paragraph 45.

Answering the unnumbered Wherefore paragraph which immediately follows Paragraph 45 of the First Amended Complaint, Defendant Weaver denies that Plaintiff is entitled to judgment or any relief whatsoever from him.

46. Defendant Weaver adopts his previous responses to plaintiff's allegations.

47. Defendant Weaver denies the allegations contained in paragraph 47.

48. Defendant Weaver denies the allegations contained in paragraph 48.

49. Defendant Weaver denies the allegations contained in paragraph 49.

50. Paragraph 50 is plaintiff's characterization of his claims to which no response is required. Defendant Weaver denies that he violated plaintiff's constitutional rights.

Answering the unnumbered Wherefore paragraph which immediately follows Paragraph 50 of the First Amended Complaint, Defendant Weaver denies that Plaintiff is entitled to judgment or any relief whatsoever from him.

51-55. Dr. Weaver is not named in Count III.

56-59. Dr. Weaver is not named in Count IV.

60-63.  Dr. Weaver is not named in Count V.

64-67.  Dr. Weaver is not named in Count VI.

68.  Defendant Weaver adopts his previous responses to plaintiff's allegations.

69.  Defendant Weaver denies the allegations contained in paragraph 69.

70.  Defendant Weaver denies the allegations contained in paragraph 70.

Answering the unnumbered Wherefore paragraph which immediately follows Paragraph 70 of the First Amended Complaint, Defendant Weaver denies that Plaintiff is entitled to judgment or any relief whatsoever from him.

71-73.  Dr. Weaver is not named in Count VIII.

74.  Defendant Weaver adopts his previous responses to plaintiff's allegations.

75.  Defendant Weaver denies the allegations contained in paragraph 75.

76.  Defendant Weaver denies the allegations contained in paragraph 76.

Answering the unnumbered Wherefore paragraph which immediately follows Paragraph 76 of the First Amended Complaint, Defendant Weaver denies that Plaintiff is entitled to judgment or any relief whatsoever from him.

WHEREFORE, having fully answered the allegations in Plaintiff's First Amended Complaint, Defendant Weaver requests that the Court enter an Order dismissing the Complaint in its entirety, with prejudice; award Defendant Weaver costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 2nd day of June, 2006.

                                                LEURA G. CANARY
                                                United States Attorney


By:   /s/Stephen M. Doyle
        STEPHEN M. DOYLE
        Chief, Civil Division
        Assistant United States Attorney
        **Attorney for Defendant Randall Weaver**, **M.D.**
        Post Office Box 197
        Montgomery, AL  36101-0197
        District of Columbia Bar No. 422474
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        **E-mail:  stephen.doyle@usdoj.gov**


## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III, Esquire, Kendrick E. Webb, Esquire, Kristi Allen Dowdy, Esquire, and Gary L. Willford, Jr., Esquire.


                                              /s/Stephen M. Doyle
                                            Assistant United States Attorney