IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS BRADLEY, WILSON AND ROBERSON'S MOTION TO DISMISS AMENDED COMPLAINT

Defendants Bradley, Wilson, and Roberson (hereinafter referred to as "Defendants") acknowledge they have been sued both in their official capacities and in their individual capacities in the amended complaint. The Defendants claim they are due to have the claims against them in their official capacities dismissed. Citing *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419 (11th Cir. 1997) Defendants argue that, as state officials, the Eleventh Amendment to the U. S. Constitution gives them immunity when sued in their official capacity. Citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521 (11th Cir. 1990) and *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) Defendants further argue that, as state officials, they are not "persons" subject to suit under §1983.

Those cases are distinguishable from the facts at hand because they require

dismissal only when the Plaintiff is seeking monetary damages against a Defendant in their official capacity. Here, Plaintiff seeks damages against these Defendants in their individual capacities as well as injunctive and declaratory relief in their official capacities. See Complaint, counts I-V. The Supreme Court has said that a court may not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46(1957).

## I. OFFICIAL CAPACITY CLAIMS

Defendants are sued both in their official capacities and their individual capacities. With respect to the Plaintiff's 'official capacity' claims, they argue that Plaintiff's claims are due to be dismissed for three reasons: 1) Eleventh Amendment immunity, 2) public officials are not 'persons' in §1983 actions when sued in their official capacity, and 3) plaintiff's claims are moot. They are wrong on all three grounds because: 1) Eleventh Amendment immunity does not apply to injunctive relief, 2) §1983 suits are allowed against public officials in their official capacities for injunctive relief, and 3) Plaintiff's claims are not moot.

## A. ELEVENTH AMENDMENT

Defendants have moved to dismiss the 'official capacity' claims against them, arguing that they are barred by the Eleventh Amendment, but the 11th Circuit has held that the Eleventh Amendment does not bar §1983 suits against state officials in their

official capacities with regard to injunctive or declaratory relief. In *Parker v. Williams,* 862 F2d 1471,1475 (11th Cir. 1989) the court said: "the Eleventh Amendment does not insulate from suit state officials acting in their official capacities, at least for prospective injunctive relief, *Edelman v. Jordan,* 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974)...". Also *Kentucky v. Graham* 473 U.S. 159, 170; 105 S.Ct. 3099, 3107 Fn.18 (1985)   held that state officials can be sued in their official capacity for injunctive  relief. It said: "In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants...". Since Plaintiff is seeking injunctive and declaratory relief the Eleventh Amendment is no barr to suit.

B. §1983 PERMITS 'OFFICIAL CAPACITY' SUITS FOR EQUITABLE RELIEF

Defendants have moved to dismiss the 'official capacity' claims against them, because state officials are not "persons" under §1983, citing *Will v. Michigan Dept. Of State Police*, 491 U.S. 58,71 (1989), and Carr v, City of Florence, 918 F2d 1521, 1525 n.3 (11th Cir. 1990). *Will v. Michigan Dept. Of State Police*, 491 at 71, however, specifically recognizes that §1983 'official capacity' suits for injunctive and declaratory relief are permitted. It says, at footnote 10: "of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because "official-capacity actions for prospective relief are not treated as actions against the State." Plaintiff here is pursuing injunctive and declaratory relief

against Defendants in their official capacities, so, for purposes of §1983, they are 'persons' in their official capacities.

C. PLAINTIFF'S REQUESTS FOR EQUITABLE RELIEF ARE GOOD CLAIMS

1. NOT MOOT

Defendants, adopting and incorporating by reference the arguments made by Defendant Owens in his brief in support of his motion to dismiss, argue that Plaintiff has been transferred from the Coosa County jail so that Plaintiff's claims for injunctive and declaratory relief are moot. In support of this he cites to *Cotterall v. Paul*, 755 F2d 777,780 (11th Cir.1985), and to *McKinnon v. Talledega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) for the proposition that a prisoner's transfer or release from jail moots his claim for declaratory or injunctive relief. First, to demonstrate mootness, the Defendants have the heavy burden of showing that subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be expected to occur. *U.S. Dept. of Labor v. Burger King Corp.*, 955 F.2d 681, 686 (11th Cir. 1992). Second, because of the inherent difficulty in fashioning a test for mootness, the Supreme Court requires consideration of the facts on a case by case basis, *Maryland Casualty Co. v. Pacific Co.*, 312, U.S.270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Third, in both *Cotterall* and *McKinnon,* the court held that the claims were moot because the likelihood of the events recurring were too speculative. The facts here are different, Plaintiff is much more likely to be

confronted with confinement in the Coosa County jail due to his mental and physical illnesses, and, additionally, Plaintiff's injury is ongoing, so that Plaintiff's claims for injunctive and declaratory relief are not moot.

