IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL BRYAN KELLY,                    )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )Civil Action No. 2:05-cv-01150-MHT-DRB
                                       )
RICKY OWENS, et al.                    )
                                       )
        Defendants.                    )

**PLAINTIFF'S OPPOSITION TO DEFENDANT COOSA
COUNTY COMMISSION'S MOTION TO DISMISS AMENDED COMPLAINT**

Comes now the Plaintiff and submits this opposition to Defendant Coosa County Commission's Motion to Dismiss te Amended Complaint.

ARGUMENT

Plaintiff submits that Defendant Coosa County Commission (hereinafter referred to as "the County") is not due to be dismissed from Plaintiff's federal law claims or state law claims alleged in the amended complaint. The County argues this Court should dismiss the federal claims against it that relate to any of Plaintiff's allegations about jail conditions because it is not responsible for jail conditions. The County further argues that federal claims against it relating to Plaintiff's medical claims should be dismissed because it was not responsible for medical care at the jail. Finally, the County argues that Plaintiff's state law claims should be dismissed because: Plaintiff

failed to file an adequate notice of claims; he lacks standing; the jail is the sheriff's responsibility and not the County's; the complaint did not adequately allege a negligent hiring/retention claim; the County cannot be liable for medical malpractice; and, Plaintiff's state law claims are limited to $100,000 by the damage cap found in Alabama Code §11-93-1 et. seq.

The County is wrong. The Supreme Court has said that a court may not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Under the statutes and case law, Plaintiff has alleged sufficient facts to support both his federal law claims and his state law claims and the County has failed to show that, based on the pleadings, there is no set of facts that would entitle the Plaintiff to relief.

## I. PLAINTIFF'S CLAIMS ARE NOT TIME BARRED

Defendant County argues that claims based on anything prior to December 6, 2003 are time barred. Defendant County is incorrect. In *Neel v. Rehberg*, 577 F.2d 262 (5th Cir. 1978) the plaintiff sued for, among other things, failure to provide medical services for three months while he was in the jail, as well as for refusal to allow him shower privileges, visitation privileges and phone privileges for the same three months. The court held that "these claims for relief are in the nature of continuing wrongs"(citing *Donaldson v O'Connor* 493 F.2d 507. 529 (5th Cir. 1974)).

2

So under the precedent in this circuit plaintiff's federal claims are in the nature of continuing violations, and as long as one part of the violation falls withing the limitation period then the statute of limitations does not apply, *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S.101, 117, 122 S.Ct. 2016, 2074, 153 L.Ed. 2d 106 (2002).

With respect to Plaintiff's state law claims The Alabama Supreme Court in *Ex parte Floyd,* 796 So.2d 303 (Ala.2001), the Court addressed the question when the statute of limitations begins to run when the date of the act differs from the date of the injury citing to *Garrett v. Raytheon Co.,* [368 So.2d 516 at 518-19 (Ala.1979)]:

> [T]here are cases where the act complained of does not itself constitute a legal injury at the time, but plaintiff's injury only comes as a result of, and in furtherance and subsequent development of, the act defendant has done. In such cases, the cause of action "accrues," and the statute of limitation[s] begins to run, "when, and only when, the damages are sustained." "(Quoting *Kelley v. Shropshire, supra,* [199 Ala. 602 at 605, 75 So. 291 at 292 (1917) ]).

Similarly, Alabama courts have held that a defendant's repeated wrongs can constitute a "continuous tort," such as when an employer exposes its employee on a continuing basis to harmful substances and conditions *American Mut. Liability Ins. Co. v. Agricola Insurance Co.,* 236 Ala. 535, 183 So. 677 (1938); when there is a "single sustained method pursued in executing one general scheme," as in a blasting case *Lehigh Portland Cement Co. v. Donaldson,* 231 Ala. 242, 246, 164 So. 97

3

(1935); and when a landowner seeks damages for the contamination of a well or stream *Howell v. City of Dothan,* 234 Ala. 158, 174 So. 624 (1937); *Employers Insurance Company of Alabama v. Rives,* 264 Ala. 310, 87 So.2d 653 (1955); and *Alabama Fuel & Iron Co. v. Vaughn,* 203 Ala. 461, 83 So. 323 (1919) ]. The stream and well pollution cases, the blasting cases, and the employer-employee cases are all cases in which this Court has held that the defendants committed a continuous tort. The cases are analogous to a continuing trespass in that the repeated actions of the defendants combined to create a single cause of action in tort. Thus the state law much like the federal law are continuing violations and so the claims Plaintiff has made against the Defendant County are not barred by the statute of limitations.

