# DEFENDANT'S EXHIBIT C

Case 2:05-cv-01150-MHT-TFM   Document 57-4   Filed 06/30/2006   Page 1 of 3

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

MAR 6 2006

Timothy P. Garren, Esquire
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 7146
Benjamin Franklin Station
Washington, D.C. 20044

Re: Daniel Kelly v. Ricky Owens, et al.,
Civil Action No. 2:05-CV-1150-T (M.D. Ala.)

Dear Mr. Garren:

I am enclosing a request for Department of Justice (DOJ) representation from Randall W. Weaver, M.D., a physician who has been deemed to be an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). See Exhibit 1. Although the complaint attached as Exhibit 2 contains two counts alleging that the physician violated the plaintiff's constitutional rights, these allegations arise out of "the performance of medical . . . or related functions . . . by . . . employee[s] of the Public Health Service while acting within the scope of [their] office or employment." 42 U.S.C. § 233(a). Thus, because the remedy provided by 42 U.S.C. § 233(a) is "exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim," id., we have asked the local U.S. Attorney to substitute the United States for Dr. Weaver and to move to dismiss the action for plaintiff's failure to exhaust his exclusive remedy under the Federal Tort Claims Act. See Exhibit 3.

Although the complaint alleges that Dr. Weaver was employed by the Coosa County Commission and was acting in his official capacity as the medical doctor for the Coosa County Jail, Dr. Weaver was not a county employee when he treated the plaintiff on November 26, 2003. Rather, as the attached documentation shows, Dr. Weaver was employed by Health Services, Inc. ("health center") when he treated plaintiff on that date. Ex. 4. The health center was originally deemed to be an employee of the Public Health Service pursuant to the FSHCAA on October 1, 1993, and its deemed status has continued without interruption since that date. A copy of its original deeming letter is attached as Exhibit 5. Plaintiff was transported by jail personnel to the health center's clinic in Augaugville, Alabama, where he was seen by Dr. Weaver. The medical records of this encounter are included as Exhibit 6. Further, the health center's Augaugville clinic is within the scope of the funding grant issued pursuant to 42 U.S.C. § 254b. See Exhibit 7.

Plaintiff's claim against Dr. Weaver is one of medical malpractice, but only Count IX is plead as a standard negligence claim, while Counts I and II allege that Dr. Weaver violated plaintiff's rights under the U.S. Constitution to be free from cruel and unusual punishment. Ex. 2. Nonetheless, all three counts arise from the performance of medical or related functions, i.e., Dr. Weaver's treatment of plaintiff's leg. For this reason, the Department of Health and Human Services has deemed Dr.

Weaver to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g) as to all three counts against him.

Based on our review of the medical records and Dr. Weaver's statements attached in Exhibit 1, we are satisfied that Dr. Weaver was acting within the scope of his deemed federal employment in connection with this matter. In addition, the health center's chief executive officer has favorably endorsed Dr. Weaver's request for representation, stating his belief that Dr. Weaver's actions in the instant case occurred solely within the scope of his employment with the health center, for which he has been deemed to be an employee of the Public Health Service. There is no evidence that Dr. Weaver was engaged in wrongdoing that would foreclose representation by the Department of Justice, we know of nothing to suggest that defending him in this matter would conflict with the interests of the United States, and these proceedings could adversely affect the interests of the United States since an adverse judgment could be payable under 42 U.S.C. § 233(k). Therefore, in accordance with 28 C.F.R. § 50.15, we endorse with favor the request of Randall W. Weaver, M.D. for DOJ representation in this case.

If you have questions regarding this matter, please contact Richard Bergeron of this office at (202) 619-1433, or by email at Richard.Bergeron@hhs.gov.

Sincerely yours,

*Lisa Barsoomian (by RB)*

Lisa Barsoomian
Deputy Associate General Counsel
Claims and Employment Law Branch

Enclosures

cc: Stephen M. Doyle, AUSA