# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-1150-MHT-DRB** |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT
## RANDALL W. WEAVER, M.D.'s, MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff, Daniel Bryan Kelly, brings claims against Randall W. Weaver, MD, arising from medical services that Dr. Weaver provided to plaintiff in his medical office in Rockford, Alabama, after plaintiff allegedly suffered a fall at the Coosa County Jail (the Jail). Contrary to plaintiff's allegations, Dr. Weaver was never employed by the Coosa County Commission to provide medical services to inmates at the Jail. Rather, when Dr. Kelly examined plaintiff on November 26, 2003, he was employed by Health Services, Inc., a federally supported community health center. Pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 (g), the Department of Health and Human Services (HHS) has deemed Dr. Weaver to be an employee of the Public Health Service (PHS). Accordingly, Dr. Weaver enjoys statutory absolute immunity from all of plaintiff's claims. 42 U.S.C. § 233 (a). In addition, plaintiff's claims against Dr. Weaver are barred by the applicable two-year statutes of

limitation for medical liability and 42 U.S.C. § 1983 claims.  §§ 6-2-38(l); 6-5-482 Ala. Code (1975).  Accordingly, all of plaintiff's claims against Dr. Weaver are due to be dismissed.

## II.  FACTS

Dr. Weaver is a board certified physician who maintains a family practice in Rockford, Alabama.  Exhibit A, Declaration of Randall W. Weaver, M.D.  He is the only doctor in Rockford.  *Id.*  From July 2001 through June 2004, Dr. Weaver was employed by Health Services, Inc., to provide medical services in Rockford and the surrounding area.  *Id.*  The Department of Health and Human Services (HHS) has deemed Health Services, Inc., to be a federally supported community health center that qualifies as an employee of the United States pursuant to the FSHCAA.  *See* Exhibit B, October 4, 1993, HHS deeming letter for Health Services, Inc. *See generally*, 42 U.S.C. § 233(g)(1)(A)(D).

Doctor Weaver examined plaintiff in his office on November 26, 2003. Exhibit A, Weaver Decl.  Plaintiff complained of pain in his right leg, foot, and knee, as a result of a fall he allegedly suffered in jail.  *Id.*   This was Dr. Weaver's sole contact with plaintiff. *Id.*  Doctor Weaver examined plaintiff as a Health Services, Inc., patient in his clinic.  *Id.* Pursuant to the FSHCAA, HHS has deemed Dr. Weaver to be a PHS employee acting within the scope of his employment with respect to his treatment of plaintiff.  *See* Exhibit C, March 6, 2006, HHS deeming letter for Dr. Weaver.

Doctor Weaver has never been employed by Coosa County or the Coosa County Commission to provide medical services for prisoners at the Coosa County Jail. Exhibit A, Weaver Decl. Doctor Weaver has never had any responsibility for medical services or conditions of confinement at the Coosa County Jail. *Id.*

### III.  ARGUMENT

**A.    Dr. Weaver is Protected by Statutory Absolute
Immunity From All of Plaintiff's Claims.**

Pursuant to the FSHCAA, Doctor Weaver is protected by statutory absolute immune from all of plaintiff's claims. *See*, 42 U.S.C. § 233 (g). Congress enacted the FSHCAA to provide health care to the indigent. *Dedrick v. Youngblood*, 200 F.3d 744, 747 (11th Cir. 2000)(Fay, J., dissenting). To assist in securing adequate medical services for the poor, the FSHCAA allows qualifying doctors to forego expensive malpractice insurance by granting them absolute immunity and placing their professional conduct within the coverage of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671-2680. *Id.*; 42 U.S.C. § 233 (g).

The FSHCAA provides that physicians employed by qualifying federally supported community health centers shall be deemed to be employees of the Public Health Service (PHS) and that the absolute immunity provided to PHS officers and employees also applies to such deemed PHS employees. 42 U.S.C. § 233 (g). The absolute immunity for PHS officers and employees is codified at 42 U.S.C. § 233 (a). It provides that the remedy against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

3

§§ 1346 (b), 2671-2680, for damage resulting from a PHS physician's performance of medical, or related functions, "shall be exclusive of any other civil action or proceeding . . . against the officer or employee (or his estate) whose act or omission gave rise to the claim." 42 U.S.C. § 233 (a).

The absolute immunity provided in 42 U.S.C. § 233 (a) applies to both constitutional and medical malpractice claims arising from a physician's performance of medical or related functions. *Cucou v. Mortisugo*, 222 F.3d 99, 108 (2nd Cir. 2000). In *Cucou*, a pre-trial detainee sued two PHS physicians for allegedly violating his constitutional rights by showing deliberate indifference to his serious medical condition. *Id.* at 106-107. The PHS officers asserted that they were immune to plaintiff's constitutional claims pursuant to 42 U.S.C. § 233 (a). *Id.* at 107-08. The plaintiff argued that § 233 (a) only applied to medical malpractice claims, not constitutional claims. *Id.* at 108. The Second Circuit rejected plaintiff's position holding that "there is nothing in the language of § 233 (a) to support that conclusion." *Id.* The Court held that the immunity provided by § 233 (a) protected the doctors from plaintiff's constitutional claims. *Id.*

Plaintiff's claims all arise from Dr. Weaver's performance of medical or related functions. In the allegations of fact contained in his First Amended Complaint, plaintiff alleges that "[o]n or about November 25, 2003, . . . plaintiff fell and was taken to Defendant Doctor Randall Weaver for treatment of injury to his back and leg." Amd. Compl. ¶ 6. He further alleges that "Defendant Weaver was aware of plaintiff's serious

medical condition," that "Defendant Weaver was grossly incompetent in providing medical care to the plaintiff,"and that "Defendant Weaver was responsible for prescribing medication which resulted in poisoning the plaintiff." Amd. Compl. ¶¶ 34-35. Each of these factual allegations involves Dr. Weaver's performance of medical or related functions.

