IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL BRYAN KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | )Civil Action No. 2:05-cv-01150-MHT-DRB | |
| | ) | |
| RICKY OWENS, et al. | ) | |
| | ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT RANDALL WEAVER'S
MOTION FOR SUMMARY JUDGMENT

Comes now, the Plaintiff and submits this in opposition to Defendant Dr.
Weaver's Motion for Summary Judgment, and requests a continuance for opportunity
to obtain discovery to oppose Defendant's Motion for Summary Judgment.

STATEMENT OF FACTS

1.    Dr. Weaver has filed a declaration attached as Exhibit A" to his Motion
for Summary Judgment setting out that he had never been employed by Coosa County
or the Coosa County Commission to provide medical services for inmates at the
Coosa County Jail and that he had never had any responsibility for conditions of
confinement or medical services at the Coosa County Jail.

2.    Plaintiff submits affidavits of Plaintiff's parents, Wanda Kelley and Ray
Kelley, (attached hereto as Exhibits A and B) that they were told by Wendy
Roberson, an officer in the Coosa County Jail, that the Coosa County Jail had its own

doctor, Dr. Weaver, and that Dr. Weaver was the doctor that was prescribing medications. Ms. Kelley also testified that Plaintiff was diagnosed as suffering from poisoning from drug or medicinal substances after his admission to Russell Medical Center on January 16, 2004.

3.      In light of the apparent contradiction between these two sets of facts, when taken in the light most favorable to the Plaintiff, Plaintiff requests, pursuant to Rule 56(f) F.R.C.P. that Defendant Weaver's Motion for Summary Judgment be continued until Plaintiff can obtain discovery with regard to the scope of any immunity afforded to Dr. Weaver under 42 U.S.C. § 233, as well as the time frame of when Plaintiff's medical injury occurred as a result of Defendant Weaver's conduct, or failure to act.

4.      Plaintiff has attached hereto the Affidavit of Plaintiff's counsel,(Exhibit C) in compliance with Rule 56(f) F.R.C.P., stating why he needs  additional time to conduct discovery, and why he is otherwise unable to respond to Defendant's Motion for Summary Judgment.

## SUMMARY JUDGMENT IS INAPPROPRIATE PRIOR TO PLAINTIFF OBTAINING ANY DISCOVERY

5.      As set out in Plaintiff's counsel's affidavit, Plaintiff does not have the necessary materials in order to respond to Defendant Weaver's Motion for Summary

Judgment. "The availability of a continuance is built into the Rules to guard against the premature entry of summary judgment." Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989). Plaintiff's counsel's affidavit sets out the specific facts as to why he has not been able to obtain discovery from Defendants, Roberson, Owens, Coosa County Commission, and Weaver. Plaintiff has offered affidavits from Plaintiff's parents which tend to show why the facts he seeks to discover from these Defendants by deposition and discovery are needed to show that there is a material dispute as to facts both on Dr. Weaver's assertion of immunity under 42 U.S.C. § 233 and Dr. Weaver's assertions of statute of limitation defenses.

6.    Pursuant to Rule 56(f) F.R.C.P. Plaintiff needs time to obtain this discovery after the Court has ruled on the other Defendants' Motions to Dismiss. Only after the Rule 26 planning meeting can Plaintiff go forward and obtain the discovery identified in the affidavit of Plaintiff's counsel (see Rule 56(f) F.R.C.P.), Plaintiff submits that Summary Judgment at this time is not appropriate and requests a continuance in order to permit Plaintiff to obtain the necessary discovery.

<u>NO IMMUNITY OF DOCTOR WEAVER NOT ACTING
WITHIN LINE AND SCOPE OF EMPLOYMENT</u>

7.    Plaintiff submits that the evidence which he has offered by affidavits, when taken in the light most favorable to the Plaintiff, together with the needed

discovery he is requesting, will allow him to show that that there is a dispute with regard to the relevant facts in the case, and so summary judgment is inappropriate.

