## AFFIDAVIT OF RICHARD J. STOCKHAM, III

STATE OF ALABAMA)

JEFFERSON COUNTY)

Comes now, Richard J. Stockham, III, attorney for the Plaintiff, Daniel Bryan Kelley and submits this affidavit, pursuant to F.R.P.C. Rule 56(f) setting out why the Plaintiff needs additional time to conduct discovery and why he is otherwise unable to respond to Defendant Dr. Weaver's Motion for Summary Judgment.

1.      Plaintiff, in order to respond adequately and fully to Dr. Weaver's Motion for Summary Judgment must conduct discovery on the issues raised in Dr. Weaver's Motion for Summary Judgment.  These are:

(a).    Whether Dr. Weaver is entitled to immunity under 42 U.S.C. § 233; and

(b).    Whether the statute of limitations has run as to Plaintiff's claims against Dr. Weaver.

2.      As a preliminary matter, Plaintiff has yet to have a planning meeting of the parties with respect to any of the Defendants in this case due to the fact that Defendants have filed pending motions to dismiss.  Pursuant to F.R.C.P. Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Consequently Plaintiff has been unable to

**Exhibit  C**

obtain needed discovery from these defendants to adequately oppose the issues raised by Defendant Dr. Weaver.

3.    In order to be able to adequately address Defendant Dr. Weaver's claim that he is entitled to immunity 42 U.S.C. § 233 Plaintiff will need discovery from Defendant Dr. Weaver, Defendant Coosa County, Defendant Roberson Defendant Owens and Defendant Dr. Weaver with respect to whether or not Defendant Dr. Weaver was the jail doctor. Dr. Weaver has submitted by declaration the fact that he was not. However, Plaintiff has offered affidavits that Wendy Roberson told Plaintiff's parents that Dr. Weaver was the jail doctor and was the one who prescribed medications. Plaintiff needs to follow-up and take discovery with respect to this. Plaintiff further needs to follow-up and take discovery with respect to the line and scope of Dr. Weaver's's employment with the Health Services, Inc.

4.    As noted in the accompanying brief opposing summary judgment where the doctor has worked outside the scope of his employment with the public health service that he is not entitled to immunity under 42 U.S.C. § 233. Plaintiff needs to explore in discovery the range of the immunity offered under the Health Services, Inc., contract with Defendant Dr. Weaver. The documentation offered by Dr. Weaver in Support of his Motion for Summary Judgment indicates that the

2

grant is limited to the areas of providing services under § 329 (migrant health centers), § 330 (community health centers) §340 (health care for the homeless) §340(a) (health services for public housing). (see Defendant's Exhibit "B" to Motion for Summary Judgment). This grant for immunity specifically limits its application to these areas. It says "some recipients listed as eligible for F.T.C. coverage by the grantee will be deemed eligible only for carrying out those grant related activities designated as being within the scope of their contract." (Exhibit "B" to Defendant's Motion for Summary Judgment). Plaintiff needs to take discovery as to whether or not the treatment of county jail employees is covered within this contract. A review of the applicable statutes listed in Exhibit "B" makes no reference to county jails. (See Plaintiff's Brief in Opposition to Summary Judgment).

5.    Defendant Dr. Weaver has specifically stated that he has never been employed by Coosa County or the Coosa County Commission to provide services for inmates at the Coosa County Jail and that he has never been responsible for conditions of confinement or medical services at the Coosa County Jail. Plaintiff needs discovery from the Defendant Coosa County Jail, Defendant Ricky Owens, Defendant Wendy Roberson, Defendant Coosa County Commission and Defendant Dr. Weaver on this issue. If, as Plaintiff's affidavits suggest, there is

3

evidence that Dr. Weaver was the doctor for the Coosa County Jail and that he was paid by the Coosa County Commission to be the doctor at the Coosa County Jail, then Dr. Weaver's's claim for immunity is seriously undermined because moonlighting has been held to remove the immunity afforded under 42 U.S.C. § 233. (See Plaintiff's brief).

6.    Plaintiff submits also with respect to Plaintiff's constitutional claims against Defendant Dr. Weaver that he needs discovery in order to show that Dr. Weaver was acting as an official in the jail as the jail doctor and, as such, was liable for constitutional violations. Plaintiff needs discovery also to show that Dr. Weaver's's failure to address Plaintiff's serious medical requirements satisfied both the objective and subjective requirements of a constitutional violation. For this Plaintiff will need to depose Defendant Dr. Weaver, Defendant Owens, Defendant Roberson and individuals from Defendants Coosa County Commission to establish the extent of Dr. Weaver's's involvement and Dr. Weaver's subjective knowledge with regard to Plaintiff's condition.

7.    Plaintiff will also need discovery with respect to Dr. Weaver's assertion of his statute of limitations defense. With respect to Plaintiff's constitutional claims against Defendant Dr. Weaver, Plaintiff will need to conduct discovery as to the ongoing nature of Dr. Weaver's treatment and/or failure to treat

4

Plaintiff's serious medical needs. Plaintiff will need to conduct discovery on what communications Dr. Weaver had with Defendants Coosa County Commission, Ricky Owens, Wendy Roberson, as well as Plaintiff's treating physicians.

8.     Plaintiff will also need to have discovery on the role of Defendant Dr. Weaver in the prescription of medication for Plaintiff that resulted in his poisoning, as well as what follow-up he had regarding administration of medication to the Plaintiff, as well as what other roles Dr. Weaver had undertaken with regard to the Coosa County Jail. Plaintiff has offered affidavits that Dr. Weaver was the doctor responsible for medications at the Coosa County Jail according to jail staff. Plaintiff needs discovery also with respect to the ongoing nature of the constitutional violation and the communication between Owens and Dr. Weaver regarding the Plaintiff, as well as other jail staff and Dr. Weaver, regarding the Plaintiff's medical treatment. This is particularly needed since Owen's has asserted in his Motion to Dismiss that he has relied upon expert medical advise in dealing with Plaintiff.

9.     Also, Plaintiff needs discovery with respect to when the prescribed medication that he was administered reached a toxic level such the Plaintiff suffered poisoning. This is relevant for Plaintiff's malpractice claim against Dr. Weaver. For instance, discovery from the hospital, hospital treating physicians,

pharmacy records, as well as Defendants Owens, Roberson and Dr. Weaver himself may reflect that the toxicity level of drugs did not reach a poison level until some time in December 2003 or January 2004. Under the medical malpractice law cited in Plaintiff's brief such evidence would bring the claim for malpractice relating to drug poisoning inside the statute of limitations.

10.     Plaintiff will also need to discover all of the documentation which Dr. Weaver submitted to the U.S. Department of Health and Human Services, including his contract, his payment records and the payment with regard to all inmates in the Coosa County Jail for medical services by Dr. Weaver, as these will bear on Plaintiff's claim that Dr. Weaver was acting as the jail doctor.

11.     Plaintiff submits that he has not been able to obtain discovery from the critical sources because they are Defendants in the lawsuit and discovery may not proceed against them as yet. Without this discovery Plaintiff cannot develop the kind of record to show Defendant Dr. Weaver's conduct was not covered by the limited immunity he was entitled to in the scope of his employment with Health Services, Inc.

12.     For these reasons, Plaintiff request the Court continue Defendant's Motion for Summary Judgment as provided in F.R.C.P. Rule 56(f) until Plaintiff has obtain the discovery as outlined above.

The foregoing is true and correct to the best of my knowledge and belief.

Richard J. Stockham, III

Sworn to and subscribed before me on this the 7th day of August, 2006.

Notary Public
My commission expires: 6/5/07

7