IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-1150-MHT-DRB** |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
RANDALL W. WEAVER, M.D.'s, MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff's motion for a continuance pursuant to Rule 56 (f) should be denied because the Department of Health and Human Services' (HHS) determination that Dr. Weaver was a deemed employee of the Public Health Service (PHS) when he treated plaintiff is *final and binding* on all parties to this litigation. 42 U.S.C. § 233 (g)(1)(F). Accordingly, all of the discovery plaintiff seeks in an attempt to establish that Dr. Weaver was in fact employed as the doctor for the Coosa County jail is entirely irrelevant because HHS's deeming determination is not subject to judicial review. *Id.* As a deemed PHS physician, Dr. Weaver is entitled to absolute immunity from all claims arising from his performance of medical or related functions. 42 U.S.C. § 233 (g); (a). Plaintiff's sole and exclusive remedy for Dr. Weaver's alleged acts or omissions is an action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b),

2671-2680. 42 U.S.C. §§ 233 (g)(1)(A).  His claims against Dr. Weaver fail as a matter of law.

## II.  ARGUMENT

**1.   HHS's Determination that Dr. Weaver Was a Deemed PHS Physician When he Examined Plaintiff is Final and Binding on the Parties.**

Allowing discovery to go forward would severely prejudice Dr. Weaver.  The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  A valid immunity defense "must be recognized as soon as possible, preferably at the motion to dismiss or summary judgment stage of the litigation." *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002).  Absolute immunity is not simply a defense to liability, but an immunity from all of the burdens of litigation including discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  The protection of absolute immunity is effectively lost if a case is erroneously permitted to go to trial, and "such matters as pretrial discovery are to be avoided if possible." *Id.* at 526.  Delaying immediate entry of summary judgment and subjecting Dr. Weaver to needless discovery would effectively deny him the protection of absolute immunity.

As a deemed PHS physician, Dr. Weaver is entitled to statutory absolute immunity from all claims arising from his performance of medical functions.  42 U.S.C. § 233 (g); (a).  Plaintiff seeks to delay a prompt ruling on Dr. Weaver's absolute immunity so that he

can conduct a far-ranging discovery fishing expedition aimed at challenging HHS's deeming determination. Plaintiff's Rule 56 (f) affidavit states that he needs discovery from Defendants Dr. Weaver, Coosa County, Coosa County Jail, Ricky Owens, Wendy Roberson, and the Coosa County Commission on whether or not Dr. Weaver was employed as the jail doctor. *See*, Pl's Exhibit C, affidavit of Richard J. Stockham, III, at ¶¶ 3, 5, 6. He also states that he "need(s) to discover all of the documentation which Dr. Weaver submitted to the U.S. Department of Health and Human Services, including his contract, his payment records, and the payment with regard to all inmates in the Coosa County Jail for medical services as these will bear on plaintiff's claim that Dr. Weaver was acting as the jail doctor." *Id.* at ¶ 10.

None of plaintiff's requested discovery is relevant to the immunity issue because HHS's determination that Dr. Weaver was a deemed PHS physician acting within the scope of his employment at the time he examined plaintiff is ***final and binding*** on the parties in any civil action or proceeding. 42 U.S.C. § 233 (g)(1)(F). Congress stated unequivocally in the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 (g), that "[o]nce the Secretary makes a determination that an entity or . . . employee . . . is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be ***final and binding*** upon the Secretary and the Attorney General and ***other parties to any civil action or proceeding***. 42 U.S.C. § 233 (g)(1)(F)(emphasis added). The statute further states that "the deeming of any entity or . .

3

. employee . . . of the entity to be an employee of the Public Health Service . . . shall apply with respect to services provided to **all patients of the entity**[.]" 42 U.S.C. § 233 (g)(1)(B)(I).

Consistent with the clear statutory language, this Court has previously held that HHS's deeming determinations are not subject to judicial review. *Brown v. Health Services, Inc.*, 971 F. Supp. 518, 521 (M.D. Ala. 1997). *Brown* involved the same community health center at issue here: Health Services, Inc. In *Brown*, as in the case at bar, plaintiff sought to stay dismissal in order to conduct discovery on the health center's deemed federal employee status. *Id.* Plaintiff argued that Health Services, Inc., did not, in fact, meet the statutory standards required of a community health center under 42 U.S.C. § 254c. *Id.* Plaintiff makes essentially the identical argument here. *See, e.g.,* Pl's Opp. at ¶¶ 11-12.

This Court held that "[t]he statute does not provide for judicial review of the individual administrative decisions which culminate in FTCA protection. . . . The Plaintiff's offer no statutory support for their argument that the Court should undertake such a review. While they provide several policy arguments in support of their position, the Court sees no reason to stray from the clear language of the statute." *Id.* Accordingly, this Court denied plaintiff's request for a continuance to conduct additional discovery because HHS's deeming "documents conclusively answer all questions in this matter." *Id. See also, Faura Cirno v. United States*, 210 F.Supp.2d 46, 49 n. 2 (D.P.R.

4

2002)(holding that HHS's deeming determination is final and non-reviewable).

Plaintiff cites *Miller v. Toatley*, 137 F. Supp.2d 724 (W.D. La 2000), in support of his argument that he should be permitted to challenge HHS's deeming determination. Pl's Opp. at ¶ 9. However, the *Miller* opinion is inapposite. In *Miller*, the HHS ***rejected*** a doctor's claim that he should be deemed a PHS physician because the doctor had received direct payment for the medical services at issue. *Id.* at 726, 729. The doctor removed the case to federal court and argued that he was entitled to be deemed a federal employee. *Id.* The Court found that the Government had made a proper determination. *Id.* at 729. The non-reviewability provision of the FSHCAA was not at issue in *Miller* because 42 U.S.C. § 233(g)(1)(F) is only triggered when HHS makes a ***positive*** determination that a doctor is deemed to be a PHS physician.

