IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:05-cv-01150-MHT |
| ) | |
| RICKY OWENS, et al. ) | |
| ) | |
| Defendants. ) | |

OBJECTION TO THE MAGISTRATE'S REPORT

COMES NOW Plaintiff, Daniel Brian Kelly and submits this objection to the Magistrate's report recommending dismissal of all claims upon Defendant, Coosa County Commission's Motion to Dismiss.

1.  In ruling on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b) the Court is limited to consider only the facts set out in the pleadings. See Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.7 (11th Cir. 1996). To the extent the court's opinion relise on matters outside of the Complaint the matter should be construed as a Motion for Summary Judgment under Rule 56 rather than a Motion to Dismiss under Rule 12(b)(6). See Fikes v. City of Daphne, supra. If the court entertains matters outside the complaint the court is required to provide sufficient notice to the parties of its intent to do so. Fikes v. City of Daphne, supra.. Here the court failed to provide any such notice, therefore the court's review on Motion to

Dismiss must be limited to the facts alleged in the complaint and inferences drawn therefrom.  Fikes v. City of Daphne, supra.

## PLAINTIFF'S FEDERAL CLAIMS

2.  Plaintiff makes two types of federal claims against defendant County Commission.  Plaintiff makes claims for the County's deliberate indifference to Plaintiff's serious medical needs in Count I and II of the Complaint.  Plaintiff makes a claim of deliberate indifference to environmental or "jail conditions" which violated Plaintiff's constitutional rights in Count III of Plaintiff's Complaint.  Plaintiff's constitutional claims are based upon his allegations that Defendant, Coosa County Commission, deprived him of his constitutional rights by being deliberately indifferent to his need for medical treatment by (1) failing or refusing to treat Plaintiff despite his worsening condition (Count I), and (2) confronting his serious medical condition with treatment that was so cursory as to amount to no treatment at all and delaying treatment for an unreasonable amount of time (Count II).

## PLAINTIFF'S MEDICAL TREATMENT CLAIMS

3.  The Magistrate's report incorrectly holds that Plaintiff failed to state a a claim against the Commission because "his claims do not allege the Commission's responsibility for either the delay in the rendering or deficient rendering of medical care." (Magistrate's report page 9).  The Magistrate's report

incorrectly bases its determination on the holding in Marsh v. Butler County, 268 F.3d 1014, 1026 n.6 (11th Cir. 2001). The Magistrate's report begins by citing to footnote six in Marsh. The court failed to note that footnote six previously states "nothing [in the complaint] indicates, however, that the County was involved in the alleged deprivation of medical care to [plaintiff] Owens." Marsh, 268 F.3d at 1026 n.6. Thus, it is unlike the present case. In the present case Plaintiff has alleged that Defendant Coosa County Commission undertook to hire a doctor, Dr. Randall Weaver, to provide medical treatment for inmates in the Coosa County jail. (See Plaintiff's First Amended Complaint ¶ 34). Moreover, Turquitt v. Jefferson County Alabama, which the Marsh court cites, does not make specific reference to the fact that the County cannot assume the duty of providing a doctor to inmates in the jail. Plaintiff pointed out in "Plaintiff's Opposition to Defendant Coosa County Commission's Motion to Dismiss Amended Complaint" that Code of Alabama § 14-6-20 authorizes the County Commission to hire a physician. (Plaintiff's Opposition pg. 10). The Magistrate's recommendation never addressed the argument that Plaintiff advanced based upon the County's authority to hire a physician. While the statutory language of § 14-6-20 is permissive, Gaines v. Choctaw County Commission, 242 F. Supp. 2d 1153, 1161-62 (S.D. Ala. 2003), once the County Commission undertook to employee Dr. Weaver, the

County "voluntarily undertook a duty beyond that which the law imposed, it thereater was charged with a duty of acting with due care." Gaines v. Choctaw County Commission, 242 F. Supp. 2d 1153, 1160 (S.D. Ala. 2003), citing Keeton v. Fayette County, 558 So.2d 884, 887 (Ala. 1989). Keeton is the case that Turquitt relies upon for its holding about the relative responsibilities of the County Sheriff and the County Commission.

    4.    The Magistrate's report also incorrectly held that Plaintiff's "attempts to circumvent Turquitt and Marsh by underscoring the county's statutory duties to fund jail operations, including inmate medicate care and staff training to render such care... is unavailing." (Recommendation of the Magistrate Judge pg. 10 n.7). The Magistrate ignores the authority which gives the county permission to hire a doctor for inmates in the county jail and once it has done so that it must not act negligently. See Gaines, supra and § 14-6-20. The court further errs when it states "[n]or does the court find any merit in Kelly's attempt to posit Dr. Weaver as the final policymaker for the Commission with respect to medical treatment for jail inmates." (Recommendation of the Magistrate Judge pg. 10 f.7). In so far as the Magistrate's report relies on averments by Dr. Weaver in a Summary Judgment submission, these are outside of the pleadings in the complaint and are therefore not to be considered without notice to the Plaintiff that the Court intends to do so

