IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE GRANTING A SUMMARY JUDGEMENT TO DEFENDANT RANDALL W. WEAVER, M.D.**

**COMES NOW** the Plaintiff, Daniel Brian Kelly, and objects to the recommendation of the Magistrate Judge to grant Defendant Randall W. Weaver, M.D.'s Motion for Summary Judgement and moves the Court to reject this recommendation. Plaintiff submits that the Magistrate Judge abused her discretion in denying Plaintiff's Motion pursuant to F.R.C.P. Rule 56(f) to continue the motion for summary judgment and allow discovery.

1. In Plaintiff's opposition to defend Randall Weaver's Motion for Summary Judgment, Plaintiff submitted affidavits of the Plaintiff's parents, Wanda Kelly and Ray Kelly, which were attached as exhibits A and B. In the affidavits, they stated that they were told by Wendy Roberson, an officer in the Coosa County Jail, that the Coosa County Jail had its own doctor, Dr. Weaver, and that Dr. Weaver was the one

that prescribed Plaintiff's medications. Ms. Kelly also testified that Plaintiff was diagnosed as suffering from poisoning from drugs or medical substances after his admission to Russell Medical Center on January 16, 2006. Plaintiff pointed out that this specifically contradicted Dr. Weaver's declaration filed in support of his motion for summary judgment setting out that he had never been employed by Coosa County or the Coosa County Commission to provide medical services for inmates in the Coosa County Jail and that he had never had any responsibility for conditions of confinement or medical services of the Coosa County Jail.

2.  Plaintiff requested pursuant to Rule 56(f) F.R.C.P. that Weaver's motion for summary judgment be continued until Plaintiff could obtain discovery with regard to the scope of any immunity afforded to Weaver under 42 USC §233, as well as the time frame of when Plaintiff's medical injury occurred as a result of Weaver's conduct, or failure to act. (See Plaintiff's opposition page 1-2)

## THE MAGISTRATE JUDGE ABUSED HER DISCRETION

3.  The standard for review of a court's ruling on a rule 56(f) Motion is that of abuse of discretion, and will only be overturned if it is shown that the court's ruling resulted in substantial harm to the Plaintiff's case. <u>Carmical v. Bell Helicopter Textron Inc.</u>, 117 F. 3d 490, 493(11th Cir. 1997). It is abuse of discretion to grant a motion for summary judgment without first considering discovery motions. <u>Snook</u>

v. Trust Co. of Georgia, Bank of Savanna N.A 859 F. 2d 865, 871(11th Cir. 1988). A District Court considering summary judgment motions along with pending discovery requests should look at factors such as whether the nonmoving party has sufficiently identified the information sought through discovery, the reason information has not yet been obtained, and the materiality of the requested information to the summary judgment motion. Phillips v. General Motors Corp., 911 F. 2d 724, 1990 WL 117981 at *5(4th Cir. 1990). Where discovery is relevant to the summary judgment motion, and is discoverable, the court should rule on the discovery motions before the summary judgment motion. Snook, 859 F. 2d at 871.

4. Here, Plaintiff spelled out the evidence which he sought in the affidavit of Plaintiff's attorney which was attached as Exhibit C to Plaintiff's Opposition To Defendant Randall Weaver's Motion for Summary Judgment. There Plaintiff spelled out that he was seeking discovery as to whether Weaver was entitled to immunity under 42 USC §233 and whether the statute of limitations had run on Plaintiff's claims against Weaver. (See Affidavit of Richard J. Stockham III, p. 1)

5. Plaintiff spelled out that because the parties have yet to have the conference required by Rule 26(f) F.R.C.P., Rule 26(d) precluded discovery. Plaintiff pointed out that the individuals from whom Plaintiff needed discovery were all Defendants in the lawsuit (Stockham affidavit). Plaintiff pointed out that the grant of immunity

under 42 USC §23C, upon which Defendant Weaver premises his Motion for Summary Judgment, limits the area of protection to what is spelled out in Weaver's contract and Plaintiff needs discovery on whether or not that limit of protection extends to the treatment of county prisoners. (Stockham affidavit) Plaintiff points out that a review of the applicable statutes listed in Defendant Weaver's Exhibit B reveals no reference to county jails. (Stockham affidavit) Plaintiff further pointed out that Defendant Weaver's grant of immunity was premised on his sworn statement that he had never been employed by Coosa County or the Coosa County Commission to provide services for inmates at the Coosa County Jail and that he had never been responsible for conditions of confinement or medical services or medical services at the Coosa County Jail.(Stockham affidavit)

6.      Plaintiff specifically stated that he needs discovery from the Defendant Coosa County Jail, Defendant Ricky Owens, Defendant Wendy Roberson, Defendant Coosa County Commission and Defendant Weaver on this issue. Plaintiff's attorney's affidavit submits that evidence that undermines Weaver's sworn statement seriously calls in to question the basis for any grant of immunity.

