**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL BRYAN KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 2:05-cv-1150-T** |
| | ) | |
| **RICKY OWENS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT RICKY OWENS'S PARTIAL
OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

COMES NOW Coosa County Sheriff Ricky Owens, a Defendant in the above-entitled action, and submits this Memorandum Brief in support of his Partial Objection to the November 16, 2006 Recommendation of the Magistrate Judge.

## INTRODUCTION

On May 22, 2006, the Plaintiff Daniel Bryan Kelly filed his Amended Complaint against Sheriff Ricky Owens and others alleging a violation of his constitutional rights while detained at the Coosa County Jail. The Plaintiff's claims against Sheriff Owens were as follows: (1) deliberate indifference to medical care; (2) unconstitutional conditions of confinement; (3) failure to train jail staff; and (4) unconstitutional failure to prevent excessive force. On June 2, 2006, Sheriff Owens moved to dismiss all the Plaintiff's claims and filed a brief supporting his motion. The Plaintiff responded to Sheriff Owens's motion to dismiss on June 26, 2006, and Sheriff Owens filed a Reply Brief on July 10, 2006.

On November 16, 2006, the Magistrate Judge entered a Recommendation that the failure to train jail staff claim be dismissed. However, the Magistrate Judge declined to recommend dismissal of the claims of deliberate indifference to medical care, unconstitutional conditions of

1

confinement, and unconstitutional failure to prevent excessive force. Sheriff Owens objects to the Magistrate Judge's Recommendation to the extent that the Magistrate Judge did not recommend dismissal of the deliberate indifference to medical care claim. The medical claim is due to be dismissed because the allegations of the Amended Complaint show that, even accepting that Sheriff Owens was aware of the Plaintiff's allegedly serious medical need, Sheriff Owens was not deliberately indifferent to that knowledge.

## ARGUMENT

A prison or medical official may be held liable under the Fourteenth Amendment[1] for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 845-47 (1994). The United States Supreme Court has adopted the standard of criminal recklessness as the test for deliberate indifference. See Farmer, 511 U.S. at 839-40 ("That said, subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment.") Accordingly, to state a claim for deliberate indifference with regard to medical care, the Plaintiff must sufficiently allege (1) that he had a serious medical need, (2) that Sheriff Owens was aware of the serious medical need, and (3) that Sheriff Owens disregarded the risk with a state of mind equal to criminal recklessness. See, e.g., Greffey v. State of Ala. Dept. of Corrections, 996 F. Supp. 1368, 1379 (N.D.Ala. 1998), citing

---

[1] As correctly noted by the Magistrate Judge, "claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving pretrial detainees.'" Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citations omitted).

Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (describing the "three-prong" deliberate indifference analysis).

For purposes of this objection only, Sheriff Owens will assume that the Plaintiff sufficiently alleged that he had a serious medical need and that Sheriff Owens was aware of that need. This objection, therefore, is based on Sheriff Owens's argument that the Plaintiff has not sufficiently alleged that Sheriff Owens was deliberately indifferent after he became aware of the Plaintiff's medical need with a level of culpability equivalent to criminal recklessness. Thus, because the third prong of the deliberate indifference analysis is not met, the Plaintiff's Amended Complaint fails to state a claim.

Taking the allegations of the Amended Complaint as true, the facts are as follows: Dr. Randall Weaver was hired to provide medical treatment for inmates at the Coosa County Jail. (Doc. 42, ¶ 34) Dr. Weaver was informed of the Plaintiff's medical conditions at the time the Plaintiff was booked into the Coosa County Jail and was provided a summary of the Plaintiff's medical condition. (Doc. 42, ¶¶ 5, 34.) After Sheriff Owens observed the Plaintiff having seizures, a mental health professional evaluated the Plaintiff. (Doc. 42, ¶ 6) The mental health professional apprised Sheriff Owens of the Plaintiff's medical needs, and the evaluation indicated that the Plaintiff needed an evaluation by a doctor for the seizures. (Id.) Therefore, Sheriff Owens informed Dr. Weaver of the Plaintiff's medical condition, and Dr. Weaver saw the Plaintiff at this time. (Id.) Dr. Weaver observed and treated the Plaintiff. (Doc. 42, ¶ 34) The Plaintiff continued having seizures and on December 5, 2003, was taken to Russell Hospital for treatment after a fall. (Doc. 42, ¶ 7) On January 7, 2004, the Plaintiff was taken to the doctor to address a skin rash. (Doc. 42, ¶ 32) Dr. Weaver observed and treated the Plaintiff. (Doc. 42, ¶ 34) His medical condition continued, and therefore he was taken to the Russell

