IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:05-cv-1150-MHT-DRB** |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT RANDALL W. WEAVER, M.D.'s, RESPONSE TO PLAINTIFF'S OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE**

COMES NOW Defendant, Randall W. Weaver, M.D., by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds as follows to plaintiff's objection to the recommendation of the Magistrate Judge.

1. The Court should adopt the well-reasoned recommendation of the Magistrate Judge and grant summary judgment in favor of Dr. Weaver.

2. The core of plaintiff's objection is that the Magistrate Judge abused her discretion in denying his Rule 56 (f) request to take far-ranging discovery in an effort to challenge the Department of Health and Human Services' (HHS) administrative determination that Dr. Weaver was a deemed employee of the Public Health Service when he treated Plaintiff.  He argues that "Plaintiff has done all in his power to show that if discovery were permitted . . . then the agency determination that Weaver was deemed an employee of the public health service would be called into serious question and the basis for awarding Weaver's immunity undermined."  Pl's Obj. ¶ 15.

3. Plaintiff's objection ignores the clear language of 42 U.S.C. § 233 (g)(1)(F) which states that "[o]nce the Secretary makes a determination that an entity or . . . employee . . . is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be ***final and binding*** upon the Secretary and the Attorney General and ***other parties to any civil action or proceeding***." 42 U.S.C. § 233 (g)(1)(F)(emphasis added).

4. The Magistrate Judge correctly held that the Court "is bound to apply the controlling law giving final and binding effect to [HHS's] factual determination[.]" R & R at 13.

5. Plaintiff cites *Meridian International Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) for the proposition that a District Court may conduct a *de novo* review of the Government's scope-of-employment determination. Pl's Opp. at ¶ 16. However, *Meridian International* is a Westfall Act case dealing with scope certifications by the Attorney General pursuant to 28 U.S.C. § 2679 (d)(1) & (2). The case has no bearing on the completely different statutory language of 42 U.S.C. § 233 (g)(1)(F).

6. With respect to the Federally Supported Health Centers Assistance Act ("FSHCAA), the Magistrate Judge noted that this Court has previously held in *Brown v. Health Services, Inc.*, 971 F.Supp. 518, 521 (M.D. Ala. 1997), that the "statute does not provide for judicial review of the individual administrative decisions which culminate in FTCA protection." R & R at 13. *See also, Faura Cirno v. United States*, 210 F.Supp.2d

46, 49 n. 2 (D.P.R. 2002)(holding that HHS's deeming determination is final and non-reviewable).

7. Accordingly, the Magistrate Judge did not abuse her discretion in denying plaintiff's Rule 56 (f) motion because the discovery he seeks is not relevant to any material issue in the case.

8. With respect to the statute of limitations issue, plaintiff cites *Neel v. Rehberg*, 577 F.2d 262 (former 5th Cir. 1978) for the proposition that refusal to provide a prisoner with necessary medical services is in the nature of a continuing wrong. Pl's Opp. at ¶ 22. However, the defendants in *Neel* were the Sheriff and Chief Deputy of Thomas County Georgia who had a duty to provide adequate medical care to their prisoners. Plaintiff has no authority for the proposition that a private physician like Dr. Weaver who examined a patient once in his office thereby took on a continuing duty to forever thereafter provide medical treatment to that patient. As the Magistrate Judge correctly held, "Kelly's suggestion of a 'continuing duty' by Dr. Weaver to serve his medical needs is simply unsupported by any basis in fact or law." R & R at 13-14.

9. Additionally, plaintiff argues that he needs discovery to determine when his medical malpractice claim accrued. Pl's Opp. at ¶¶ 23-24. This argument ignores the fact that plaintiff himself is the patient at issue. If he did not discover Dr. Weaver's alleged malpractice until sometime after the November 26, 2003, office visit, he should have submitted an affidavit to that effect. This knowledge is personal to plaintiff. His failure

to come forward with any such evidence in opposition to Dr. Weaver's summary judgment motion is fatal to his malpractice claim.

    10.    For the above reasons and the reasons stated in Dr. Weaver's moving papers, the Court should overrule plaintiff's objection and adopt the well-reasoned recommendation of the Magistrate Judge.

Respectfully submitted this 29th day of November, 2006.

                                LEURA G. CANARY
                                United States Attorney

By:   /s/Stephen M. Doyle
        STEPHEN M. DOYLE
        Chief, Civil Division
        Assistant United States Attorney
        **Attorney for Defendant Randall W. Weaver, M.D.**
        Post Office Box 197
        Montgomery, AL  36101-0197
        District of Columbia Bar No. 422474
        Telephone No.: (334) 223-7280
        Facsimile No.: (334) 223-7418
        **E-mail:  stephen.doyle@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III, Esquire, Kendrick E. Webb, Esquire, Kristi Allen McDonald, Esquire, and Gary L. Willford, Jr., Esquire.

    /s/Stephen M. Doyle
Assistant United States Attorney