IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL BRYAN KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:05-cv-01150-MHT |
| | ) | |
| RICKY OWENS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

OBJECTION TO CERTAIN OF THE MAGISTRATE JUDGE'S
RECOMMENDATIONS

COMES NOW Plaintiff, Daniel Brian Kelly, and objects to that part of the Magistrate Judge's recommendation regarding the of dismissal of Plaintiff's claims of constitutional depravation against Defendant Owens based on a failure to train the jail staff, and moves the Court to reject this part of the recommendation.

The Magistrate Judge found:

Kelly argues only generally that "Defendants Owens, Wilson and Roberson "fail[ed] to provide training to jail staff regarding the mistreatment and proper treatment of prisoners." No factual averments buttress this legal claim: in fact, "training" is referenced in only one paragraph, as follows: "Defendants gave plaintiff medications but did so without any training or supervision and not in accordance with any medically appropriate treatment scheme." (¶30). This single reference is wholly inadequate for any assessment of Sheriff Owens' relevant acts or omissions in training his staff, and the court's assessment must point to the impairment of a Kelly's constitutional right relating to training the jail staff. Sheriff Owens correctly states that the complaint does not allege a cognizable failure to train claim.

(Recommendation of the Magistrate Judge, p.20).

Plaintiff submits that the Magistrate Judge is in error when she finds that the Plaintiff's failure to train claim is unsupported by factual averments and points to the following:

Plaintiff's mental condition was deteriorating and Owens and the jail staff were aware of it but did not call a doctor, or provide access to personal hygiene. (Amended Complaint ¶6, 15, 16, 17, 19, 20, 27, 29, 30, 31). On several occasions, Deputy Roberson told Plaintiff's parents that Plaintiff suffered seizures but no doctor was called. (Amended Complaint ¶ 17). On December 16th, 2003, Plaintiff's family, concerned, requested a copy of the evaluation by the mental health professional, but Owens refused to provide it although he had the evaluation that told him that Plaintiff had a serious medical condition and needed an evaluation by a doctor for seizures. (Amended Complaint ¶18 ). Plaintiff continued to beg for help. (Amended Complaint ¶16, 19, 27, 29, 31). Owens commented that Plaintiff's medications were costing about $900 a month. (Amended Complaint ¶19 ). Owens taped paper over the window in the "hole" in response to Plaintiff's cries for help. (Amended Complaint ¶16 ).

Plaintiff's family complained to Owens that he had been given too much

medication, and not in accord with what his doctors had previously given him, but Owens told Plaintiff's family members that they had their own rules regarding medications and doctors. (Amended Complaint ¶ 19). Plaintiff's condition continued to deteriorate (Amended Complaint ¶20, 27, 29, 30, 31). His skin and eyeballs turned yellow. (Amended Complaint ¶ 20). Owens knew of Plaintiff's deteriorating mental and physical condition, repeated begging for help and need for a doctor, but did not provide access to adequate medical attention. (Amended Complaint ¶ 6, 10, 15, 16, 17, 18, 19, 20, 30, 31).

Plaintiff was in such poor condition that he spent most of his time lying on the mat on the floor next to the drain. (Amended Complaint ¶20 ). Plaintiff began to experience pains in his right side and complained to Owens that he needed to see a doctor, but he was not provided access to any medical treatment. (Amended Complaint ¶27 ). Plaintiff began to hallucinate that he was seeing dead people, but was not provided access to any medical or psychiatric treatment. (Amended Complaint ¶27 ). Defendants gave Plaintiff medications, but did so without any training or supervision, and not in accordance with any medically appropriate treatment scheme. (Amended Complaint ¶30 ). Plaintiff was given high doses of medication that exacerbated rather than helped his conditions. (Amended Complaint ¶30).

Plaintiff developed a rash all over his body and began to itch very badly. (Amended Complaint ¶ 29). He complained about this to Defendants, cried repeatedly, and begged to see a doctor, but he was not provided with adequate timely access to medical treatment. (Amended Complaint ¶29 ). Plaintiff experienced shocking feelings all over his body and complained about them to Defendants. (Amended Complaint ¶ 31). After an extended time of several weeks, Plaintiff was finally taken to see a doctor to address his skin rash. (Amended Complaint ¶ 32).

As pointed out in Plaintiff's opposition to Defendant Owens' motion to dismiss, it is clearly established that a custom or practice of a constitutional depravation can result from inadequate training of jail employees. <u>Young v. Augusta Georgia</u>, 59 F.3d 1160, 1173 (11th Cir. 1995). Failure to adequately train jail employees on the need to move ill inmates to a hospital or to dispense medication as prescribed, has been held to be a constitutional violation. <u>Young</u>, at 1171. The policymaker must have had actual or constructive notice that the particular omission is substantially certain to result in the violation of Plaintiff's constitutional rights. <u>Young</u>, at 1172. This may be proven by showing a pattern of constitutional violations such that the policymaker knows or should know corrective measures are needed. <u>Young</u>, at 1172. The allegations of fact found in the amended complaint and recited above show a pattern of activity sufficient to put Defendant Owens was on notice of

the jail staff's omissions were resulting in the Plaintiff's serious medical condition and need for proper dispensation of medication not being addressed, and that as a result Owens knew or should have known of a need for training.

Liability can arise from failure to train officers for a single decision by a policymaker. See Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). In Freeman, the sheriff policymaker had previous knowledge his deputies were detaining individuals even though there were discrepancies about those individual's identification. The court held this constituted a failure to adequately train officers regarding identification techniques and was a sufficient basis for 1983 liability.

Here, Owens was repeatedly put on notice about problems with the jail staff not addressing plaintiff's serious medical condition and not properly giving plaintiff his medication. He knew that Plaintiff was not getting the proper medication that his doctors had prescribed for him. Based on this, it is clearly established that Owens had a duty to train his employees sufficiently, to remove ill inmates to the hospital, and to properly dispense medication as prescribed. In a similar situation in Goodson v. City of Atlanta, 763 F.2d 1381, 1388 (11th Cir. 1985), the defendant jail administrator received notice that jail guards were not responding to prisoners' requests for medical treatment. This constituted sufficient notice of a pattern or custom of constitutional violations to make him liable for failing to train employees.

Because Plaintiff has pled adequate allegations to support a claim of failure to train the Magistrate Judge's recommendation is erroneous in holding that it did not.

## CONCLUSION

Plaintiff submits that the facts pled in his amended complaint satisfy the requirements for pleading a failure to train claim against Defendant Owens under relevant Eleventh Circuit precedent. For this reason Plaintiff prays that this Court will reject the Magistrate Judge's Recommendation with respect to Plaintiff's failure to train claim.

Respectfully submitted

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| RICKY OWENS, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Coosa County Commission and Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Randall Weaver:**
Alex L. Holtsford, Jr.
Email: aholtsford@nixholtsford.com
Rick A. Howard
Email: rhoward@nixholtsford.com
April Marie Willis
Email: awillis@nixholtsford.com
Stephen Michael Doyle
Email: stephen.doyle@usdoj.gov

**Counsel for Wendy Roberson, Terry Wilson, Al Bradley:**

Kristi A. Dowdy
Email: felalaw@bellsouth.net

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209

Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com