IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL BRYAN KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:05-CV-1150-MHT-DRB |
| | ) | wo |
| RICKY OWENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Rule 26(f) ORDER

Final adjudication of pre-discovery dismissal and summary judgment motions allows this Section 1983 litigation to proceed against the following defendants, in their individual capacities:

*(1) Coosa County Sheriff Ricky Owens:*
(a) "deliberate indifference to medical care" claims in Counts I and II;
(b) "unconstitutional conditions of confinement" claim in Count III; and
(c) "unconstitutional failure to prevent excessive force" claim in Count V.

*(2) Coosa County Deputy Sheriff AL Bradley*
Fourteenth Amendment claims for monetary damages in Counts I, II, III, and V

*(3) Coosa County Deputy Sheriffs Terry Wilson and (4) Sheriff Wendy Roberson*
Fourteenth Amendment claims for monetary damages in Counts I, II, III, IV, and V

All defendants have filed Answers to Plaintiff Kelly's First Amended Complaint. Accordingly, these parties are now DIRECTED to be mindful of the requirements of this District's civil practice rules as well as the Federal Rules of Civil Procedure, including the following:

1. **Rule 26(f) Conference and Report**

Pursuant to FED. R. CIV. P. 26(f) and M.D. Ala. LR 26.2(b), the parties shall confer as soon as practicable "to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the

disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan. The parties' attorneys of record are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court a written report outlining the plan. It is, therefore,

**ORDERED** that the **Rule 26(f) report containing the discovery plan shall be filed not later than December 18, 2006.** The report should comply with Form 35, Appendix of Forms to the Federal Rules of Civil Procedure.

### 2. Dispositive Motions

The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case-related reasons for the requested variance.

### 3. Scheduling for Trial

The court may or may not hold a scheduling conference before issuing a scheduling order, and counsel may indicate any preference on the Rule 26(f) report. If the court sets a scheduling conference, counsel may participate by conference call as circumstances may warrant.

This case will be set for trial during one of the assigned judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at http://almd.uscourts.gov in the civil case information section.

The scheduling order entered by the court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the court's website.

Done this the 5th day of December, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE