IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:05-cv-1150-T |
| ) | |
| RICKY OWENS, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT RICKY OWENS'S ANSWER

COMES NOW Coosa County Sheriff Ricky Owens, and Answers the Plaintiff's First Amended Complaint as Follows:

### JURISDICTION

1. Upon information and belief, admitted.

2. Upon information and belief, all factual allegations are admitted. In accordance with the Court's Order of December 4, 2006, no official capacity claims remain against Sheriff Owens.

3. This paragraph contains statements of law and does not appear to require a response from this Defendant. However, Sheriff Owens concedes that jurisdiction and venue over the Plaintiff's remaining federal individual capacity claims are proper in this court.

### ALLEGATIONS OF FACTS

4. Admitted.

5. Denied.

6. It is admitted that Dr. Weaver provided treatment to the Plaintiff. All other allegations and inferences contained in this paragraph are denied.

7. It is admitted that the Plaintiff was taken to Russell Hospital. All other allegations and inferences are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. It is admitted that the Plaintiff's family visited him at the jail. All other allegations and inferences are denied.

18. Denied.

19. It is admitted that the Plaintiff was receiving expensive medication while he was incarcerated at taxpayers' expense. It is also admitted that the Plaintiff's family was informed that the jail had its own doctor and regulations for providing medical treatment to inmates. All other allegations and inferences contained in this paragraph are denied.

20. Denied.

21. Denied.

22. Denied.

23. It is admitted that the Plaintiff received dental treatment at taxpayers' expense while incarcerated in the Coosa County Jail. All other allegations and inferences contained in this paragraph are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. It is admitted that the Plaintiff was taken to Russell Hospital. All other allegations and inferences contained in this paragraph are denied.

33. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

34. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

35. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

36. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

37. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

38. Denied.

39. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

40. Denied.

41. This paragraph does not require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

## COUNT I

42. This paragraph does not require further response from this Defendant.

43. Denied.

44. Denied.

45. Denied.

**FURTHERMORE,** Defendant denies that the Plaintiff is entitled to any relief as requested in the *Ad Damnum* clause of Count I of Plaintiff's First Amended Complaint and demands strict proof thereof. Specifically, Sheriff Owens denies that the Plaintiff is entitled to compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys fees, costs or any other relief.

## COUNT II

46. This paragraph does not require further response from this Defendant.

47. Denied.

48. Denied.

49. Denied.

50. This paragraph contains a legal statement and does not require a response from this Defendant.

**FURTHERMORE,** Defendant denies that the Plaintiff is entitled to any relief as requested in the *Ad Damnum* clause of Count II of Plaintiff's First Amended Complaint and demands strict proof thereof. Specifically, Sheriff Owens denies that the Plaintiff is entitled to compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys fees, costs or any other relief.

## COUNT III

51. This paragraph does not require further response from this Defendant.

52. This paragraph contains a legal statement and does not appear to require a response from this Defendant. However, to the extent the allegations and inferences contained in this paragraph can be construed as imposing liability on Sheriff Owens, they are denied.

53. Denied.

54. This paragraph contains a legal statement and does not appear to require a response from this Defendant.

55. Denied.

**FURTHERMORE,** Defendant denies that the Plaintiff is entitled to any relief as requested in the *Ad Damnum* clause of Count III of Plaintiff's First Amended Complaint and demands strict proof thereof. Specifically, Sheriff Owens denies that the Plaintiff is entitled to compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, costs or any other relief.

## COUNT IV

56-59.   In accordance with the Court's Order of December 4, 2006, this claim has been dismissed and no response is necessary.  However, to the extent the allegations and inferences contained in these paragraphs can be construed as imposing liability on Sheriff Owens, they are denied.

## COUNT V

60.   This paragraph does not require further response from this Defendant.

61.   Denied.

62.   This paragraph contains a legal statement and does not appear to require a response from this Defendant.

63.   Denied.

**FURTHERMORE,** Defendant denies that the Plaintiff is entitled to any relief as requested in the *Ad Damnum* clause of Count V of Plaintiff's First Amended Complaint and demands strict proof thereof.  Specifically, Sheriff Owens denies that the Plaintiff is entitled to compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys fees, costs or any other relief.

## COUNTS VI-IX

64-76.   The allegations and inferences contained in these paragraphs do not require a response from this Defendant.  However, to the extent the allegations and inferences contained in these paragraphs can be construed as imposing liability on Sheriff Owens, they are denied.

## AFFIRMATIVE DEFENSES

1.   Sheriff Owens is entitled to qualified immunity.

2.   Sheriff Owens reserves the right to amend his Answer and add additional affirmative defenses as discovery progresses.

Respectfully submitted this 21st day of December, 2006.

>**s/Gary L. Willford, Jr.**
>KENDRICK E. WEBB – Bar No. WEB022
>GARY L. WILLFORD, JR. – Bar No. WIL198
>Attorney for Defendants
>WEBB & ELEY, P.C.
>7474 Halcyon Pointe Road (36117)
>Post Office Box 240909
>Montgomery, Alabama  36124
>Telephone:  (334) 262-1850
>Fax:  (334) 262-1889
>E-mail:  gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard J. Stockham, III**, **Kristi Allen Dowdy**, and **Stephen Michael Doyle**.

>**s/Gary L. Willford, Jr.**
>OF COUNSEL