IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DANIEL BRYAN KELLEY, | ) |
| | ) |
| Plaintiff, | ) CASE NUMBER: |
| | ) CV-2005-1150-MHT-TFM |
| vs. | ) |
| | ) |
| COOSA COUNTY, ET AL, | ) |
| | ) |
| Defendant(s). | ) |

## MOTION TO QUASH SUBPOENA

Comes now The Board of Trustees of The University of Alabama for its division, University of Alabama Hospital ("Hospital"), a non-party to the above-referenced action, and respectfully requests that this court enter an order quashing the subpoenas duces tecum, issued on behalf of the defendants. In support of this motion, movant says the following:

1. The present subpoena was served on Hospital on August 1, 2007, and calls for the production of the following documents:

> Any and all medical or psychological records, or other documents, including, without limitation, all letters, charts, diagnosis, prognosis, histories, pictures, summaries, records of interviews, records of treatments, records of any test(s) performed or administered by you or anyone at your request, memoranda, progress notes, opinions, conclusions, office notes, handwritten notes, bills, operative notes, discharge reports, pharmacy records, pharmacy bills, and other written materials in your file, in your possession, or under your control that reference, relate, or pertain to **Daniel Bryan Kelley, DOB: June 17, 1971, SSN:** ███████ as well as copies of all statements for services rendered showing dates of treatment and charges made.

2. Hospital acknowledges receipt of the Qualified HIPAA Protective Order in this case, however, Hospital objects to the production of the medical records

sought by the present subpoena to the extent that they include confidential communications between the patient and a licensed psychiatrist/psychologist, which are protected from disclosure by law. *Ala. Code* §34-26-2 (1975). Further, Hospital respectfully directs the courts' attention to the decision of the Supreme Court of Alabama, which was prompted by a Petition for Writ of Mandamus by a facility that had twice been ordered to produce patient-psychotherapist records. In *Ex parte Western Mental Health Center, a division of the Jefferson County Board of Health (In re: P.H. v. James B. Koikos and the Bright Star Restaurant, Inc., and In re: M.S. v. James Kevin Stewart et al.)*, 884 So.2d 835 (Ala. 2004), the Court reaffirmed the very limited circumstances in which the privilege conferred by *Ala. Code* § 34-26-2, may be considered waived. The Court noted that there are five exceptions to the psychotherapist-patient privilege: (1) child custody cases in which the mental state of a parent is at issue; (2) a criminal case plea of insanity; (3) psychiatric commitment proceedings; (4) communications relevant in proceedings to hospitalize a patient for mental illness; and (5) a case involving breach of duty arising out of the psycho-therapist-patient privilege. The Court said further, "There is no implication in the language of §34-26-2 that the legislature intended an exception to the privilege where the issue of a party's mental condition is raised in a civil proceeding." Clearly, the burden of showing that privileged records are necessary to a party's case rests with the party seeking the privileged records and requires such a finding by the court.

    3. Hospital is unaware that said patient, **Daniel Kelley,** has waived the privilege conferred by *Ala. Code* § 34-26-2, and for the foregoing reasons, must object to the production of the records sought by the present subpoena.

    Wherefore, the premises considered, movant asks this court, to enter an order quashing the present subpoena to the extent that they include privileged documents, as described in paragraph three, herein.

Respectfully submitted,

_____
Edward J. Kennedy III
Office of Counsel
The University of Alabama System
AB - 820
Birmingham, Alabama 35294-0108
(205/ 934-3474)

-2-

## NOTICE OF HEARING

Movant does not request a hearing on the present Motion unless it is deemed to be necessary by the court.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2007, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kristi A. McDonald
McDonald & McDonald
1005 Montgomery Highway
Birmingham, AL 35215

/s/_____
Edward J. Kennedy III

-3-