IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-cv-1150-T |
| | ) |
| | ) |
| RICKY OWENS, et.al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS BRADLEY, ROBERSON AND WILSON'S RESPONSE AND OPPOSITION TO THE MOTION TO QUASH SUBPOENA FILED BY THE UNIVERSITY OF ALABAMA HOSPITAL**

COME NOW, the Defendants, Al Bradley, Wendy Roberson, and Terry Wilson, and submit their Response and Opposition to the Motion to Quash Subpoena filed by The Board of Trustees of the University of Alabama for its division, University of Alabama hospital (hereinafter referred to as "Hospital").

**INTRODUCTION**

On or about July 25, 2007, the undersigned counsel for Defendants Bradley, Roberson and Wilson, sent a subpoena to the Hospital requesting the records of the treatment rendered to the Plaintiff at said facility. Included in the request was a request for any and all psychological records or other documents pertaining to any psychological treatment the Plaintiff had received at the Hospital. On August 9, 2007, the Hospital, relying on Ala. Code §34-26-2 (1975), filed a

1

Motion to Quash the subpoena to the extent that the request included confidential communications between the patient and a licensed psychiatrist/psychologist.

Alabama law is not applicable in this case as the Plaintiff's cause of action is governed by federal law. In addition, any privilege which the Plaintiff may have under federal law has been waived by the Plaintiff as he has put his mental state at issue in this case.

## ARGUMENT

This case is filed by the Plaintiff pursuant to 42 U.S.C. § 1983, thus involving a federal question. Rule 501 of the Federal Rules of Evidence provides, in pertinent part: "The privilege of a …person …shall be governed by principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, [or] person… shall be determined in accordance with State law." Fed.R.Evid. 501. The rule does not specify which law of privilege should apply when, as here, the privilege is asserted to both federal question and supplemental state law claims. The federal courts, however, have consistently held that the federal law of privilege applies to all claims in a federal question case. See Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992); Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 226-27 (D.Mass. 1997) (citing cases from the 2nd, 3rd, 6th, 7th, and 11th circuits so holding); Fritsch v. City of Chula Vista, 187 F.R.D. 614, 618 (S.D. Cal. 1999) (citing and agreeing with Vanderbilt). Accordingly, federal common law must be applied in this case. Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001).

The United States Supreme Court recognized the patient-psychotherapist privilege in Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). However, while recognizing the existence of the privilege in Jaffee, and that there were times when a plaintiff could waive the privilege, the Court did not define the scope of the privilege, thus leaving it up to the district and circuit courts to do so. 518 U.S. at 18. Jaffee recognizes that there are situations where the privilege must "give way", making it clear that the federal privilege is not as absolute as Alabama's privilege. 518 U.S. at 18 n.19.

The Eleventh Circuit addressed the waiver of the patient-psychotherapist privilege for the first time in Stevenson. In addressing the issue, the Court looked at the cases that had followed Jaffee, and noted that most of those courts were in agreement that a plaintiff waives the privilege by placing his mental condition in issue, but disagreed, however in determining when that had occurred. Id. at 556. See Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000), comparing Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa. 1997), with Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 228-30 (D.Mass.1997). The Court held that it agreed with the courts in Jackson v. Chubb Corp., 193 F.R.D. 216, *passim* (D.N.J. 2000), and Fritsch, that in order to determine whether a plaintiff has waived his privilege by placing his mental condition at issue, the same analysis should be applied as the analysis used to determine when to order a Rule 35(a) examination. Under this analogy, waiver should only occur when the plaintiff alleges "something other than garden variety emotional distress." Id. 557, 558. In Stevenson, the Court found that the plaintiff had alleged intentional infliction of emotional distress, thus placing her mental condition at issue and waiving her privilege. [1]

---

[1] The Court however, did not grant the Defendant's motion to compel, as it did not think that the Plaintiff's claim for intentional infliction of emotional distress would survive summary judgment and the Plaintiff's other claims were those of "garden variety emotional distress". Of interest, however is, that the Court did take note that

3

The Plaintiff here has clearly put his mental condition at issue so as to give rise to waiver of any privilege.  Throughout his First Amended Complaint, the Plaintiff makes allegations that specifically reference his mental condition or mental health. Specifically, the Plaintiff alleges that at the time of his incarceration he had already been diagnosed as "bipolar" and admits that at the time of his incarceration he was under a doctor's care for this condition. (Doc. 38 at para. 5). He states that he was evaluated by a "mental health professional" while at the jail who informed the Defendants of his memory loss and bipolar disorder. Id. at para 6.  The Plaintiff also claims that his mental condition deteriorated during his incarceration and the Defendants did nothing about it; that he suffered from hallucinations which included seeing dead people and that he did not receive the proper psychiatric care or treatment; that he suffered mental anguish as a result of the above; and **most importantly**, the Plaintiff alleges that as a result of the Defendants' conduct, he has been diagnosed with having PTSD. Id. at  para. 15, 18, 20, 27, and 40.  The Plaintiff's Complaint also includes a claim for deliberate indifference based upon the failure to train staff in recognizing inmates who suffer from mental illness and the Plaintiff has stated a conditions of confinement claim that alleges, in part, that he was not provided with an environment that did not impair physical and mental health. Id. at para. 48 and 52.

Unlike, the plaintiff in Stevenson, the Plaintiff here intends to rely upon the expert testimony at the trial of this matter from his treating psychiatrists/psychologists. (See attached Exhibit A, Plaintiff's Rule 26 Disclosures).  The allegations made by the Plaintiff regarding his mental health before, during and following his incarceration place his mental condition directly at issue in this case.  The allegations made by the Plaintiff, combined with the expected

---

the Plaintiff had testified that she did not intend to refer to her psychological treatment or diagnosis or rely on the testimony of any expert as to her mental condition and noted that should this change, the Court would again need to address the Defendant's motion. Stevenson at FN9.

testimony of the his treating psychiatrist/psychologists make it imperative that the Defendants have the opportunity to review any records of any other psychiatrists/psychologists that may have seen or provided treatment to the Plaintiff, either before or after his incarceration at the Coosa County jail, in order to defend themselves against the Plaintiff's allegations.

## **CONCLUSION**

Alabama law is not applicable in this case as the Plaintiff's cause of action is governed by federal law. In addition, the Plaintiff waived any privilege he had with any psychiatrist, psychologist or counselor when he put his mental condition at issue in this case.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendants Bradley, Roberson and Wilson, respectfully request this court to deny the Motion to Quash the Subpoena filed by the Hospital.

Respectfully submitted this the 21st day of August, 2007.

/s/ **Kristi A. McDonald**
Kristi A. McDonald (DOW016)
Attorney for Defendants Bradley, Wilson and Roberson
McDonald & McDonald
1005 Montgomery Highway
Birmingham, Alabama 35216
(205) 824-0507 - telephone
(205) 824-0509 – facsimile
felalaw@bellsouth.net – e-mail

## Certificate of Service

I hereby certify that on this the 21st day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ **Kristi A. McDonald**
OF COUNSEL