**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DANIEL BRYAN KELLEY,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case Number 2:05-cv-1150-MHT** |
| | ) |
| **RICKY OWENS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

COME NOW Ricky Owens, Terry Wilson, Wendy Roberson and Al Bradley, the Defendants in the above-styled cause, and respectfully submit the attached list of proposed instructions for the jury in this matter.

Respectfully submitted this the 23rd day of January 2008.

**s/Gary L. Willford, Jr.**
KENDRICK E. WEBB – Bar No. WEB022
GARY L. WILLFORD, JR. – Bar No. WIL198
Attorney for Defendant Ricky Owens
WEBB & ELEY, P.C.
7474 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  gwillford@webbeley.com


**s/Kristi A. McDonald**
Kristi A. McDonald, Esq.
McDonald & McDonald
1005 Montgomery Highway
Birmingham, Alabama 35216-2805
Telephone:  (205) 824-0507
Fax:  (205) 824-0509
E-mail:  felalaw@bellsouth.net

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Richard Stockham, Esq.**

**s/Gary L. Willford, Jr.**
OF COUNSEL

<u>DEFENDANTS' REQUESTED PRELIMINARY INSTRUCTIONS BEFORE TRIAL</u>

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking - Permitted**. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case

or as your instruction on the law.  Nevertheless, these statements and arguments are intended to

help you understand the issues and the evidence as it comes in, as well as the positions taken by

both sides.  So I ask that you now give the lawyers your close attention as I recognize them for

purposes of opening statements.  Attorneys are not witnesses, and their statements, at any time

during trial, shall not be considered evidence.

Source:      <u>Pattern Jury Instructions:  Civil Cases</u> (1999 Ed.), U.S. Eleventh Circuit, Preliminary
Instructions.

Given         _____

Refused      _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 1</u>

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Source:        <u>Pattern Jury Instructions:  Civil Cases</u> (1990 Ed.), U.S. Eleventh Circuit District Judges Association, § 1.

Given          _____

Refused        _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 2</u>

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find that," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Source:        <u>Federal Pattern Jury Instructions</u>, § 72.02

Given          _____

Refused        _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 3</u>

If you cannot determine whether the Plaintiff's claims and allegations against the Defendants have been proven or not proven, you must return a verdict for the Defendants.

Source:    <u>Juneau Square Corp. v. First Wisconsin Natl. Bank of Milwaukee</u>, 475 F. Supp. 451, 460 (E.D. Wis. 1979).

Given        _____

Refused      _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 4

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions, which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Source:          Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instruction § 2.1

Given:          _____

Refused:          _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 5

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear and as the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Source:          Federal Pattern Jury Instructions, § 72.04

Given          _____

Refused          _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 6</u>

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Source:     <u>Federal Pattern Jury Instructions,</u> § 72.03

Given       _____

Refused     _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 7

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

Source:        Pattern Jury Instructions:  Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 3.

Given          _____

Refused        _____

13

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 8

In determining what the true facts are from the evidence, you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively. You may take into consideration any matter which you would in your everyday affairs, in passing upon the truthfulness and accuracy of the testimony. Weigh the observation and experience and reach a verdict that will be based upon the truth as you determine it from all of the evidence.

Source:    Alabama Pattern Jury Instructions, § 1.07

Given    _____

Refused    _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 9

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source:          Federal Jury Practice and Instructions, § 105.04

Given          _____

Refused          _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 10

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:          Pattern Jury Instructions:  Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 4.1.

Given          _____

Refused          _____

<u>REQUESTED JURY CHARGE NUMBER 11</u>

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of Alabama as the Sheriff of Coosa County or corrections officers at the Coosa County Jail, they intentionally violated the Plaintiff's constitutional right under the Fourteenth Amendment to be free from the use of excessive force, be protected from the use of excessive force against him, receive medical care, and be housed in humane conditions of confinement.

In order to prove his claim, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following elements:

*First:*  That the Defendants then and there acted under the color of the authority of the State of Alabama;

The parties have agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

*Second:*  That the Defendants performed acts which operated to deprive the Plaintiff of one or more of his federal Constitutional rights, as defined and explained in these instructions, by depriving him of his life and/or liberty without due process of law; and

*Third:*  That the Defendants' acts were the proximate cause of damages sustained by the Plaintiff.

