IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-TFM |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE

COMES NOW the Plaintiff, Daniel Bryan Kelley and submits the following in opposition to Defendants' Joint First, Second and Third Motions in Limine:

1. In Defendants' Joint First Motion in Limine, Defendants move to preclude any evidence of matters that occurred prior to December 6, 2003, because that evidence would be outside the statute of limitations. Evidence outside of the limitations period is admissible to establish background evidence in support of timely claims. The Supreme Court in *National R.R. Passenger Corp., v. Morgan*, 536 U.S. 101, 113 (2002), held that though charges must be filed within 180 or 300 days after the discrete or discriminatory act occurred, the statute does not "bar an employee from using the prior acts as background evidence in support of the timely claim." *Morgan* at 113. Similarly, evidence of what occurred to the Plaintiff in the jail prior to December 6, 2003, may be offered as background evidence for Plaintiff's timely claims. Defendants' Motion in Limine on this issue is not well taken.

2. Defendants' Second Motion in Limine seeks to preclude any mention of insurance. Plaintiff has no intention of mentioning insurance except, in the unlikely event, Defendants open the door to that avenue.

3. Defendants' Third Motion in Limine seeks to exclude newspaper articles. Plaintiff does not intend to offer into evidence any newspaper article regarding Plaintiff's allegations against the Defendants, except, in the unlikely event, Defendants open the door to that avenue.

4. Defendants also seek to preclude any evidence of any misconduct by any of the Defendants after January 16, 2004. Plaintiff expects to offer evidence that he has continued to suffer mental anguish and emotional distress as a result of what occurred between November 13, 2003, and January 16, 2004. This would be relevant evidence directly related to the incidents that occurred that are the subject of this lawsuit. Therefore, it would be admissible under Federal Rules of Evidence, 401 and 102.

5. Also, if Defendants offer testimony, for instance, that Bradley never struck Plaintiff, or never struck an inmate, then it would be relevant and admissible evidence under Federal Rules of Evidence 401 and 402 to offer testimony through a witness who saw Mr. Bradley strike the Plaintiff in February or March after Plaintiff had been returned to the Coosa County Jail.

6. Defendants move to preclude any mention that the Plaintiff suffers from Post-Traumatic Stress Disorder. Plaintiff intends to go into the facts concerning the nightmares, crying fits, suicide attempts and the other particulars upon which the diagnosis was made.

Defendants do not dispute that the diagnosis was made. It is undisputed that it is relevant evidence and generally admissible. Pursuant to Federal Rules of Evidence Rule 401 and 402, Plaintiff expects Defendants to go into each of these incidences extensively. Therefore, exclusion of the reference to Post Traumatic Stress Disorder under Federal Rules of Evidence 403 would not be appropriate since the evidence would be relevant or would not be substantially outweighed by danger of the unfair prejudice confusion or misleading the jury, which are the basis for excluding relevant evidence under Federal Rules of Evidence 403.

7. For the foregoing reasons, Plaintiff opposes any exclusion of background evidence preceding Plaintiff filing this complaint raised in Defendants' Joint First Motion in Limine, and the issues in Defendants Joint Third Motion in Limine which relate to evidence of illegal conduct by the Defendants after January 16, 2004, and reference to Plaintiff's diagnosis of Post Traumatic Stress Disorder.

Respectfully submitted,

s/Richard J. Stockham III
State Bar No.STO034
Attorney for the Plaintiff
Stockham, Carroll, & Smith P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL BRYAN KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:05-cv-01150-MHT-DRB |
| | ) |
| RICKY OWENS, et al. | ) |
| | ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**Counsel for Ricky Owens:**
Gary L. Willford, Jr.
Email: gwillford@webbeley.com
Kendrick E. Webb
Email: kwebb@webbeley.com

**Counsel for Wendy Roberson,
Terry Wilson, Al Bradley:**
Kristi A. Dowdy
Email: felalaw@bellsouth.net

                                                        s/Richard J. Stockham III
                                                        State Bar No.STO034
                                                        Attorney for the Plaintiff
                                                        Stockham, Carroll, & Smith P.C.
                                                        2204 Lakeshore Drive, Suite 114
                                                        Birmingham, Alabama 35209
                                                        Telephone (205) 879-9954
                                                        Fax: (205) 879-9990
                                                        E-Mail: rjs@stockhampc.com