Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

September 03, 2008

**Appeal Number: 08-10764-EE**
Case Style: Daniel Bryan Kelley v. Ricky Owens
District Court Number:  05-01150 CV-2-MHT-TFM

TO:   Debra P. Hackett

CC:   Gary L. Willford, Jr.

CC:   Kendrick Emerson Webb

CC:   Kristi Allen McDonald

CC:   Richard J. Stockham, III

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 03, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 08-10764-EE**
Case Style: Daniel Bryan Kelley v. Ricky Owens
District Court Number:  05-01150 CV-2-MHT-TFM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-10764

District Court Docket No.
05-01150-CV-2-MHT-TFM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug 4, 2008
THOMAS K. KAHN
CLERK

DANIEL BRYAN KELLEY,

    Plaintiff-Appellee,

versus

RICKY OWENS, individually and in his official
capacity as Sheriff of Coosa County,
AL BRADLEY, individually and in his official
capacity as Deputy Sheriff of Coosa County,
TERRY WILSON, individually and in his official
capacity as Deputy Sheriff of Coosa County,
WENDY ROBERSON, individually and in her official
capacity as Deputy Sheriff of Coosa County,

    Defendants-Appellants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeals from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
SEP 03 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    August 4, 2008
For the Court:    Thomas K. Kahn, Clerk
    By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 08-10764
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

---

D. C. Docket No. 05-01150-CV-2-MHT-TFM

DANIEL BRYAN KELLEY,

                                                              Plaintiff-Appellee,

versus

RICKY OWENS, individually and in his official
capacity as Sheriff of Coosa County,
AL BRADLEY, individually and in his official
capacity as Deputy Sheriff of Coosa County,
TERRY WILSON, individually and in his official
capacity as Deputy Sheriff of Coosa County,
WENDY ROBERSON, individually and in her official
capacity as Deputy Sheriff of Coosa County,

                                                              Defendants-Appellants.

---

Appeals from the United States District Court
for the Middle District of Alabama

---

**(August 4, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order denying defendants/appellants' motion for summary judgment based on qualified immunity. Plaintiff/Appellee Daniel Bryan Kelley ("Kelley") filed a complaint in the United States District Court for the Middle District of Alabama against defendants/appellants Ricky Owens, Terry Wilson, Al Bradley, and Wendy Roberson, alleging various violations of his constitutional rights based on the treatment he received during his incarceration in the Coosa County, Alabama, Jail between November 13, 2003, and January 16, 2004. In a memorandum opinion and order filed on February 1, 2008, the district court granted in part and denied in part the parties' motion for summary judgment. Specifically, the district court permitted Kelley to proceed with his conditions of confinement claims against Sheriff Owens and Sergeant Roberson, excessive force claim against Jailer Bradley, and failure to intervene claim against Administrator Wilson.

"A district court's denial of summary judgment based on qualified immunity is reviewed *de novo*, construing all facts and making all reasonable inferences in the light most favorable to the nonmoving party." *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005). "Generally, when there are [disputed] issues of fact

2

. . . qualified immunity must be denied because the court, at this stage of the proceedings, must view the facts most favorable to the plaintiff." *Travers v. Jones*, 323 F.3d 1294, 1296 (11th Cir. 2003).

In the present case, the district court found that the evidence presented a jury question as to whether defendants Owens and Roberson violated Kelley's constitutional rights when they punished him by confining him under unconstitutional conditions. Moreover, the district court concluded that the record evidence, if found to be true, would support a conclusion that Bradley violated Kelley's constitutional right to be free from the malicious use of force. Finally, the district court found that Wilson violated Kelley's constitutional rights when he failed to intervene and stop Bradley from injuring him.

After reviewing the record, and reading the parties' briefs, we agree with the district court's conclusion that issues of fact precluded a finding of summary judgment based on qualified immunity for the defendants.[1] Accordingly, we affirm the district court's order denying summary judgment to the defendants based on qualified immunity.

    AFFIRMED.

---

[1] The district court's denial of summary judgment based on the claim of qualified immunity because genuine issues of material fact existed is an immediately appealable order because "[t]he district court's determination that genuine issues of material fact preclude summary judgment is itself a conclusion of law." *McDaniel v. Woodard*, 886 F.2d 311, 313 (11th Cir. 1989).

3