Both in *Cotterall* and *McKinnon* the courts emphasize the speculative nature of the Plaintiff ending back up in those jails. Both *Cotterall* and *McKinnon* based their holding in reliance on *Dudley v. Stewart,*, 724 F.2d 1493, 1494 (11th Cir.1984) (See *Cotterall* at 780, *McKinnon* at 1363)   *Dudley*, in turn, held that the claim for injunctive relief was moot because "since Dudley is no longer in the custody of county jail officials, <u>the most that can be said for his standing</u> is that *if* he is released from prison, is convicted of another crime and is incarcerated in the Daugherty County Jail, he might again be subject to disciplinary confinement without due process."[1] (emphasis supplied).  *Dudley*, in turn, based its holding on the holding in *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 675-76, 38 L.Ed.2d 674 (1974) that "past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief <u>if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.</u>"(emphasis supplied) *Dudley* at 1494. Dudley also relied on *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) which reaffirmed *O'Shea*.

---

[1] Mootness is the doctrine of standing set in a continuing time frame. Church v. City of Huntsville, 30 F.3d 1332, 1338. fn.2 (11th Cir.1994)

Here, as a result of Plaintiff's treatment by defendants, Plaintiff has been diagnosed as suffering Post Traumatic Stress Disorder (Complaint ¶ 40). This continuing injury makes plaintiff especially sensitive and reactive. Plaintiff expects the evidence will be that, since he has been confined in the state penitentiary, he has had involuntary reactions that caused to be revisited upon him all the horrors he suffered in the Coosa County jail when he was awakened and merely given an order by a prison guard. Plaintiff expects the evidence will be that this reaction caused the prison system to transfer him to the state prison system's psychiatric unit. In this way, plaintiff's continuing injury makes him much more vulnerable, so that merely being arrested and confined in the Coosa County jail in its current condition will likely further exacerbate his continuing injuries.

Combined with the foregoing, Plaintiff has a history of mental and physical illnesses (bi-polar disorder, seizures, memory loss, migraine headaches, lower back pain and degenerative disc disorder)(Complaint ¶¶ 5,6). These illnesses make it more likely that plaintiff will be re-confined in the Coosa County jail. Plaintiff expects the evidence will be that he is prone to substance abuse in an attempt to get relief from his illnesses. Plaintiff also expects the evidence will be that his probation has already, once before, been revoked for substance abuse. Plaintiff's mental illness and proneness to engage in substance abuse, as a result of his many physical and mental injuries, will make it likely that he will be re-confined in the Coosa County jail,

confinement to which will likely exacerbate his continuing injury. This is so, not only because parole revocation is vested in the circuit judge, here the judge in Coosa County, See *Crowe v State*, 661 So.2d 112, 113(Ala. Crim. App. 1995), but also because even prior to any adjudication he is likely, pursuant to Code of Ala. 15-22-31(b), to be held in the Coosa County jail if Plaintiff's parole officer says in writing that in his judgment Plaintiff has violated his parole.

In light of the foregoing facts, this case is more like *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994) and *Lynch v. Baxley*, 747 F.2d 1452 (11th Cir.1984) where the Eleventh Circuit found that the claims for injunction were not moot, than like *Cotterall*, *McKinnon* or *Dudley*. In *Church* the court held that homeless people who were seeking an injunction against the city from harassing and removing them from the city was not moot. In *Lynch* the court held that mentally ill people against the state's practice of detaining people in county jails pending commitment hearings was not moot. Both rely upon an analysis of *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) in arriving at their conclusion, as do *Cotterall*, *McKinnon* and *Dudley*.

To begin with, Plaintiff has alleged that he continues to suffer the adverse effects of Defendants' wrongful conduct. *Lyons,* 461 U.S. at 102, 103 S.Ct. at 1665 (quoting *O'Shea,* 414 U.S. at 496, 94 S.Ct. at 676) held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive

relief ... <u>if unaccompanied by any continuing, present adverse effects.</u>" (Emphasis supplied). It follows that, because Plaintiff continues to suffer adverse effects that his claim is not moot. For this reason this is not like those cases (the citation to which Defendants incorporated by reference: *Cotterall*, *McKinnon*, *Dudley* and *Lyons*) where the wrongs that prisoners suffered lay all in the past. For this reason Plaintiff's claim for injunctive and declaratory relief is not moot.