## II. EIGHTH AMENDMENT CLAIMS

Plaintiff pled that Defendant's conduct violated both the Eighth and the Fourteenth Amendments. As Defendant correctly notes, the Eighth Amendment governs the rights of convicted prisoners, while the Fourteenth Amendment governs the rights of pretrial detainees, *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996), and that the analysis under either is the same, *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985). Plaintiff has alleged that he was a pretrial detainee (Complaint ¶4). Insofar as Plaintiff is seeking money damages for past wrongs, then, he is maintaining his claims under the Fourteenth Amendment and not under the

4

Eighth Amendment.

Insofar as Plaintiff is seeking injunctive and declaratory relief, however, Plaintiff is maintaining his claims under the Eighth Amendment because he is now a convicted prisoner, and is likely to be subject to re-confinement in the Coosa County jail as a convicted prisoner. This is so because parole revocation is vested in the circuit judge, here, the Coosa County Circuit Court, See *Crowe v State*, 661 So.2d 112, 113(Ala. Crim. App. 1995), and he is likely to be held in the Coosa County jail if in his parole officer's judgment he has violated parole, Code of Ala. 15-22-31(b). For these reasons Plaintiff is entitled to maintain some of his claims for injunctive relief under the Eight Amendment.

### III. FEDERAL CLAIMS AGAINST COOSA COUNTY ARE GOOD

### A. JAIL CONDITION CLAIMS

Nowhere does the County argue that the jail conditions allegedly endured by the Plaintiff, as stated in his Complaint, fails to state a justiciable claim under the Eighth Amendment to the U.S. Constitution for cruel and unusual punishment or under the Fourteenth Amendment to the U.S. Constitution for denial of due process. Instead, the County cites *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288-91 (11th Cir. 1998) and argues that, as a matter of federal law, Alabama counties have no liability for jail conditions. *Turquitt*, however, only states that under Alabama law,

the sheriff and not the county has control over *daily operations* of the jail. *Turquitt*, 137 F.3d at 1289-1291 (emphasis added).

Apparently aware of the problems with this argument, the County tries to re-frame Plaintiff's Complaint. The County says that Plaintiff's claims, although couched in terms of conditions, are actually operational in nature. This purported re-framing does not satisfy the County's burden as laid out in *Conley v. Gibson*, of showing that there is no set of facts that will entitle the Plaintiff to relief. It also flies in the face of the rule that the Plaintiff is the master of his Complaint. *See U.S. v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997).

The *Turquitt* Court states "We recognize that Alabama counties possess some duties with respect to county jails." *Turquitt*, 137 F.3d at 1289. The Court goes on to identify a county's duties as being (1) to fund the operation of the jail and (2) to adequately build and maintain the physical plant of the jail. *Id.* at 1289-1290 (citations omitted). These duties are clearly at issue in this suit. Plaintiff states that he was denied a clean cell, clean water, sanitary plumbing to remove the sewerage, heat, adequate bedding, and that he was confined in a place "which as constructed and maintained was inadequate for human habitat." *See* Plaintiff's Complaint, Count III, ¶53).

The *Turquitt* Court also held that a county has a separate duty from the sheriff

6

in regards to a jail and if the county does not do its part under Alabama law, the

sheriff is excused from his duties. More exactly the Court stated that:

> Far from joining the sheriff in a partnership with the County, the "as far
> as the appropriation allows" language excuses the sheriff from
> performance of this duty if the County has not first performed its
> coordinate duty.

*Turquitt*, 137 F.3d at 1290.

The claimant in *Turquitt*, unlike this case, did not state that the county violated

its  duty. The *Turquitt* Court clearly illustrated this point when it stated:

> Moreover, even if the sheriff and the County might be said to be in a
> partnership with respect to providing bedding, electricity and clean
> water the present lawsuit does not charge the lack of any such
> commodity.  *Turquitt* at 1290.