Plaintiff names Dr. Weaver in three counts. In Count I he alleges that Dr. Weaver violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Amd Compl. ¶¶ 42-45. In Count II plaintiff alleges that Dr. Weaver violated his constitutional rights when he "confronted plaintiff's serious medical condition with treatment that was so cursory as to amount to no treatment at all and when [he] delayed treatment for an unreasonable amount of time[.]" Amd Compl. ¶ 47. See also, ¶¶ 46-50. In Count IX plaintiff alleges that Dr. "Weaver breached the standard of care required of physicians by failing to adequately treat the plaintiff, but instead provided such grossly incompetent treatment that plaintiff suffered seizures, pain, mental anguish, drug poisoning, drug induced hepatitis, onset of bipolar disorder, exacerbation of his back injury, and post traumatic stress disorder." Amd. Compl. ¶ 76. See also ¶¶ 74-75. Each of plaintiff's claims against Dr. Weaver arises from Dr. Weaver's performance of medical or related functions.

Pursuant to the FSHCAA, the Department of Health and Human Services (HHS) has deemed Dr. Weaver to be a PHS physician acting within the scope of his employment

with respect to all allegations in the complaint   *See* Exhibit C, March 6, 2006, HHS deeming letter for Dr. Weaver; Exhibit B, October 4, 1993, HHS deeming letter for Health Services, Inc.  Accordingly, Dr. Weaver is absolutely immune from all of plaintiff's claims, and he is entitled to summary judgment in his favor.

      B.      **Plaintiff's Claims are Time Barred**.

In addition to being barred by statutory absolute immunity, plaintiff's claims are time barred.  Under the Alabama Medical Liability Act, all actions against physicians for liability, error, mistake, or failure to cure must be commenced within two years after the act, or omission, or failure, giving rise to the claim. Ala. Code § 6-5-482 (a) (1975).  *See generally*, *Tobiasen v. Sawyer*, 904 So.2d 258, 260-61 (Ala. 2004).  Count IX against Dr. Weaver is governed by this two-year statute of limitation.  Amd. Compl. ¶¶ 74-76.

Plaintiff's constitutional claims against Dr. Weaver, Counts I & II, are brought pursuant to 42 U.S.C. § 1983.  Amd. Compl. ¶¶ 44, 50.  The statute of limitations for § 1983 actions in Alabama is also two years.  *Fleming v. Dowdell*, __ F.Supp.2d__, 2005 WL 4053821, *18 (M.D. Ala. 2005), aff'd 2006 WL 1490140 (11th Cir. 2006)(unpublished).  In *Owens v. Okure*, 488 U.S. 235, 249-50 (1989), the Supreme Court instructed that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."  Alabama's general statute of limitations for personal injury actions is two years.  Alabama Code § 6-2-38 (l) provides that "[a]ll

actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." *See also, Owens*, 888 U.S. at 246, n. 9 (identifying Ala. Code § 6-2-38 (l) as controlling § 1983 claims in Alabama); *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992)(holding that the statute of limitations for § 1983 actions arising in Alabama is two years.). Accordingly, all of plaintiff's claims are governed by two-year statutes of limitation.

Doctor Weaver examined plaintiff in his office in Rockford, Alabama, on January 26, 2003. *See*, Exhibit A, declaration of Randall W. Weaver, M.D., with attached medical records. This was Dr. Weaver's sole contact with plaintiff. After that date, Dr. Weaver provided no further medical services to plaintiff. Doctor Weaver had no responsibility for medical services or conditions of confinement at the jail. *Id.* Plaintiff's complaint corroborates the date of Dr. Weaver's examination of plaintiff. In paragraph 6 plaintiff alleges that "[o]n or about November 25, 2003, . . . plaintiff fell and was taken to Defendant Doctor Randall Weaver for treatment of injury to his back and leg." Amd. Compl. § 6. Therefore, the two-year statutes for § 1983 and malpractice actions ran on November 26, 2005.

Plaintiff did not file this action until December 6, 2005. Accordingly, all of his claims against Dr. Weaver are time barred because he did not file them within the applicable two-year statutes of limitation.

## IV.  CONCLUSION

For all of the above reasons, Dr. Weaver is entitled to entry of summary judgment dismissing all claims against him.

Respectfully submitted this 30th day of June, 2006.

                LEURA G. CANARY
                United States Attorney


By:   /s/Stephen M. Doyle
        STEPHEN M. DOYLE
        Chief, Civil Division
        Assistant United States Attorney
        **Attorney for Defendant Randall W. Weaver, M.D.**
        Post Office Box 197
        Montgomery, AL  36101-0197
        District of Columbia Bar No. 422474
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        **E-mail:  stephen.doyle@usdoj.gov**


## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III, Esquire, Kendrick E. Webb, Esquire, Kristi Allen Dowdy, Esquire, and Gary L. Willford, Jr., Esquire.

                /s/Stephen M. Doyle
                Assistant United States Attorney