8.      Dr. Weaver, by his declaration, avers that he has never been employed by Coosa County or the Coosa County Commission to provide medical services for inmates at the Coosa County Jail.  He further avers that he has never had any responsibility for conditions of confinement or medical services at the Coosa County Jail.  Plaintiff, on the other hand, has offered evidence that Dr. Weaver was the jail doctor for the Coosa County Jail and that he prescribed the medication for Coosa County Jail inmates. If Plaintiff is permitted to conduct needed discovery he is likely to be able to offer facts that contradict Dr. Weaver's asserts, thereby causing a conflict of relevant facts.

9.      Immunity from suit under the protection of 42 U.S.C. § 233 is only authorized where the doctor is acting within the scope of his employment.  In Miller v. Toatley, 137 F. Supp. 2d 724, (W.D. La. 2000), the Court addressed a situation where the doctor was employed by Bayou Comprehensive Health Foundation, Inc. which received funding under 42 U.S.C. § 254c. The Court held that the doctor was not entitled to the immunity provided by 42 U.S.C. § 233 because the doctor was not acting within the scope of his office or employment.  See, Miller v. Toatley, at 727. There, the doctor had taken payment directly rather than have the patient pay the

4

Bayou Comprehensive Health Foundation, Inc. The Court noted that although
Toatley's conduct was specifically addressed in Toatley's contract with Bayou,
because he had taken the payment directly, this put his action outside the scope of his
employment so there was no immunity under Section 233. See Toatley at 728-9 . The
Toatley Court specifically referenced the admonition in 42 C.F.R. § 6.5-6.6 (1985),
which said "acts or omissions by individuals that are not within the scope of
employment, e.g. moonlighting activities, are not covered." (See Toatley at 729 fn
5).

10.    Here the alleged conduct that Weaver was the doctor for the Coosa
County Jail and, that he, as doctor for the Coosa County Jail, violated Plaintiff's
constitutional rights and failed to treat him within the standard of care, fall outside
the scope of his employment with the covered entity, Health Services, Inc. This is
because such immunity issues are an expansion of the Federal Government's
Sovereigh immunity and the statute must be construed strictly. See Dedrick v.
Youngblood, 200 F.3d 744, 746 (11th Cir. 2000). Strict construction of this statute,
in light of the facts in this case that Plaintiff seeks to develop in discovery, may well
show that the Defendants' treatment of the Plaintiff did not fall within the scope of
Dr. Weaver's employment under his contract with Health Services, Inc., if Plaintiff
shows that through the facts revealed in discovery then Dr. Weaver would not be

entitled to immunity under 42 U.S.C. § 233.

11.    The grant which the Federal Government extended to Health Services, Inc. (which Defendant Dr. Weaver attached as Exhibit "B" to his Motion for Summary Judgment) specifically sets out, in the third paragraph in that letter, that the immunity under this grant is limited to:

> "All officers, employees, and full time contractors, (minium 32.5 hours per week) of this grantee who are physicians or other licensed or certified health cared practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community heath centers), Section 340 (health services for the homeless), or Section 340A (health services for residence of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of section 224, as are part-time contractors who are licensed or certified providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. *Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.*" (Emphasis supplied)

12.    It appears the section related to migrant health centers (42 U.S.C. § 254b), the section relating to community health centers (42 U.S.C § 254c), the section relating to health care for the homeless (42 U.S.C. § 256), and the section relating to health services for public housing (42 U.S.C. § 256a) are those areas wherein the individuals who are operating under the immunity granted to the Health Services, Inc., are covered.  Discovery will be needed to tie this down, but it appears that any

conduct outside that, by terms of the grant document, are not covered for purposes of immunity. A review of the sections 42 U.S.C. §254 (b), 42 U.S.C. §254 ( c), 42 U.S.C. §256, 42 U.S.C. §256(a) reveal that none of the coverage in any of those sections relates to the treatment of inmates of a county jail.

13.     Discovery is needed to show the limits of the scope of employment with respect to these grants. Because these sections expand the immunity of the Federal Government, Eleventh Circuit has held that such statutes are to be strictly construed. See Dedrick v. Youngblood, 200 F.3d 744, 746 (11th Cir. 2000). Discovery is likely to show that none of the statutes authorize the treatment of county jail inmates and so discovery is needed to show that immunity under 42 U.S.C. § 233 does not extend to Doctor Weaver for treatment of county inmates.