There is no dispute that Dr. Weaver examined plaintiff for a leg injury as a patient at the Health Services, Inc., community health center on November 26, 2003. HHS's deeming letter states that "Plaintiff was transported by jail personnel to the health center's clinic . . . where he was seen by Dr. Weaver. . . . ***[W]e are satisfied that Dr. Weaver was acting within the scope of his deemed federal employment in connection with this matter***." Def's Exhibit C, March 6, 2006, HHS deeming letter for Dr. Weaver (emphasis added). HHS specifically rejected plaintiff's position holding that "[a]lthough the complaint alleges that Dr. Weaver was employed by the Coosa County Commission and was acting in his official capacity as the medical doctor for the Coosa County Jail, Dr.

5

Weaver was not a county employee when he treated plaintiff on November 26, 2003. Rather, as the attached documentation shows, Dr. Weaver was employed by Health Services, Inc. ("health center") when he treated plaintiff on that date." *Id.* HHS's determination is final and binding on plaintiff. 42 U.S.C. § 233 (g)(1)(F); *Brown*, 971 F. Supp. at 521; *Faura Cirno*, 210 F.Supp.2d at 49 n. 2. Accordingly, his request for discovery on this issue should be denied.

Rule 56 (f) motions are committed to the sound discretion of the trial court. *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316 (11th Cir. 2005)(holding that "[w]e review a denial of discovery under Rule 56(f) for abuse of discretion"); *Barfield v. Brierton*, 883 F.2d 923, 931-32 (11th Cir. 1989). Dr. Weaver has established that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. The continuance that plaintiff seeks would only serve to needlessly delay entry of summary judgment and subject Dr. Weaver to burdensome discovery in abrogation of his immunity. Accordingly, the Court should exercise its sound discretion and deny plaintiff's Rule 56 (f) motion.

    **3.**    **Plaintiff's Claims are Time Barred**.

In addition to the absolute FSHCAA immunity, Dr. Weaver is also entitled to summary judgment because plaintiff's claims against him are time barred. Plaintiff concedes that the only time Dr. Weaver ever examined him was on November 26, 2003, more than two-years before he filed this lawsuit. Pl's Opp. at ¶ 20. Plaintiff presents no

facts showing that Dr. Weaver had any contact with him after that date. He also fails to present any facts showing that he did not discover Dr. Weaver's alleged malpractice until a later date. Plaintiff, as the patient, has personal knowledge of these facts, and his failure to come forward with any evidence at this juncture is fatal to his claims.

In an effort to save his time-barred claims, plaintiff argues that Dr. Weaver had a continuing obligation to provide medical services to him for the entire time he was incarcerated because he was the jail's doctor. *Id.* at ¶¶ 20-25. Plaintiff argues that he repeatedly requested to see a doctor after he was placed in "the hole" on December 6, 2003, but that these requests were denied. *Id.* at ¶ 25. However, plaintiff's own complaint contradicts his theory that Dr. Weaver was responsible for denying him medical care.

In paragraph 15 of his first amended complaint, plaintiff alleges that "defendants Owens, Wilson, Roberson, and Bradley were aware that plaintiff was requesting medication and was requesting to see a doctor on repeated basis but did not respond to his request[.] . . . They would reply that ***defendant Owens had to make those decisions***." Amd. Compl. ¶ 15 (emphasis added). Dr. Weaver is not responsible for defendant Owens' alleged decision not to take him to a doctor.

In addition, plaintiff states that he was examined by unnamed mental health personnel, taken to Russell Hospital on December 5, 2003, taken to see an unnamed doctor to address his skin rash on January 7, 2004, and taken to Russell Medical Center

7

in Alexander City on January 16, 2004.  Amd. Compl. ¶ 7, 18, 32; Pl's Opp. at ¶ 24.  The fact that jail personnel took plaintiff to several doctors other than Dr. Weaver demonstrates that Dr. Weaver did not have a continuing responsibility for plaintiff's health after he examined him at health center on November 26, 2003.

Plaintiff has come forward with no admissible evidence that would support his theory that Dr. Weaver had a continuing obligation to provide medical services to prisoners at the jail.  Plaintiff presents affidavits from his parents stating that Officer Wendy Roberson told them "that the Coosa County Jail had its own doctor and that was Dr. Weaver."  Pl's Ex. A at ¶ 1, Pl's Ex. B at ¶ 1.  Under Rule 56, opposing affidavits must "set forth such facts as would be admissible in evidence."  Fed. R. Civ. P. 56 (e). The hearsay statement of Wendy Roberson is not admissible to prove the truth of the matter asserted, *i.e.*, that Dr. Weaver was the jail's doctor.  Fed. R. Evid. 801; 802. Accordingly, these affidavits should be stricken and not considered.

Therefore, because the date of Dr. Weaver's sole examination of plaintiff is not in dispute, Dr. Weaver is also entitled to immediate entry of summary judgment on the statute of limitations issue.

### III.  CONCLUSION

For all of the above reasons, and the reasons stated in his initial moving papers, Dr. Weaver is entitled to entry of summary judgment dismissing all claims against him.

Respectfully submitted this 18th day of August, 2006.

                              LEURA G. CANARY
                              United States Attorney

By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       **Attorney for Defendant Randall W. Weaver, M.D.**
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       E-mail:  **stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III, Esquire, Kendrick E. Webb, Esquire, Kristi Allen Dowdy, Esquire, and Gary L. Willford, Jr., Esquire.

                              /s/Stephen M. Doyle
                              Assistant United States Attorney