4

as set out above. Moreover, the court cites no case law that says that if Weaver was a federally contracted Public Health Services Physician he cannot, at the same time, serve as the final policymaker for the County; or that the position of medical care provider for the County is a mutually exclusive position from that of federally contracted Public Health Services Physician. On the contrary, as Plaintiff pointed out in <u>Plaintiff's Opposition to Defendant Coosa County Commission's Motion to Dismiss Amended Complaint</u> the Eleventh Circuit in <u>Mandel v. Doe</u>, 888 F.2d 783 (11th Cir. 1989) held that where the County had contracted with the Health Department to provide a physician assistant to the County Road Prison for medical care to inmates, the physician's assistant was held to be the County's final policymaker with respect to medical affairs at the county's road prison. It was the contracting with the Health Department that the <u>Mandel</u> court, analyzing the authority of the county to delegate by such contractual arrangement with the Health Department that establish the physician's assistant as the final policy for the county with respect to medical care at the road prison. See <u>Mandel</u> at 794. Similarly, here, because Plaintiff has alleged that the County hired Defendant Randall Weaver to provide medical treatment for inmates at the county jail (Amended Complaint ¶ 34), the County established Weaver as final policymaker for medical treatment at the jail. Because the Magistrate Judge erred with respect

to Plaintiff's federal claims for deprivation of medical care Plaintiff respectfully submits the Court should reject the Magistrate's recommendation.

### PLAINTIFF'S FEDERAL "JAIL CONDITIONS" CLAIM

5. The Magistrate Judge erred in holding that "[t]he Complaint fails to attribute to the Commission any actual responsibility for the reportedly corpatable acts or failures of the sheriff and his deputies with respect to his suffering in 'the hole'..."(Recommendation of the Magistrate Judge pg. 9). However, Plaintiff's Complaint alleges in ¶ 39 that "Defendant Coosa County Commission has responsibility to provide or provide funds to maintain the Coosa County Jail. Defendant Coosa County Commission failed to provide funds to maintain an adequate physical accommodation for habitation in the hole at the Coosa County jail." Plaintiff complained about the cold temperature in "the hole" during the months of December and January. (Amended Complaint ¶ 31). As Plaintiff noted in Plaintiff's Opposition to Defendant Coosa County Commission's Motion to Dismiss Amended Complaint, Alabama Code § 14-6-103 requires the County provide and maintain adequate ventilation, light, heating, plumbing and sewage in the jail. Plaintiff avers in his Amended Complaint that the jail in December and January was so cold that not only the parents but the whole jail staff was observed wearing coats because the jail was so cold. Plaintiff alleged that there were bugs in

6

his cell and the food had bugs in it. (Amended Complaint ¶ 20). As Plaintiff pointed out in <u>Plaintiff's Opposition to Defendant Coosa County Commission's Motion to Dismiss Amended Complaint,</u> Alabama Code § 14-6-92 required the County to fumigate and clean the jail. The County also had a duty to provide adequate janitorial service and enforce cleanliness in the jail, provide bathing facilities, soap and towels, hot and cold water, and clean and sufficient bedding. Alabama Code § 14-6-93. Plaintiff's bedding was only a thin plastic mat on a concrete floor. (Amended Complaint ¶ 9). "The hole" did not have running water or a toilet. (Amended Complaint ¶ 10). Plaintiff would not have access to drinking water in "the hole." (Amended Complaint ¶ 12). All of these are identified as County's responsibilities under Code of Alabama § 14-6-92, 14-6-93, and 14-6-103.

6.   The <u>Marsh v. Butler County, Alabama</u> court held, "[u]nder Alabama law, a county might be liable when the physical conditions of the jail have deteriorated and pose a serious threat to the safety of the inmates and when those conditions have caused the injury to the inmates." <u>Marsh v. Butler County, Alabama</u>, 268 F.3d 1014, 1027 n.7( 11th Cir. 2001). Here Plaintiff has alleged sufficient problems with the physical conditions of the jail to make out a constitutional violation against the County for failing to maintain the physical

conditions of the jail. For this reason the Magistrate Judge erred in her recommendation.

## STATE LAW CLAIMS

7. The Magistrate Judge grants the Motion to Dismiss Plaintiff's State Law claims of negligence in Count VI for breach in its duty to fund medical care, in Count VII for negligent hiring and retention of Dr. Weaver, in Count VII for breach of its duty to provide adequate funding and to provide a safe and habitable facility for inmates, and in County IX for its breach of its duty to provide medical treatment to the Plaintiff. Plaintiff objects to the Magistrate's Recommendation with regard to the Judge's holding that Plaintiff failed to state a claim on his claim that Defendant County Commission breached its duty to provide medical treatment to Plaintiff (Count IX), and that it breached its duty to provide adequate funding and to provide safe and habitable facility for inmates (Count VIII) Plaintiff does not object to the Judge's holding with regard to Counts VI and VII.