7.      Plaintiff's attorney's affidavit also said Plaintiff needed discovery with regard to Weaver's acting as an official in the jail and as the jail doctor; Weaver's failure to address Plaintiff's serious medical requirements; the ongoing nature of

Weaver's treatment or failure to treat Plaintiff's serious medical need; Weaver's communication with the Coosa County Commission; Weaver's role in prescribing medication for Plaintiff that resulted in his poisoning, as well as what follow up he had regarding the administration and medication to the Plaintiff; and the other roles Weaver had undertaken with regard to the Coosa County Jail. (Stockham affidavit)

8. With respect to Plaintiff's medical malpractice claim Plaintiff needs discovery with respect to when the medication reached a toxic level such that Plaintiff suffered poisoning. Plaintiff also needs the documentation which Weaver submitted to the U.S. Department of Health and Human Services, including his contract, his payment records and payment with regard to all inmates in the Coosa County Jail for medical services by Weaver as these bear on Plaintiff's claim that Weaver was acting as the jail doctor. (Stockham affidavit)

9. Plaintiff has offered affidavits that Defendant Wendy Roberson has made the statement that Dr. Weaver was the jail doctor and that Dr. Weaver was the one who prescribed the medications. Because this directly contradicts Dr. Weaver's affidavit, this would undermine the factual basis for any grant of summary judgment. Thus the denial of this discovery resulted in substantial harm to Plaintiff's case. See Carmical v. Bell Helicopter Textron Inc. 117 F. 3d 490, 493.

10. The reason the Plaintiff was unable to conduct any discovery was entirely

within the Magistrate Judge's hands. The Magistrate Judge herself had not ruled on the motions to dismiss filed by Defendants County Commission, Sheriff Owens, and Sheriff Deputies Bradley Wilson and Roberson until very recently.(See Magistrate Judge recommendations: on Bradley, Wilson and Roberson entered November 9, 2006; on Defendant Coosa County Commission entered October 31, 2006; on Dr. Randall Weaver entered November 14, 2006, and on Sheriff Ricky Owens entered November 16, 2006.)

11. In this way the Magistrate Judge effectively barred Plaintiff's ability to discover from the deputy sheriffs, the sheriff, the Coosa County Commission or Dr. Weaver, but the Magistrate Judge nevertheless sites as reason for granting summary judgment that

> No affidavit from the Deputy Sheriff supports the representations attributed to her. No direct or otherwise credible evidence indicates that Dr. Weaver examined, treated or prescribed medicines for, Kelly on any specific occasion after November 26, 2003. Nor does Kelly provide any evidentry submission from an authorized spokesman for the Coosa County Jail or the Coosa County Commission, or from the Sheriff or a Commissioner, which will be probative of Deputy Sheriff Roberson's reported identification of Dr. Weaver as the Coosa County Jail's physician and/or the doctor who prescribed medicines or otherwise treated him after November 26, 2003.

(Recommendation of the Magistrate Judge, p. 12)

12. What is unfair about this, and, consequently, an abuse of the Magistrate

Judge's discretion, is that because these very individuals are in the lawsuit, the Magistrate Judge's failure to rule on the Defendants' motions to dismiss prevented Plaintiff from obtaining the missing affidavits or testimony. It is inimical to fair mindedness and justice when Plaintiff has offered affidavit testimony that Wendy Roberson stated that Weaver was the jail's doctor and that he prescribed Plaintiff's medication not to permit the Plaintiff to examine her, other employees in the jail, the sheriff, the County Commission or Dr. Weaver with regard to that fact which clearly contradicts Weaver's sworn testimony upon which the Magistrate Judge bases her recommendation of summary judgement.

13. The Magistrate Judge says

> In sum, Kelly urges the Court to ignore evidence because he is unable to discredit it and, instead, to permit him to engage in discovery. The requested discovery, however, is fueled only by the speculative opinions of persons having no supervisory or official roles in deciding either the physicians Coosa County hired to provide inmate medical care or the physicians the federal government can deem to be federal physicians entitled to statutory immunity. The court's decision favoring the undisputed evidence warrants little discussion..