Hospital on January 16, 2004. (<u>Id.</u>) During his incarceration, the Plaintiff was given medication prescribed by Dr. Weaver. (Doc. 42, ¶¶ 19, 30, and 35)

The Recommendation of the Magistrate Judge is flawed because it focused on the facts which showed Sheriff Owens's awareness of the Plaintiff's medical need without addressing the lack of factual allegations supporting the Plaintiff's conclusory allegations that Sheriff Owens was deliberately indifferent. Upon review of the facts alleged in the Amended Complaint, it is clear that every time Sheriff Owens became aware of a medical need of the Plaintiff, the Plaintiff was seen by a health care provider. Accordingly, the Plaintiff's conclusory allegation that Sheriff Owens was deliberately indifferent is unsupported by his own facts and is therefore due to be disregarded. <u>Marsh</u>, 268 F.3d at 1036 n.16 (stating that unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6)); <u>see also</u> <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

The Magistrate Judge specifically highlighted the portion of the Amended Complaint where it is alleged that Sheriff Owens did not do anything in response to the mental health care professional's recommendation that the Plaintiff be evaluated for seizures. In the Recommendation, the Magistrate Judge, citing ¶ 6 of Amended Complaint, stated: "[T]he Complaint alleges that the Sheriff did not act on the recommended 'evaluation by a doctor for the seizures.'" (Doc. 71 p. 14) However, in the very next sentence, the Plaintiff alleged that Sheriff Owens did act: "***Sheriff Owens….informed defendant Weaver of plaintiff's serious medical condition***." (Doc. 42, ¶ 6). Contrary to the Magistrate Judge's statement of the facts, the Amended Complaint alleges that Sheriff Owens did act – he told the jail doctor about the recommendation. Clearly, Sheriff Owens's apprising the physician of the Plaintiff's medical

issues each time he became aware of a problem does not constitute deliberate indifference.  See, e.g., Ellison v. Scheipe, 570 F. Supp. 1361, 1363 (E.D. Pa. 1983) ("[P]rison officials…are merely expected to bring to the physician's attention any injuries or illnesses suffered by inmates.") (footnote omitted).  From the facts as alleged, it is obvious that the Plaintiff's conclusory allegation that Sheriff Owens ignored his medical needs is unsupportable.

The facts of the Amended Complaint are clear that, from the time the Plaintiff was booked into the Coosa County Jail, Dr. Weaver was made aware of the Plaintiff's medical conditions.  It is further alleged that Dr. Weaver observed and treated the Plaintiff and prescribed medication to the Plaintiff.  However, the Plaintiff alleged that, although Dr. Weaver was aware of the Plaintiff's serious medical condition, he was grossly incompetent in providing medical care and chose an easier but less effective course of treatment for the plaintiff.  (Doc. 42, ¶¶ 35-36)  Despite the allegations of Dr. Weaver's sub-par treatment, Sheriff Owens cannot be held liable for the alleged medical malpractice of Dr. Weaver.[2]

The Eleventh Circuit has held that "supervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care."  Williams v. Limestone County, 2006 WL 2805636, *4 (11th Cir. 2006).  This principle was also relied on by the Eighth Circuit in Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002).  In Meloy, a former inmate sued several prison doctors, a nurse, and the prison's medical director[3] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  Meloy, 302 F.3d at 847

---

[2] In fact, had Sheriff Owens substituted his untrained medical opinion for that of Dr. Weavers, he would have opened himself up to a denial of medical care claim.
[3] The medical director was a trained and licensed nurse.  302 F.3d at 846.

citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849; see also Shepard v. Stidham, 502 F. Supp. 1275, 1281-82 (M.D.Ala. 1980) (holding that the prison officials acted reasonably in reliance on the recommendation of the physician, and therefore no deliberate indifference was shown); Brownell v. Figel, 950 F.2d 1285, 1291-92 (3d Cir. 1991) (granting summary judgment to police officer after *rejecting* plaintiff's contention that "the due process clause requires police to second guess a doctor's diagnosis in all instances where intoxicated accident victims display aberrant behavior."); Rowe v. Rivera, 2000 WL 1507447, *6 (D.N.H. 2002) ("The defendants' reliance on the opinions of the doctors who examined Rowe after Dr. Hogan recommended surgery and who believed that his condition was not urgent does not constitute deliberate indifference to a substantial risk to Rowe's health."); Rosas v. Lane, 1987 WL 15762, *2 (N.D. Ill. 1987) ("Loathe to second-guess the judgment of medical health care professionals, courts rarely find violations of the Eighth Amendment in disputes between inmates and medical staff as to the appropriateness of a diagnosis or the adequacy of treatment actually rendered."); Ellison v. Scheipe, 570 F. Supp. 1361, 1363 (E.D. Pa. 1983) ("[P]rison officials cannot be required to second guess the medical judgment of the physician.") Because Sheriff Owens lacks the medical knowledge and expertise that Dr. Weaver possesses, he was in no way responsible for second-guessing Dr. Weaver's treatment of the Plaintiff, and therefore cannot be held liable for the alleged inadequate treatment.

Further, the fact that the Plaintiff and his private physician disagreed as to the proper course of treatment does not show deliberate indifference on the part of Sheriff Owens. The Eleventh Circuit has held that where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that, where inmate was seen frequently by registered nurse, occasionally by physician, and once by psychiatrist and was also prescribed several different types of medicine, no deliberate indifference was shown even thought the plaintiff desired different modes of treatment). An inmate does not have a right to a **specific** kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; ***how [a municipality] obtains such treatment is not a federal constitutional question***") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

In Faison v. Rosado, an inmate complained that the jail doctor did not refer him to a physical therapist even though the orthopedic specialist had recommended it. The doctor responded that the orthopedist's comment was just that the plaintiff should see a physical therapist *if* one was available. The Court held that, "although Faison might not agree with the method of treatment provided, matters of medical judgment do not give rise to a § 1983 claim." Faison v. Rosado, 129 Fed. Appx. 490, 492 (11th Cir. 2003); see also Adams v. Poag, 61 F.3d

1537 (11th Cir. 1995) (question of medical judgment cannot make out a basis for imposing liability under § 1983). The Court further stated: "Even if physical therapy was a part of a more aggressive treatment plan, Dr. Monserrate's failure to refer Faison to a physical therapist may amount to negligence but not to a cognizable constitutional claim."

In the instant case, Sheriff Owens ensured that the Plaintiff was under the care of a trained and licensed physician, Dr. Weaver. The fact that the Plaintiff and his private physician disagreed with the Plaintiff's course of treatment under Dr. Weaver does not give rise to a constitutional claim.

Accordingly, because the Amended Complaint lacks factual allegations sufficient to establish the third prong of the deliberate indifference test, no constitutional violation has been shown, and thus Sheriff Owens is entitled to qualified immunity.[4] Therefore, the Magistrate Judge should have recommended dismissal of the deliberate indifference to medical care claim.

## CONCLUSION

Based on the foregoing, Defendant Sheriff Ricky Owns requests that the Magistrate revise the Report and Recommendation as to the "Deliberate Indifference to Medical Care" claims in Counts I and II.

---

[4] As noted in Sheriff Owens's Brief in Support of his Motion to Dismiss, there is no clearly established law that would give Sheriff Owens fair warning that his conduct was unlawful. Accordingly, even if there were a constitutional violation, he would be entitled to qualified immunity.

Respectfully submitted this 29th day of November, 2006.

**s/Gary L. Willford, Jr.**
KENDRICK E. WEBB – Bar No. WEB022
GARY L. WILLFORD, JR. – Bar No. WIL198
Attorney for Defendants
WEBB & ELEY, P.C.
7474 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 29th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard J. Stockham, III**, **Kristi Allen Dowdy**, and **Stephen Michael Doyle**.

**s/Gary L. Willford, Jr.**
OF COUNSEL