Source:     <u>Federal Jury Practice and Instructions,</u> § 103.03 (modified)


Given        _____

Refused      _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 12</u>

Mere negligence will not satisfy the deliberate indifference standard of liability. Therefore, if you find that the Defendants were merely negligent in their acts or omissions towards the Plaintiff, you must return a verdict in favor of the Defendants.

Source:     <u>Wilson v. Seiter</u>, 501 U.S. 2321 (1991)


Given          _____

Refused        _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 13</u>

If you find, from the evidence in this case, that a reasonable law enforcement or correctional officer, in the position of the Defendants, would have believed his actions to be lawful, in light of clearly established law, and the information that the officers on the scene possessed at the time, then you must return a verdict for the Defendants.

Source:        <u>Anderson v. Creighton</u>, 438 U.S. 635 (1987)


Given        _____

Refused        _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 14</u>

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of Alabama as Coosa County Sheriff and as members of the Coosa County Jail staff, the Defendants intentionally violated the Plaintiff's constitutional right to be free of the use of excessive force against him while being detained as a pretrial detainee.

You are instructed that the due process of law clause of the Fourteenth Amendment does entitle anyone who is arrested and detained under state law not to be subjected to excessive force while being detained. This includes, of course, the right not to be assaulted or beaten without legal justification.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:        That the Defendants intentionally committed acts constituting the excessive use of force against the Plaintiff while the Plaintiff was in custody as a pretrial detainee;

<u>Second</u>:        That in so doing the Defendants acted "under color" of the authority of the State of Alabama; and

<u>Third</u>:        That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

As previously stated, every pretrial detainee has the right not to be subjected to the use of excessive force against him.  On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation; and an officer always has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations.  Whether or not any force used in this instance was excessive is an issue for you to decide on the basis of whether such force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used.  Of course, when prison officials maliciously and sadistically use force to cause harm, the result would be unconstitutional regardless of the significance of the injury to the detainee.

Source:     Federal Jury Practice and Instructions, Fifth:  § 166.23 (modified)


Given            _____

Refused         _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 15</u>

Corrections officers have the right to use force to maintain or restore discipline and to maintain institutional security.

Source:       <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992).


Given          _____

Refused        _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 16

An officer who is present when another officer uses excessive force can be held liable for failing to intervene.  However, liability only arises if the defendant officer is actually in a position to intervene and fails to do so.

Source:    Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985); Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998).


Given        _____

Refused      _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 17</u>

A supervisory official may be held liable for excessive force if there is a causal connection between customs or policies put into place by the supervisor and the use of excessive force by the subordinate.

Source:    <u>Braddy v. Florida Dep't of Labor & Empl. Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998).

Given    _____

Refused    _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 18

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of state law as the Sheriff of Coosa County or a member of the Coosa County Jail staff, the Defendants intentionally violated the Plaintiff's right to due process of law under the Fourteenth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs in violation of the Plaintiff's right, as a pretrial detainee, to necessary medical care and attention.

Under the due process of law clause of the Fourteenth Amendment anyone who is arrested and detained under state law is entitled to necessary medical care.  Thus, a corrections officer would violated that constitutional right if the officer is deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs.  Mere negligence or a lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:             That the Plaintiff had a "serious medical need",
                   as previously defined;

<u>Second:</u>    That the Defendants were aware of the Plaintiff's serious medical need;

<u>Third:</u>    That the Defendants with deliberate indifference, failed to provide the necessary medical care;

<u>Fourth:</u>   That in so doing the Defendants acted "under color" of state law; and

<u>Fifth:</u>    That the Defendants' acts were the proximate or legal cause of the damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

With regard to the fifth required element of proof – that the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff – remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

Source:   <u>Eleventh Circuit Pattern Jury Instructions</u>, § 2.4.2

Given   _____

Refused   _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 19

You should not substitute your medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff.  Likewise, jail officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care.  An inmate does not have a right to a specific kind of medical treatment.