Second, The *Church* Court distinguished the situation there from the *Lyons* case by finding that "the plaintiffs here are far more likely to have future encounters with the police than was Lyons." *Church* at 1337. *Church* observed that though the *Lyons* Court refused to assume plaintiff would again violate traffic laws, prompting police to stop him, the Supreme Court has permitted such assumption when, for reasons beyond the plaintiff's control, he is unable to avoid repeating the conduct that led to the original injury, citing *Honig v. Doe,* 484 U.S. 305, 320, 108 S.Ct. 592, 602, 98 L.Ed.2d 686 (1988). *Church* at 1337-8.

In *Honig*, officials removed an emotionally disturbed child from class for misconduct without following the Education of the Handicapped Act requirements. The *Honig* Court held it was reasonable to assume the child would return to class, and given his history of behavior problems, and found it reasonable he would engage in misconduct again. It also found it equally probable that officials would remove the adolescent from class without complying with the EHA. So *Honig* held the Plaintiff

had standing, *Honig* at 323, 108 S.Ct. at 604.

Here Plaintiff, due to the nature of his ongoing injury, combined with his mental illness, his physical illnesses, and his propensity to substance abuse as relief for the effects of his illness put him in the situation that he will be much more likely to be rearrested and confined, like the plaintiff in *Honig* rather than the plaintiff in *Lyons*. *Church* observes, citing *Lyons*, that "because Lyons had not resisted police--and there was no indication he would do so if stopped again in the future--he had no basis to challenge a policy that only authorized use of chokeholds against suspects who resist arrest." *Church* at 1339. It follows that if Lyons had had a predisposition to resist arrest because of some mental illness, then Lyons' would have had standing to seek an injunction. As already noted, Plaintiff's injury, unlike those in *Honig* and *Lyons*, is ongoing, and so it is not a question of repeating the injury, but of exacerbating it.

Similarly, in *Lynch v. Baxley,* 744 F.2d 1452, 1456-57 & nn. 6-7 (11th Cir.1984), citing *Lyons*, the Eleventh Circuit held a mentally ill plaintiff had standing to seek an injunction stopping the practice of holding him in the county jail pending commitment hearings. Though Lynch was no longer in jail when he became a plaintiff, it held that his mental illness would likely recur so he would likely continue to be the subject to commitment proceedings. Likewise, due to Plaintiff's mental illness, his physical illnesses, and his demonstrated propensity for substance abuse,

he will be sufficiently likely to be arrested and confined in the Coosa County jail to give him standing to seek an injunction. When this is taken together, with Plaintiff's continuing adverse effects he satisfies the requirements for standing so his claims are not moot.

## II. EIGHT AMENDMENT CLAIMS

Plaintiff pled that Defendants' conduct violated both the Eighth and the Fourteenth Amendments. As Defendants correctly note, the Eighth Amendment governs the rights of convicted prisoners, while the Fourteenth Amendment governs the rights of pretrial detainees, *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996), and that the analysis under either is the same, *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985). Plaintiff has alleged that he was a pretrial detainee (Complaint ¶4). Insofar as Plaintiff is seeking money damages for past wrongs, then, he is maintaining his claims under the Fourteenth Amendment, and not under the Eighth Amendment.

Insofar as Plaintiff is seeking injunctive and declaratory relief Plaintiff is maintaining claims under the Eighth Amendment because he is now a convicted prisoner, and is likely to be subject to re-confinement in the Coosa County jail as a convicted prisoner. This is so, because parole revocation is vested in the circuit judge, here the Coosa County Circuit Court, See *Crowe v State*, 661 So.2d 112, 113(Ala. Crim. App. 1995), and he is likely to be held in the Coosa County jail if in his parole

officer's judgment he has violated parole, Code of Ala. 15-22-31(b). For these reasons Plaintiff is entitled to maintain some of his claims for injunctive relief under the Eight Amendment.

CONCLUSION

For these reasons, Plaintiff Daniel Bryan Kelly requests this honorable Court to deny the Motion to Dismiss the amended complaint filed by Defendants Bradley, Wilson and Roberson.

Respectfully submitted

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission
and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson,
Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

                                        s/Richard J. Stockham III
                                        State Bar No.STO034
                                        Attorney for the Plaintiff
                                        Stockham, Carroll, & Smith P.C.
                                        2204 Lakeshore Drive, Suite 114
                                        Birmingham, Alabama 35209
                                        Telephone (205) 879-9954
                                        Fax: (205) 879-9990
                                        E-Mail: rjs@stockhampc.com