This point was further reiterated in *Marsh v. Butler County, Ala.*, 268 F.3d 1014,

1027 (11th Cir. 2001)(citations omitted) where the Eleventh Circuit wrote:

> Alabama counties have no responsibility for daily operation of county
> jails and no authority to dictate how jails are run, but the County is
> charged with erecting and maintaining jails. Therefore, the County will
> have violated Plaintiffs' Eighth Amendment rights if its failure to
> maintain the Jail constituted deliberate indifference to a substantial risk
> of serious harm to the prisoners.

The *Marsh* Court further held that:

> The County has the duty to construct and to maintain a jail of sufficient
> size and strength to house the inmates. *See*Ala.Code §§ 11-14-10, 11-
> 14-13 (1989). Looking to Alabama case law to define the County's
> responsibilities under the statute, we see that "the [Alabama] legislature

7

intended to require the county commission to keep a jail and all equipment therein in a state of repair to preserve it from failure or decline." *Keeton v. Fayette Cty.,* 558 So.2d 884, 886 (Ala.1989) (summary judgment for County improper when Plaintiff alleged negligence in County's maintenance of jail); *cf. Turquitt*, 137 F.3d at 1290 (*en banc*) (concluding no county liability for improper operations of the jail). Under Alabama law, a county might be liable when the physical conditions of the jail have deteriorated and pose a serious threat to the safety of inmates and when those conditions have caused the injury to the inmates.

Marsh, 268 F.3d at 1027 n. 7.

Furthermore, pursuant to Alabama Code § 14-6-103, the County has a duty to provide and maintain adequate ventilation, light, heating, plumbing and sewerage in the jail. Additionally, pursuant to Alabama Code § 14-6-92, the County has a duty to fumigate, cleanse and paint the jail. The County also has a duty to provide adequate janitor service, enforce cleanliness in the jail, provide bathing facilities, soap and towels, hot and cold water, and clean and sufficient bedding. Ala. Code § 14-6-93. Considering a similar argument, the United States District Court for the Southern District of Alabama denied the Defendant county's motion to dismiss. In *Gaines v. Choctaw County Commission*, 242 F.Supp.2d 1153, 1162-1163 (S.D.Ala. 2003) the court outlined how a claim might be made under this section. Plaintiff's claim has followed this, so, under *Conley*, plaintiff has sufficiently pled a claim. Since Plaintiff has alleged that the County failed certain duties required under Alabama law that

8

resulted in his constitutional injury, the Defendant's Motion to Dismiss is due to be denied.

## B. FEDERAL CLAIMS FOR INADEQUATE MEDICAL CARE

The County does not dispute that a Defendant responsible for a county jail violates an inmate's federally protected rights if it ignores his serious medical needs. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir.1997). Instead, the County argues, under *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir.2001), that Alabama counties have no duty to provide medical care. Such an argument is contradictory to the plain language of the *Marsh* decision. The *Marsh* Court plainly stated that "[n]othing indicates, however, that the county was involved in the alleged deprivation of medical care..." *Marsh*, 268 F.3d at 1026 n.6. Here the Plaintiff has claimed that the County was involved in the deprivation of medical care to him thereby making the County's argument under the *Marsh* decision inapplicable.

## 1. COOSA COUNTY HAS AUTHORITY TO PROVIDE INMATE HEALTHCARE

In determining if the County is a proper §1983 Defendant, one must look to state law to determine whether the final decisionmaker was a county policymaker. *Turquitt*, 137 F.3d at 1287-88 (citations omitted). Alabama Code § 14-6-19 clearly requires the County to adequately fund medical care for prisoners. *See also Gaines*

242 F.Supp.2d at 1161.[1] Alabama Code § 14-6-20 authorizes the County commission to hire a physician. *See also Gaines* 242 F.Supp.2d at 1162-1163. While the *Gaines* Court notes that §14-6-20 is permissive and not mandatory, in this case Plaintiff has specifically alleged that the County exercised its permissive authority and hired Dr. Weaver to provide medical treatment to jail inmates and by doing so made him the County's agent and the County's final decisionmaker regarding the medical treatment of inmates. *See* Plaintiff's Complaint, ¶¶ 34-37.