14.     Defendant Dr. Weaver argues that the extension of the immunity under 42 U.S.C. § 233 should also extend to Plaintiff's constitutional claims against him. For this Dr. Weaver cites Cuoco v. Moritsugu, 222 F3d 99 (2nd Cir. 2000). The Second Circuit opinion in Cuoco is not applicable here because the Eleventh Circuit has held that the immunity found at 42 U.S.C. § 233 is limited to negligence claims. See Dedrick v. Youngblood, 200 F.3d 744, 746 (11th Cir. 2000), ("Suits brought under the FTCA are generally limited to those claims arising from the negligent conduct of government employees.").

7

15.     Discovery in this area is needed to distinguish the facts in this case from those in Cuoco, but it appears that under Eleventh Circuit constitutional law mere negligence is not sufficient to make out a claim of constitutional deprivation. To prove a constitutional violation, Plaintiff must prove the government official (here Dr. Weaver) acted with deliberate indifference to Plaintiff's serious medical needs. Boazman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). To satisfy the subjective element of deliberate indifference Plaintiff must prove: 1) he was subjected to risk of serious harm by Dr. Weaver; 2) Dr. Weaver's disregard of that risk; 3) by conduct that is more than [gross] negligence. See Boazman at 1272. So given that Plaintiff's burden on his constitutional claims are not in the nature of negligent conduct by Dr. Weaver or even gross negligent by Dr. Weaver, Plaintiff submits that discovery is needed to flesh out the facts as to the contours of the constitutional deprivation by Dr. Weaver.

16.     The Cuoco Court , addressing the immunity issue of the doctors in that case , held the complaint sounded in negligence. The Court said:

> "Cuoco alleges that Bioco and Moritsugu were inexperienced doctors (i.e., they lacked expertise about transsexuals), that they misdiagnosed Cuoco (i.e., they did not think she was a true transsexual), and that explains why they prescribed the wrong course of treatment (i.e., they stopped estrogen treatments when they should have renewed Cuoco's prescription)."

17.    Here, Plaintiff has alleged in Count One that Defendant Dr. Weaver knew that the Plaintiff was in serious need of medical care but acted with deliberate indifference in failing and/or refusing to give prompt adequate medical treatment to Plaintiff despite knowledge of Plaintiff's worsening condition, and, instead, took an easier and less effective course of treatment.  In Count Two, Plaintiff avers that Defendant Dr. Weaver violated Plaintiff's constitutional rights when he acted with deliberate indifference by confronting Plaintiff's serious medical condition with treatment that was so cursory as to amount  no treatment at all, that he delayed treatment for an unreasonable amount of time when it was apparent that delay would detrimentally affect Plaintiff's medical condition.  Further, Defendant Dr. Weaver failed to train staff in the jail to properly and adequately provide medications to Plaintiff, failed  to provide adequate medical training to jail staff on how to identify inmates who suffered from physical and mental illness and needed medial treatment and how to refer inmates for adequate treatment.

18.    Plaintiff needs discovery to show that these actions fall outside the area of negligence and outside Dr. Weaver's scope of employment in his contract with Health Services, Inc.  This is so because these allegations, when fleshed out by discovery, will likely show that they do not fit under immunity provided under the FTCA for negligence claims.

9

19.    So for all reasons stated, Plaintiff submits that, if he is permitted discovery he needs he will likely be able to defeat Defendant Dr. Weaver's Motion for Summary Judgment.

## STATUTE OF LIMITATIONS

20.    Defendant Dr. Weaver has argued that because Plaintiff filed suit on December 6, 2005, that his treatment of Plaintiff on November 25, 2003, is outside the two year statute of limitations and therefore suit is barred, both as to the Federal Constitutional claims and State malpractice claims.  Plaintiff submits that through discovery Plaintiff expects to establish facts that show that Plaintiff's medical condition was severe and continuing, and that denial of treatment, or inadequate treatment came under Dr. Weaver's responsibility as jail doctor for inmates in the Coosa County Jail.