8. With respect to the Magistrate Judge's ruling on the duty to provide medical treatment to the Plaintiff (Count IX), the court held that "these allegations warrant short shrift as they fail to identify any authority, and there is none, for the underlying premise of a county commission's duty to provide or render medical

treatment to pre-trial detainees like Kelly." (Recommendation of Magistrate Judge pg. 20). The Magistrate Judge is wrong. The authority is Alabama Code § 14-6-20 which provides that the County Commission may elect a physician to attend the inmates of the county jail. While this is permissive authority, in this case Plaintiff has averred that the County has so elected by hiring Dr. Weaver. Once the County has elected to do so, however, such a voluntary undertaking duty charges the county with acting with due care. See Keeton v. Fayette County, 558 So.2d 884, 887 (Ala. 1989).

9. Here, the County has, pursuant to statutory authority, elected to hire a doctor to look after the county jail inmates. In so doing the county cannot be negligent in providing that medical care to the Plaintiff once it has undertaken to provide such medical care. Plaintiff has averred that the courts breached that duty. Because the court focuses its attention on § 14-6-19, it fails to recognize that § 14-6-20 speaks directly to the County's obligation once it undertakes to provide medical care to not do so negligently. For this reason the Magistrate Judge erred in recommending dismissal of this claim.

10. With respect to Plaintiff's Count VIII, Plaintiff alleges a State Law claim for the County Commission's failure to provide and to provide funding for a safe and habitable facility for inmates at the Coosa County Jail.

11.     The court incorrectly concluded that because of <u>Turquitt v. Jefferson County, Alabama,</u> 137 F.3d 1289, 1290 (11th Cir. 1998) the County Commission's funding allegation falls within the province of the Sheriff.  It says "Kelly does not aver that the Commission's funding obligations extend to dictating how appropriate funds are allocated within the physical plan indeed, such decisions fall within the province of the Sheriff, whose operational control of the jail is subject to control by executive agencies, not by counties. (Recommendation of the Magistrate Judge pg. 19).  The Magistrate Judge is wrong in saying that the <u>Turquitt</u> court places the obligations of allocating funding within the physical plan to the province of the Sheriff.  On the contrary, the <u>Turquitt</u> court cites <u>Keeton v. Fayette County</u>, 558 So.2d 884, 886 (Ala. 1989) as basis for determining the extent of the duty of the county and of the county Sheriff.  The <u>Keeton</u> court said specifically that "[w]e hold that, by using the phrase "maintain a jail" in § 11-14-10 the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline. The chairman of a county commission is authorized and empowered to visit and to examine the condition of the county's jail once a week and without informing the Sheriff or jailer." <u>Keeton</u> at 886.  Consequently, the Magistrate Judge's assertion that decisions relating to the allocation of funding with regard to the physical plan

was within province of the Sheriff is simply wrong with respect to the law. Under the <u>Keeton</u> case, which the <u>Turquitt</u> case relies on, it is the responsibility of the county commission to maintain the building and its equipment, and to that end the county commission chairman is empowered to visit and examine the condition of the jail once a week. If the law intended for that to be within the province of the Sheriff it would not have so empowered the county commissioner to make such inspections. For this reason the Magistrate Judge's determinations with respect to Plaintiff's claim against Coosa County Commission for breach of its duty with respect to the physical conditions of the jail are erroneous and should be reversed.

<u>CONCLUSION</u>

For reasons stated Plaintiff submits that the Magistrate Judge erred in her judgment dismissing Plaintiff's Federal Constitutional claims for unconstitutional deprivation of medical care (Counts I & II) and subjection to unconstitutional jail conditions (Count III). Plaintiff further objects for the reasons stated to the Magistrate Judge's recommendation with regard to the dismissal of Count VIII for a State Law breach of the duty to provide a safe and habitatable facility and funding for a safe and habitatable facility, and further objects for reasons stated, to the Magistrate Judge's dismissal to Count IX of the county's negligent provision of medical care. For reasons stated Plaintiff submits that the Magistrate Judge

erred in recommending dismissal of these counts and submits that the District Court should reverse the Magistrate Judge with respect to these counts.

                                  Respectfully submitted

                                  s/Richard J. Stockham III
                                  State Bar No.STO034
                                  Attorney for the Plaintiff
                                  Stockham, Carroll, & Smith P.C.
                                  2204 Lakeshore Drive, Suite 114
                                  Birmingham, Alabama 35209
                                  Telephone (205) 879-9954
                                  Fax: (205) 879-9990
                                  E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| RICKY OWENS, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov


**Counsel for Wendy Roberson, Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net


s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954

Fax: (205) 879-9990  
E-Mail: rjs@stockhampc.com