(Magistrate Judge's Recommendation, p.12 )

14. The Magistrate Judge's dismissal of the reported conversation with an officer of the jail as "speculative opinions" is a mis-characterization of what was offered. Clearly the federal government's deeming Defendant Weaver to be entitled to

statutory immunity was based upon Weaver's sworn statement that he had never been employed by Coosa County or the Coosa County Commissions, provided medical service for inmates at the County Jail and that he had never had any responsibility for conditions of confinement or medical services at the Coosa County Jail. It is not speculative that Plaintiff has offered sworn testimony that Roberson, an officer in the jail, told those witnesses that Defendant Weaver was the jail's doctor and that Defendant Weaver prescribed Plaintiff's medications.

15.     The Magistrate Judge did not address whether the Plaintiff had sufficiently identified the information sought through discovery, the reasons the information had not yet been obtained, or the materiality of the requested information to the summary judgment motion as required by law . See Phillips v. General Motors Corp., supra. Moreover, the Magistrate Judge's application of the final and binding effect of 42 USC §233(g)(1)(F) is based on the fact that the record is clear (see Magistrate Judge's Recommendation, p. 12-13). Plaintiff has done all in his power to show that if discovery were permitted the facts that the federal government used in determining the immunity were not at all clear. In fact, they were at issue to the extent that if the Plaintiff obtains evidence that Defendant Weaver was in fact the jail doctor and was in fact the one who prescribed the medication for the Plaintiff, then the agency determination that Weaver was deemed an employee of the public health service

would be called into serious question and the basis for awarding Weaver s immunity undermined.

16.  While the Magistrate Judge cites <u>Brown v. Health Services Inc.</u> 971 F. Supp. 518, 521 (M.D. Ala. 1997) and <u>Allen v. Christenberry</u> 327 F. 3d 1290, 1294 (11th Cir. 2003) for the proposition that it may not review the administrative decision, neither of those cases are similar to the cases here, and insofar as they are offered for the proposition that a District Court may not conduct a de novo review of the Federal Government's scope-of-employment determination, the Magistrate Judge is simply wrong on the law. A District Court may indeed conduct a de novo review of the Government's scope-of-employment determination. See <u>Meridian International Logistics, Inc. v. U.S.</u>, 939 F.2d 740, 745 (9th Cir.1991), citing <u>S.J.&W Ranch, Inc. v. Lehtinen</u>, 913 F.2d 1538, 1542-44 (11th Cir.1990).  Here, Plaintiff has pointed out that the evidence, if Plaintiff is allowed to obtain the discovery, will likely contradict Defendant Weaver's sworn testimony and, consequently, put at issue whether or not Weaver was employed by Coosa County or the Coosa County Commission to provide medical services for inmates at the jail and to be responsible for conditions of confinement or medical services at the jail. If the factfinder finds that Weaver was the jail doctor and prescribed  medication for the Plaintiff then the entire basis for the immunity is undercut.

17.     Immunity under 42 USC §233 is only authorized when the doctor acts within the scope of its employment. See Miller v. Toatley, 137 F. Supp. 2d 724 (W.D. La. 2000). In Toatley, the doctor was employed by a company that was covered by the public health service, however, the doctor was not entitled to immunity because he was not acting within the scope of his office or employment.  See Toatley, at 727. The Toatley Court specifically referenced 42 C.F.R. §6.5-.6.5 which says acts or omissions by individuals not within the scope of employment are not covered.  See Toatley, at 739 n. 5.

18.     Because immunity issues are an expansion of the Federal Government's Sovereign Immunity, the statute must be construed strictly. See Dedrick v. Youngblood , 200 F.3d 744, 746 (11 Cir. 2000).  If Weaver was acting in the position of jail doctor and the defining statutes specifically do not reference other governmental employment, specifically county jails, as being authorized by the act, Weaver's being deemed an employee of the public health service would be an erroneous determination based upon a false statement by Defendant Weaver.

19.     As Plaintiff pointed out in his brief, the contract Defendant Weaver had limited the immunity to Sections 329, 330, 340 and 348 (42 U.S.C.§§245b, 245c, 256, and 256a).  These are the only areas where immunity is afforded under Defendant Weaver's contract.  None of these areas speak to providing medical

services to county jails. Because this statute is to be strictly construed, if Weaver is found to be acting as the jail doctor, then he is not entitled to immunity.

20. Because Plaintiff, in fairness, should be permitted to obtain evidence which he was deprived of because the Magistrate Judge had failed to rule on the Defendants's motion to dismiss and because that evidence will likely put at issue the basis for Defendant's claim of immunity, making it a question of fact to be decided by a factfinder, Plaintiff submits that the Magistrate Judge's recommendation for Summary Judgment should be rejected and Plaintiff should be permitted to take discovery on these issues.