Source:     City of Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983); Waldrop v. Evans, 871 F.2d 1030 (11th Cir. 1989); Williams v. Limestone County, 198 Fed. App'x 893 (11th Cir. 2006)

Given     _____

Refused     _____

<u>Defendants' Requested Jury Charge Number 20</u>

Pretrial detainees are protected from cruel and unusual punishment under the Fourteenth Amendment of the United States Constitution. The Plaintiff claims that the conditions of his confinement in the Coosa County Jail were such that they violated the Plaintiff's Fourteenth Amendment rights. The Plaintiff claims that the conditions violated his Fourteenth Amendment rights in that he was made to sleep on a mat on the floor, he was cold, his cell had a toilet in the floor that was flushed infrequently, he was not given toilet paper, he was not given exercise, there were pests in his cell, he was infrequently given showers, and he did not receive water when he asked for it.

In order to prove a violation under the Fourteenth Amendment, the Plaintiff must prove all the following elements by a preponderance of the evidence:

<u>First</u>:        That the conditions of confinement complained of by the Plaintiff existed during December 16, 2003 to January 16, 2004;

<u>Second</u>:     That the conditions of confinement were inhumane in that conditions resulted in a serious deprivation of Plaintiff's basic human needs;

<u>Third</u>:      That the Defendants were aware of the inhumane conditions of confinement complained of by the Plaintiff;

<u>Fourth</u>     That the Defendants, with deliberate indifference to the inhumane conditions of confinement complained of by the Plaintiff, failed to take reasonable measures to correct those inhumane conditions;

<u>Fifth</u>:       That Plaintiff was injured as a result of the Defendants' deliberate indifference to the inhuman conditions of confinement complained of by the Plaintiff; and

<u>Sixth</u>:      That the Defendants were acting under color of state law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

It is not enough that the conditions the Plaintiff complains of were restrictive or even harsh; this is part of the penalty that criminal offenders must pay. Rather, you may find that the conditions of the Plaintiff's confinement were cruel and unusual only if they deprived the Plaintiff of the minimal civilized measure of life's necessities. The test is an objective one, and in applying it, you should be guided by society's contemporary standards of decency. What you must decide, then, is whether, under the circumstances, the conditions of confinement about which the Plaintiff complains, deprived the Plaintiff of the minimal civilized measure of life's necessities or not.

Source:     Federal Jury Practice and Instructions, Fifth:  § 166.23 (modified)


Given          _____

Refused        _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 21

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the Plaintiff, and that the injury or damage to the Plaintiff was either a direct result or a reasonably probable consequence of the act or omission.

The Plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence. If you find that the Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the Defendants.

Source:    Federal Jury Practice and Instructions, Fifth Edition (West 2001), § 165.50 (modified).

Given    _____

Refused    _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 22</u>

Ladies and Gentlemen of the Jury, the Court will now instruct you on the law of damages. The burden is on the Plaintiff to reasonably satisfy you from the evidence of the truthfulness of his claim. If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the Plaintiff's claim, your verdict should be for the Defendants. In this event you would go no further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the Plaintiff's claim, your verdict should be for the Plaintiff. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the Plaintiff.

Source:          <u>Alabama Pattern Jury Instructions</u>, § 11.00

Given          _____

Refused        _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 23

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages.  For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)     The reasonable value of any property lost or destroyed during, or as a result of, the Defendants' unconstitutional acts;

(b)     Physical or emotional pain and mental anguish; and

       (c)      Punitive damages, if any (as explained in the Court's

                    instructions).

The Plaintiff also claims that the acts of the Defendants were done with malice or reckless indifference to the federally protected rights of the Plaintiff's decedent so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendants did act with malice or reckless indifference to the federally protected rights of the Plaintiff's decedent, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendants in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Source:       Pattern Jury Instructions: Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 2.2 (modified).

Given         _____

Refused      _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 24</u>

Damages must be reasonable.  If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he sustained as a proximate result of the incident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Source:     <u>Federal Jury Practice and Instructions</u>, Fifth Edition (West 2001), § 85.14

Given        _____

Refused      _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 25

If you find that the Defendants are liable to the Plaintiff then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Source:        Federal Jury Practice and Instructions, § 128.01

Given        _____

Refused        _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 26

You are not to award damages for any injury or condition from which Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the Defendants' conduct.