## 2. DR. WEAVER IS FINAL POLICYMAKER FOR COUNTY

Eleventh Circuit case law holds that a medical professional that a county contracts with to provide prisoner medical services can be a final decisionmaker of the county for purposes of imposing § 1983 liability on the county. In *Mandel v. Doe*, 888 F.2d 783 (11th Cir.1989) the Eleventh Circuit held, where the county had contracted with the health department to provide a physician's assistant to the county road prison to provide medical care to inmates and where that physician's assistant

---

[1] Defendant argues § 14-6-19 does not require counties to fund the medical care of inmates citing *Malone v. Escambia Cty*, 22 So. 503 (Ala.1897). *Malone* does not say as much. *Malone* does not contradict the *Gaines'* holding that §14-6-19 imposes such a duty. Malone, a doctor, sued the county for treating a man the sheriff had under arrest. The *Malone* Court affirmed dismissal because the Plaintiff failed to plead that he treated the man in jail and that the man was indigent. *Id.* at 505. The *Malone* holding relates only to a Plaintiff who failed to properly plead under common law pleading. Such rules were abrogated in 1973 by the adoption of the Rules Of Civil Procedure. Committee comments to Rule 8 say "Rule 8 is expressly intended to repudiate the long standing doctrine in Alabama of construing the pleadings strictly against the pleader when ruling on a demurrer." Defendant's argument that *Malone* stands for the proposition that it does not have to fund medical care until the sheriff asks in the right way confuses *pleading a cause of action* with a duty.

medical decisions were subject to no supervision or review, that the physician's assistant was the county's final policymaker with respect to medical affairs at the county road prison.

Similarly, here Plaintiff alleges that the County hired Dr. Weaver and made him the final decisionmaker. This responsibility for medical treatment of inmates is a different responsibility from the sheriff's responsibility for the day to day operation of the jail, as the court identified in *Turquitt* at 1290. This is so for two reasons: first, as Defendant Sheriff Owens has pointed out in his brief, he has no expertise with respect to the provision of medical treatment and second, this permissive responsibility is what the state scheme allows the County to do. Pursuant to the state statutory scheme, the Plaintiff has alleged that the County has hired a doctor to take care of inmates at the jail. By doing so the doctor became the County's agent and its decisionmaker for purposes of medical treatment. Plaintiff has sufficiently alleged a cause of action against the County for violating his federally protected rights to adequate treatment for his serious medical needs such that the Defendant's Motion to Dismiss should be denied.

## IV. STATE LAW CLAIMS AGAINST COUNTY ARE GOOD

### A. PLAINTIFF SATISFIED NON-CLAIMS STATUTE

The County admits that the Plaintiff filed a notice of claim, but it argues that the notice was defective because the Plaintiff did not adequately itemize his claims and did not adequately spell out his theories of recovery. The County is wrong both as to the facts and the law.

Defendant argues that the Court in *Elmore County Commission v. Ragona*, 540 So.2d 720 requires the itemization of a notice of claim to be "quite exacting.". The *Ragona* Court actually held just the opposite. There "the claim included a description of the accident and the accident scene, the basis for the claim that the county was liable, and a description of the injuries and the medical care that was required." *Ragona*  540 So.2d at 723. The Court held that this was sufficient. Here the notice does the same. It says the county 1) undertook to provide medical services in the jail but acted below the standard of care in treating him and 2) was responsible for maintaining the jail, but conditions were unfit for human habitation with respect to clean water, toilets, washing facilities, bedding, heat and pest control. The notice specified mental and physical injuries from inadequate medical treatment and unfit conditions, for which negligence he claimed adequate compensation. The absurdity of requiring a dollar amount for the damages, which Plaintiff alleges he is still suffering the adverse effects of,  would require of the Plaintiff a prophetic vision of his injuries, which the statute does not contemplate. Moreover, the actual monetary

12

amount of mental anguish damages are left to the province of the jury.

Defendant argues that the Plaintiff did not assert any negligent hiring, negligent retention, or funding claims. Defendant, however, admits the Notice does reference "inadequate" medical care, but it claims the complaint fails to assert a claim of medical malpractice.

Defendant is incorrect here. It is arguing in essence that a plaintiff must set out a legal theory of recover in the notice, which neither the statute, nor the case law require it. Plaintiff's notice does set out the basis for each such claim which is all the *Ragona* Court says is required. Moreover, *Ragona* does not require the notice to be more specific than are required by the rules of pleading in state court. The level of pleading Defendant argues for here is not required in pleadings in state court. In fact, the standards appear to be very similar. Committee Comments to Rule 8 ARCP says:

> These rules abolish the doctrine of "theory of pleading." *See* Rules 8(a), 8(e), 15(b) and 54(c)). "A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; and even the demand for judgment loses its restrictive nature when the parties are at issue, for particular legal theories of counsel yield to the court's duty to grant relief to which the prevailing party is entitled, whether demanded or not." *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 972 (2nd Cir,1945) per Clark.