21.    Additionally, discovery will likely show how and when Dr. Weaver's prescription of medication for Plaintiff occurred, that it was administered without supervision or training of the jail staff, and how and when Dr. Weaver failed to train the jail staff to identify or recognize when inmates needed medical attention. The failure to provide adequate medical treatment has been held to be an ongoing violation for purposes of the statute of limitations, so Plaintiff needs discovery with respect to that.

10

22.    In  Neel v. Rehberg, 577 F.2d 262(5th Cir. 1978), where Plaintiff

sued for, among other things, refusal to provide him necessary medical services

while he was incarcerated in the county jail, the Fifth Circuit held it was in the

nature of a continuing wrong and therefore the statute of limitation had not run as

long as the denial of adequate medical treatment continued.  Similarly, here,

Plaintiff contends that here his denial of necessary medical services and

Defendants' deliberate indifference in failing or refusing to obtain or provide

adequate medical treatment or medication was an ongoing violation.  Plaintiff

submits that discovery will likely show that Plaintiff's ongoing serious medical

needs were not addressed until well after December 6, 2003, and that such

discovery is needed in order to demonstrate that the statute of limitations has not

run as to Plaintiff's constitutional claims for failing to address his serious medical

condition.

23.    With respect to Plaintiff's state court claims of medical

malpractice, Plaintiff alleges that Defendant Dr. Weaver failed to provide

requested treatment to Plaintiff on several occasions after Plaintiff was put in "the

hole" on December 6, 2003.  Plaintiff further alleges that Defendant Weaver's

conduct with regard to prescribing medication resulted in his being poisoned.  The

determination that Plaintiff was poisoned was not made until Plaintiff was taken to

11

the Russell Medical Center, in January 16, 2004. In Alabama, the statute of limitations for medical malpractice only begins to run when the cause of action accrues. See Ramey v. Guyton, 394 So.2d 2 (Ala. 1981). Plaintiff needs discovery on the issue of when the poisoning occurred subsequent to the prescription of medication; the dates of the prescriptions by the Defendant Dr. Weaver; the dates and times of the administration of the prescriptions to the Plaintiff by the jail staff; when such accumulation of drugs in plaintiff's body reached a toxic level; and what communication Dr. Weaver had with anyone regarding the administering of medications to the Plaintiff, and when.

24.    There is no evidence as to the date Weaver prescribed the medications to Plaintiff or when he gave instructions to jail staff as to when or how to administer the drugs or at what time during the course of the administration of the medicines that the level of drugs in Plaintiff's system reached toxic level. Given the fact that 41 days elapsed between the date Plaintiff was placed in "the hole" on December 6, 2003, and January 16, 2004, when Plaintiff was taken to Russell Medical Center in Alexander City, Alabama, and diagnosed to be suffering from poisoning due to drugs and medication, it is likely that discovery will show that the statute of limitations has not run with respect to the poisoning claim. Discovery is needed to respond to this defense.

25.    With respect to Weaver's failure to treat the Plaintiff, Plaintiff submits that he repeatedly requested to see a doctor after he was placed in "the hole" on December 6, 2003.  Plaintiff submits that discovery will likely show Defendant's failure to treat Plaintiff in this time frame constituted acts of malpractice for which Defendant Weaver is liable, and for which the statute of limitations has not run.

<u>CONCLUSION</u>

For the reasons stated Plaintiff needs the identified discovery to be able to respond to Defendant Dr. Weaver's Motion for Summary Judgment.

Respectfully submitted

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL BRYAN KELLY,       )
                          )
        Plaintiff,        )
                          )
vs.                       )Civil Action No. 2:05-cv-01150-MHT-DRB
                          )
RICKY OWENS, et al.       )
                          )
        Defendants.       )

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission
and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson,
Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

                        s/Richard J. Stockham III
                        State Bar No.STO034
                        Attorney for the Plaintiff
                        Stockham, Carroll, & Smith P.C.
                        2204 Lakeshore Drive, Suite 114
                        Birmingham, Alabama 35209
                        Telephone (205) 879-9954
                        Fax: (205) 879-9990
                        E-Mail: rjs@stockhampc.com

14