21   The Magistrate Judge also abused her discretion when she held that

> Because Doctor Weaver's submissions also document November, 26, 2006, as the only occasion for his medical examination of Kelly, he has also established that any valid claim asserted in this action filed on December 6, 2005, would be barred by the statute of limitations if re-filed under the Federal Tort Claims Act. Kelly's suggestion of a "continuing duty" by Dr. Weaver to serve his medical needs is simply unsupported by any basis in fact or law.

(Magistrate Judge's Recommendation, p. 13-14)

22. Here again, Plaintiff has provided affidavits from Plaintiff's parents that they spoke to Wendy Roberson to the effect that Weaver was the jail doctor and the one who prescribed Plaintiff's medication. If the Plaintiff were allowed to establish these facts by taking deposition of the Defendants Roberson, Sheriff Owens,

Weaver, the Coosa County Commission, Al Bradley and Terry Wilson then Plaintiff would likely have evidence to support his contention that Weaver had a continuing duty to serve his medical needs. In <u>Neil v. Rehburg</u> 577 F. 2d 262 (5th Cir. 1978) the Fifth Circuit held that refusal to provide necessary medical services was in the nature of a continuing wrong in the context of a constitutional claim and therefore the statute of limitations had not run as long as the denial of adequate medical treatment continued. Here, Plaintiff complained that the denial of adequate medical treatment continued into January of 2004, so all claims for denial of medical services back to, and including November 26, 2003 would, under this Circuit's precedent, be within the statute of limitations.

23.   With respect to the state law statute of limitation for malpractice, the limitations period only begins when the cause of action accrues. See <u>Ramey v. Guyton</u>, 394 So. 2d 2 (Ala.1981). Here Plaintiff claims that he was poisoned as a result of the medication prescribed by Defendant Weaver. Plaintiff has offered affidavits that Wendy Roberson, an officer in the jail who would be in a position to know, stated that Weaver was the one who prescribed Plaintiff's medication. Plaintiff requested the discovery on the issue of when the poisoning occurred subsequent to the prescription of the medication, the dates of the prescriptions by Weaver, the dates and times of the administration of the prescriptions to the Plaintiff

by the jail staff and when such accumulation of drugs in the Plaintiff's body reached toxic level and what communication Weaver had with anyone regarding the administration of the medication to the Plaintiff. (See Plaintiff's Opposition, p. 12)

24.    Given that the medication that Plaintiff was administered accumulated over time in his body in the period from November 26, 2003 through January 2004, the issue of when the medication reached toxic levels and consequently poisoned him would bear on when the statute began to run. This need to be addressed by discovery. The discovery is specifically in the hands of the Defendants in this lawsuit and so Plaintiff should be permitted to discovery this in order to respond to Defendant Weaver's Summary Judgment Motion.  Denial of this discovery specifically adversely impacts Plaintiffs claims as this Court has held that the statute of limitations also bars Plaintiff's claims against Defendant Weaver.  As above, the Magistrate Judge's refusal to allow Plaintiff to conduct this discovery was part and parcel of the Magistrate Judge's not ruling on all the Defendant's motions to dismiss before she granted Defendant's Weaver's Motion for Summary Judgment or otherwise permitting Plaintiff to take discovery on this requested information.

25.    Plaintiff submits that the Magistrate Judge's recommendation abuses her discretion because it fails to say whether the Plaintiff insufficiently identified the information sought through discovery, the reasons the information had not been

obtained or the materiality of the requested information to the summary judgment motion. See <u>Phillips v. General Motors Corp.</u>, supra. Plaintiff requests that this Court reject the Magistrate Judge's recommendation as to the effect of the statute of limitations, and permit the Plaintiff to conduct the requested discovery.

## **CONCLUSION**

For the reasons set out above, Plaintiff objects to the Magistrate Judges's determination that Defendant Weaver is entitled to summary judgment on all claims and prays the Court will reject the Magistrate Judge's recommendation both as to the denial of Plaintiff's request for specific discovery which would permit Plaintiff to oppose Defendant's summary judgment motion and also reject the Magistrate Judge's recommendation for summary judgment on Plaintiff's constitutional and state court claims against the Defendant Weaver based on her erroneous finding of immunity and statute of limitations bar. Plaintiff further prays that this Court will postpone hearing Defendant Weaver's summary judgment motion until such time as Plaintiff is permitted to adequately respond with evidence obtained through discovery.

       Respectfully submitted


       <u>s/Richard J. Stockham III</u>
       State Bar No.STO034
       Attorney for the Plaintiff
       Stockham, Carroll, & Smith P.C.
       2204 Lakeshore Drive, Suite 114
       Birmingham, Alabama 35209
       Telephone (205) 879-9954
       Fax: (205) 879-9990
       E-Mail: <u>rjs@stockhampc.com</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| RICKY OWENS, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson, Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com