Source:      Federal Jury Practice and Instructions, § 128.70

Given:      _____

Refused:      _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 27

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence that the Plaintiff is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of Defendants, proximately causing actual injury or damage to the Plaintiff, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or towards all persons in one or more groups or categories of which the injured person is a member.

As act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that Defendants' act or omission, which proximately caused actual damage to the Plaintiff was maliciously or wantonly or oppressively done.

You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

Source:         Federal Jury Practice and Instructions, § 128.81

Given           _____

Refused         _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 28

Punitive damages are not favored in law and are to be allowed only with caution and within narrow limits. They are to be awarded in cases brought under Section 1983 only where the conduct of a Defendant is shown to be motivated by an evil motive or intent or where it involves reckless indifference to the constitutionally protected rights of others. Punitive damages may be awarded only to deter or punish violations of constitutional rights.

Source:        Smith v. Wade, 461 U.S. 30, 56 (1983); Gagne v. Town of Enfield, 734 F. 2d 902, 904 (2nd Cir. 1984); Stallworth v. Shuler 777 F. 2d 1431, 1435 (11th Cir. 1985).

Given        _____

Refused        _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 29

If you find for the Plaintiff you must not take into account any consideration of attorneys'

fees or court costs in deciding the amount of Plaintiff's damages.

Source:     <u>Pattern Jury Instructions, Eleventh Circuit (2000)</u>, Supplemental Damages
            Instructions § 6.1

Given:     _____

Refused:     _____

<u>DEFENDANTS' REQUESTED JURY CHARGE NUMBER 30</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as Jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the Jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Source:          Pattern Jury Instructions:  Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 7.1.

Given          _____

Refused          _____

DEFENDANTS' REQUESTED JURY CHARGE NUMBER 31

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

A verdict form has been prepared for your convenience.

[**Read Verdict Form**.]

You will take this form to the Jury room and, when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Source:     Federal Jury Practice and Instructions, § 74.04; Pattern Jury Instructions:  Civil Cases (1999 Ed.), U.S. Eleventh Circuit, § 8.

Given     _____

Refused     _____

<u>Defendants' Requested Jury Charge Number 32</u>

The verdict must represent the considered judgment of each Juror. In order to return a verdict, it is necessary that each Juror agree. Your verdict must be unanimous.

It is your duty, as Jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow Jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow Jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:      <u>Federal Jury Practice and Instructions</u>, § 74.01

Given        _____

Refused      _____

<u>REQUESTED SPECIAL INTERROGATORIES TO THE JURY</u>

**Section One.  Excessive Force.**

     **Do you find from a preponderance of the evidence:**

1.     That Defendant Al Bradley intentionally committed acts constituting the use of excessive force against the Plaintiff while the Plaintiff was in custody as a pretrial detainee?

     Answer Yes or No_____

2.     That Defendant Al Bradley's acts were the proximate or legal cause of damages sustained by the Plaintiff?

     Answer Yes or No_____

     Note:  If you answered *No* to numbers 1 or 2, you
     may skip the remaining questions in this section ***and***
     Section 2.

3.     That the Plaintiff should be awarded damages to compensate for physical and emotional pain and mental anguish?

     Answer Yes or No_____

     If you answered *Yes*, in what amount? $_____

4.     That Defendant Al Bradley acted with malice or reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant?

     Answer Yes or No    _____

     If you answered *Yes*, in what amount?  $_____

**Section Two.  Failure to Intervene/Protect.**

     **Do you find from a preponderance of the evidence:**

1.     That Defendant Al Bradley used excessive force on the Plaintiff?

     Answer Yes or No    _____

Note:   As stated previously, if you answer No, to Question 1, you may skip the remaining questions in this section.

2.      That one or more of the Defendants was present when Al Bradley used excessive force on the Plaintiff?

Answer Yes or No      _____

Note:   If your answer is No, please skip to question number 4.

If your answer is Yes, were the following Defendants present when Al Bradley used excessive force:

Ricky Owens              Answer Yes or No _____

Terry Wilson             Answer Yes or No _____

Wendy Roberson           Answer Yes or No _____

3.      That one or more of the Defendants who were present when Al Bradley used excessive force on the Plaintiff fail to stop him from doing so, even though one or more of the Defendants was in a position to stop Al Bradley's use of excessive force?