Plaintiff has spelled out a simple statement of the events and a demand for what the

plaintiff expects or hopes to recover. Plaintiff has done this. For these reasons Plaintiff has satisfied the Notice of Claim requirement.

## B. PLAINTIFF'S CLAIM UNDER CODE OF ALA. § 14-6-19

The County claims that Plaintiff cannot sue it for medical claims because Alabama Code § 14-6-19 does not provide for a private right of action. As noted above, *Gaines* holds that under §14-6-20 the County may hire a doctor to provide medical services for the jail. Here, Plaintiff alleges it did so. Although a county may not have a duty with respect to some aspects of a jail, once it undertakes to do something, the law of negligence regarding the assumption of a duty requires that it not be negligent in carrying out that assumed duty. It owes a duty of care not to do it negligently. *Carpenter v. Mobile County*, 841 So.2d 1237, 1239 (Ala.2002)(reversing a motion to dismiss because county may have assumed duty, which it was not otherwise bound to do, and in so doing, may have done it negligently).

## C. STATE LAW JAIL CONDITIONS CLAIM IS GOOD

The County argues that it cannot be sued for conditions of the jail because they are the sheriff's responsibility and the sheriff is not an agent for the County. However, as set out above, several code sections impose independent duties on the county to construct and maintain the county jail: Ala. Code §§ 14-6-9(duty to fund

indigent inmate clothing, bedding and healthcare), 14-6-92 (duty to fumigate, cleanse and paint jail), 14-6-93(duty to provide janitor service, enforce cleanliness, provide bathing facilities, soap, towels, water, clean and sufficient bedding, and clean clothes for indigents in jail) and 14-6-103(duty to build jail sufficiently ventilated, lighted, heated, with adequate plumbing and sewerage).  Plaintiff's allegations are sufficient. With respect to 14-6-9 Plaintiff has alleged that he had a thin plastic mat on a cold floor during the winter months that caused him injury. With respect to 14-6-92 Plaintiff has alleged that there were bugs in the cell. With respect to 14-6-93 Plaintiff has alleged that he was without clean and sufficient bedding, toilet paper, adequate hygiene, feces and urine were not disposed of for extended periods of time, that he did not have access to water and adequate bathing facilities. With respect to 14-6-103 Plaintiff has alleged that he had to urinate and defecate in a hole and did not have means to flush it, so that he had to lie next to the open sewer for extended periods of time before it was flushed. This makes out a claim for inadequate plumbing and sewerage. Plaintiff also alleges that he had to lie on the thin mat on a cold floor in the middle of winter. This makes out a claim for inadequate heating. The court in *Marsh v. Butler County,* 268 F.3d 1014, 1027 recognized that the county in Alabama has duties owed with respect to the jail even though it has no authority over how a jail is run. The *Marsh* Court said that the county had a duty, for instance, in erecting and

maintaining jails, *Marsh* at 1027 at fn.7. Because Alabama law imposes these duties

on counties, they cannot be negligent with respect to these duties, *Carpenter*, *supra*.

Because Plaintiff has pled that the County was negligent with respect to the particular

jail conditions, with regard to which it owed Plaintiff a duty, the pleading is sufficient

under *Conley* the motion to dismiss should be denied.

### D. NEGLIGENT HIRING/RETENTION CLAIM IS GOOD CLAIM

The County next argues that Plaintiff failed to state a claim of negligent

hiring/retention claim against it for Dr. Weaver's misconduct. For this proposition it

cites *Lane v. Central Bank of Alabama, N.A.*, 425 So.2d 1098 (Ala.1983) and

*Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1073 (Ala.2003). Neither of

these cases address motions to dismiss nor do they address what is adequate pleading

for claims of negligent hiring/retention. Instead, both address the sufficiency of

evidence on directed verdict and class certification, respectively. As noted above, in

light of Alabama Rule of Civile Procedure Rule 8 abolishing the "theory of pleading",

doctrine such a requirement is unlikely. In reversing a motion to dismiss, the Alabama

Supreme Court recently held:

> We cannot agree with the trial court's determination that Mobile County
> was entitled to a dismissal pursuant to Rule 12(b)(6), because nothing
> in the *pleadings* explains what the "laws, standards, policies, or
> procedures or court orders applicable to the operations of the joint jail

facility" must be. Because we cannot determine from the pleadings, as a matter of law, that Mobile County, in executing the agreement, did not assume a duty that it did not have to assume, we are constrained to hold that Mobile County has failed to meet its burden of showing that Carpenter can prove no facts in support of her claim that would entitle her to relief under some legally cognizable theory.