Answer Yes or No      _____

Note:   If your answer is No, please skip to question number 4.

If your answer is Yes, did the following Defendants fail to stop Al Bradley from using excessive force even though they were in a position to do so:

Ricky Owens              Answer Yes or No _____

Terry Wilson             Answer Yes or No _____

Wendy Roberson           Answer Yes or No _____

4.      Alternatively, that one or more of the Defendants put a policy or custom into place that caused Al Bradley to use excessive force on the Plaintiff?

Answer Yes or No      _____

Note:   If you answered No to questions 2, 3, and 4, you may skip the remaining questions in this section.

If your answer is Yes, did the following Defendants put a
policy or custom into place that caused Al Bradley to use
excessive force on the Plaintiff:

Ricky Owens          Answer Yes or No _____

Terry Wilson         Answer Yes or No _____

Wendy Roberson       Answer Yes or No _____

3.    That the Plaintiff should be awarded damages to compensate for physical as well

as emotional pain and mental anguish?

Answer Yes or No_____

If you answer Yes,
in what amount?   $_____

4.    That the Plaintiff should be awarded $1 in nominal damages?

Answer Yes or No_____

5.    That one or more of the Defendants acted with malice or reckless indifference to

the Plaintiff's federally protected rights and that punitive damages should be assessed against

one or more of the Defendants?

Answer Yes or No_____

If your answer is Yes, did the following Defendants act with malice or
reckless indifference to the Plaintiffs federally protected rights:

Ricky Owens          Answer Yes or No _____

Terry Wilson         Answer Yes or No _____

Wendy Roberson       Answer Yes or No _____

Al Bradley           Answer Yes or No _____

If you answered Yes, in what amount for each Defendant for
whom you answered Yes:

Ricky Owens          $_____

Terry Wilson          $ _____

Wendy Roberson        $_____

**Section Three.  Deliberate Indifference to a Serious Medical Need.**

      **Do you find from a preponderance of the evidence**:

1.     That the Plaintiff had a "serious medical need", as defined in the Court's instructions?

      Answer Yes or No_____

      Note:  If you answered No to Question No. 1,
      skip the remaining questions in this section.

2.     That one or more of the Defendants was aware of the Plaintiff's serious medical need?

      Answer Yes or No_____

      If your answer is Yes, were the following Defendants aware of
      the Plaintiff's serious medical need:

      Ricky Owens          Answer Yes or No _____

      Terry Wilson         Answer Yes or No _____

      Wendy Roberson       Answer Yes or No _____

      Al Bradley           Answer Yes or No _____

6.     That one or more of the Defendants was deliberately indifferent to the Plaintiff's serious medical need?

      Answer Yes or No_____

      If your answer is Yes, were the following Defendants deliberately
      indifferent to the Plaintiff's serious medical need:

      Ricky Owens          Answer Yes or No _____

      Terry Wilson         Answer Yes or No _____

      Wendy Roberson       Answer Yes or No _____

Al Bradley          Answer Yes or No _____

**Note**:  If you answered No for all of the Defendants in questions 2 or 3,
skip the remaining questions in this section.

7.     That one or more of the Defendants' acts the proximate or legal cause of the

damages sustained by the Plaintiff?

Answer Yes or No_____

If your answer is Yes, were the acts of the following Defendants the
proximate or legal cause of the Plaintiff's damages:

Ricky Owens          Answer Yes or No _____

Terry Wilson          Answer Yes or No _____

Wendy Roberson          Answer Yes or No _____

Al Bradley          Answer Yes or No _____

8.     That the Plaintiff should be awarded damages to compensate for physical as well

as emotional pain and mental anguish?

Answer Yes or No_____

If you answer Yes,
in what amount?  $ _____

9.     That the Plaintiff should be awarded $1 in nominal damages?

Answer Yes or No_____

10.     That one or more of the Defendants acted with malice or reckless indifference to

the Plaintiff's federally protected rights and that punitive damages should be assessed against

one or more of the Defendants?