*Carpenter v. Mobile County*, 841 So.2d 1237, 1239 (Ala.2002) (emphasis in the original).

Here, the County has tried to shift its burden to the Plaintiff. Rule 8 clearly abolished such a practice. The federal rule, like the state rule, puts the burden on the Defendant to show that the Plaintiff can prove no set of facts in support of his claim. By pleading the facts and alleging that the County negligently hired and/or retained Dr. Weaver, Plaintiff has sufficiently pled his case or purposes of a motion to dismiss. The County has failed such a showing therefore its Motion should be denied.

## E. COUNTY CAN NEGLIGENTLY FAIL TO PROVIDE MEDICAL CARE

Defendant is incorrect about the Plaintiff's claims against the County relating to Weaver's malpractice and, for reasons set out in the foregoing section, its Motion should be denied. Moreover, the cases Defendant cites actually support Plaintiff's claims. Defendant argues that Plaintiff may not assert a claim against any entity other than a hospital– and even then, vicarious liability is not sufficient– a direct showing of negligence on the part of the hospital is necessary, citing to *Parsons v. Yolande*

*Coal & Coke Co.*, 91 So.493, 496 (Ala.1921) and *Golden v. Autauga Medical Center, Inc.* 675 So.2d 418, 419(Ala.1996).

But, the *Parsons* Court stated:

> The overwhelming weight of authority holds the employer under arrangements of this character, not accountable for the malpractice of the physician employed, *unless he has failed to exercise due care in his selection.*
>
>> *Parsons v. Yolande Coal & Coke Co.*, 91 So. 493, 495 (Ala.1921) (emphasis added).

The complaint alleges that the County had failed to exercise due care in the negligent hiring and retention claim.

The *Golden* Court said:

> a "corporate liability" theory is not based upon respondeat superior, but requires the plaintiff to produce substantial evidence tending to show some "independent negligence [on the part of the hospital] in appointing to its medical staff a physician who is incompetent or otherwise unfit, or in failing to properly supervise members of its medical staff.

*Golden v. Autauga Medical Center, Inc.* 675 So.2d 418, 419(Ala.1996).

Again the allegations of negligent hiring and retention satisfy this. For these reasons the motion to dismiss should be denied.

## F. DAMAGES CAPS

The County has argued that the damage cap of Alabama Code § 11-93-2

18

applies to limit recovery here to $100,000. Again the Defendant has failed to meet its burden of showing that there are no set of facts under which the Plaintiff can recover. Plaintiff has pled that he was repeatedly denied adequate medical treatment from December 6, 2003, to January 16, 2004. The facts may reveal that each day's denial constitutes a separate occurrence under the statue. For example, by analogy, the Alabama Supreme Court has held that with an abatable nuisance, each time the harmful consequence occurs it constitutes a separate occurrence under §11-93-2. *See City of Birmingham v. Leberte*, 773 So.2d 440, 444-445 (Ala.2000). As note above in the section on statute of limitations, such series of wrongful conduct which relates to pollution of a well or stream, constitutes one continuous tort. By analogy, each day's injuries that the Plaintiff suffered, because it was abatable, can constitute a separate occurrence. For this reason, the damages caps may not be limited to $100,000 and so a motion to dismiss is not appropriate.

## V. PUNITIVE DAMAGES

Plaintiff does not dispute that punitive damages are not recoverable against the County.

## CONCLUSION

For the reasons stated above Plaintiff submits that the County's Motion to

Dismiss is due to be denied.

Respectfully submitted

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL BRYAN KELLY,              )
                                 )
        Plaintiff,               )
                                 )
vs.                              )Civil Action No. 2:05-cv-01150-MHT-DRB
                                 )
RICKY OWENS, et al.              )
                                 )
        Defendants.              )

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission**
**and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson,**
**Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com