Answer Yes or No_____

If your answer is Yes, did the following Defendants act with malice or
reckless indifference to the Plaintiffs federally protected rights:

Ricky Owens          Answer Yes or No _____

Terry Wilson      Answer Yes or No _____

Wendy Roberson      Answer Yes or No _____

Al Bradley      Answer Yes or No _____

If you answered Yes, in what amount for each Defendant for whom you answered Yes:

Ricky Owens      $_____

Terry Wilson      $ _____

Wendy Roberson      $_____

Al Bradley      $_____

**Section Four.  Conditions of Confinement.**

     **Do you find from a preponderance of the evidence**:

1.      That the conditions complained of exist at the Coosa County Jail between December 16, 2003 and January 16, 2003?

     Answer Yes or No_____

2.      That the conditions of confinement complained of by the Plaintiff were inhumane in that they resulted in the Plaintiff suffering a serious deprivation of his basic human needs?

     Answer Yes or No_____

     Note:  If you answer No, to questions 1 or 2, skip the remaining questions and have your foreperson sign and date below.

3.      That one or more of the Defendants were aware of the inhumane conditions of confinement complained of by the Plaintiff?

     Answer Yes or No_____

     If your answer is Yes, were the following Defendants aware of the inhumane conditions of confinement complained of by the Plaintiff?

Ricky Owens      Answer Yes or No _____

Terry Wilson      Answer Yes or No _____

Wendy Roberson          Answer Yes or No _____

Al Bradley              Answer Yes or No _____

4.      That one or more of the Defendants was deliberately indifferent to the Plaintiff's conditions of confinement in that one or more of the Defendants failed to take reasonable measures to correct the inhumane conditions?

Answer Yes or No_____

If your answer is Yes, were the following Defendants deliberately indifferent to the inhumane conditions of confinement complained of by the Plaintiff?

Ricky Owens             Answer Yes or No _____

Terry Wilson            Answer Yes or No _____

Wendy Roberson          Answer Yes or No _____

Al Bradley              Answer Yes or No _____

5.      That one or more of the Defendants' acts was the proximate or legal cause of the damages sustained by the Plaintiff?

Answer Yes or No_____

If your answer is Yes, were the acts of the following Defendants the proximate or legal cause of the Plaintiff's damages:

Ricky Owens             Answer Yes or No _____

Terry Wilson            Answer Yes or No _____

Wendy Roberson          Answer Yes or No _____

Al Bradley              Answer Yes or No _____

6.      That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

Answer Yes or No_____

If you answer Yes,
in what amount?  $\underline{\text{\$} \qquad\qquad\qquad}$

Note:  If you answer No, to questions 3, 4, 5, or 6, skip the remaining questions and have your foreperson sign and date below.

7.  That Plaintiff should be awarded $1 in nominal damages?

Answer Yes or No$\underline{\qquad\qquad\qquad}$

8.  That one or more of the Defendants acted with malice or reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against one or more of the Defendants?

Answer Yes or No$\underline{\qquad\qquad\qquad}$

If your answer is Yes, did the following Defendants act with malice or reckless indifference to the Plaintiffs federally protected rights:

Ricky Owens          Answer Yes or No $\underline{\qquad\qquad\qquad}$

Terry Wilson          Answer Yes or No $\underline{\qquad\qquad\qquad}$

Wendy Roberson      Answer Yes or No $\underline{\qquad\qquad\qquad}$

Al Bradley            Answer Yes or No $\underline{\qquad\qquad\qquad}$

If you answered Yes, in what amount for each Defendant for whom you answered Yes:

Ricky Owens          $\underline{\text{\$} \qquad\qquad\qquad}$

Terry Wilson          $\underline{\text{\$} \qquad\qquad\qquad}$

Wendy Roberson      $\underline{\text{\$} \qquad\qquad\qquad}$

Al Bradley            $\underline{\text{\$} \qquad\qquad\qquad}$

SO SAY WE ALL.

$\underline{\qquad\qquad\qquad\qquad\qquad\qquad}$
Foreperson

DATED: $\underline{\qquad\qquad\qquad\qquad}$

Source:    Eleventh Circuit Pattern Jury Instructions, §§ 2.4.1, 2.4.2, (modified); Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985); Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998); Federal Jury Practice and Instructions, Fifth:  § 166.23 (modified).

Given      _____

Refused    _____